UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THE NAUGHTYS LLC<br><br>          Plaintiff,<br><br>v.<br><br>DOES 1-580<br><br>          Defendants | Civil Action No. __4:21-cv-492__ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

The Naughtys LLC ("Plaintiff") files this Complaint for copyright infringement against Defendants, on personal knowledge as to Plaintiffs' own activities, and on information and belief as to the activities of others:

**The Parties**

1.  Plaintiff is a Texas Limited Liability Company with a principal place of business at 1307 Valley View Drive, Arlington, Texas 76010.

2.  The currently-known defendants identified in the attached Exhibit 1 ("Defendants" (Ex. 1 (Appx. 2-51))) are, on information and belief, individuals and unincorporated businesses residing in foreign jurisdictions.

3.  Defendants conduct illegal operations through interactive commercial webstores (the "Infringing Webstores") hosted on various e-commerce platforms, such as AliExpress, Amazon, DHgate, eBay, Walmart, and Wish. Each Defendant offers

1

its products for sale to consumers in the United States, including the State of Texas, and on information and belief has sold and continues to sell products that violate Plaintiff's intellectual property rights (the "Infringing Products") to consumers within the United States, including the State of Texas and Northern District of Texas. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4. Through their illegal operations on the Infringing Webstores, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing Products, and on information and belief, are doing so often as partners, co-conspirators, and/or suppliers.

5. On information and belief, Defendants are an interrelated group working in concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

6. Defendants conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal infringing operations. The true identities of many of these Defendants are presently unknown. If the identities of the now-unknown Defendants become known, Plaintiff will promptly amend this Complaint to identify them.

## Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

8. Each Defendant has, through one or more fully interactive commercial Internet websites, pursued sales from Texas residents by offering shipping to Texas (Ex. 2 at ¶ 12 (Appx. 54); Ex. 3 (Appx. 56-1989) and, on information and belief, has sold Infringing Products to residents of Texas. As such, personal jurisdiction is proper because each of the Defendants transacts business in the State of Texas, is committing infringing acts in Texas, and has wrongfully caused Plaintiff substantial injury in the State of Texas. Ex. 2 at ¶¶ 12-13 (Appx.54-55).

9. This Court also has personal jurisdiction over Defendants because Plaintiff's claims arise under federal law; the Defendants are, on information and belief, not subject to jurisdiction in any state's courts of general jurisdiction; and exercise of such jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2).[1] Personal jurisdiction is thus also proper pursuant to Fed. R. Civ. P. 4(k)(2) because each of the Defendants directs its activities at residents of the United States and the State of Texas and has wrongfully caused Plaintiff substantial injury in the State of Texas. Ex. 2 at ¶¶ 12-13 (Appx.54-55).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are entities or individuals subject to personal jurisdiction in this District,

---

[1] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("submission through contact with and activity directed at a sovereign may justify specific jurisdiction"). Specific jurisdiction only requires a defendant to have "minimum contacts" with the state, rather than the more rigorous "continuous and systematic" standard for general jurisdiction—the defendant need only purposefully direct its activities at residents of the forum, and the plaintiff's alleged injury must arise out of or relate to the defendant's contacts with the forum state. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014).

3

and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

11. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because defendants not residing in the United States may be sued in any judicial district.

## Background Facts

12. Plaintiff is engaged in the business of designing, manufacturing, distributing, and retailing Christmas ornaments throughout the world, including within the Northern District of Texas (collectively, Plaintiff's "Products") under the federally registered copyrights identified in Paragraph 11 below. Ex. 4 (Appx. 1990-1995). Defendants' advertising and sale of Infringing Products in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff. Ex. 2 at ¶ 13 (Appx. 54-55).

13. Plaintiff is the owner of all right, title, and interest in and to U.S. Copyright Registration No. VA 2-058-421 for the "Mr. Naughty Santa Claus" ornament, U.S. Copyright Registration No. VA 2-058-419 for the "Mrs. Naughty Santa Claus" ornament, U.S. Copyright Registration No. VA 2-237-579 for the "The Naughtys Covid Mr Santa Claus 3.2020" ornament, and U.S. Copyright Registration No. VA 2-237-338 for the "The Naughtys Covid Mrs Santa Claus 3.2020" ornament (collectively, the "Registrations"). Ex. 2 at ¶ 4 (Appx. 53); Ex. 4 (Appx. 1990-1995). A genuine and authentic copy of each of the foregoing U.S. federal copyright registration certificates are attached as Exhibit 4 (Appx. 1990-1995).

14. Plaintiff has been designing, manufacturing, and selling the Products for many years in interstate and foreign commerce, including commerce in the State of Texas and the Northern District of Texas. Ex. 2 at ¶ 5 (Appx. 53).

15. The Products have been widely promoted and sold both in the United States and throughout the world via the world-wide web, and consumers, potential consumers, and other members of the public associate Plaintiff's Products with exceptional materials, style, and workmanship. *Id.* at ¶¶ 5-6, 9 (Appx. 53-54).

16. Plaintiff maintains strict quality control standards for all of its Products, which are wholly manufactured and distributed by Plaintiff. *Id.* at ¶ 9 (Appx. 54). Plaintiff's Products are sold online via etsy.com/shop/TheNaughtys and thenaughtys.com (Plaintiff's "Websites"), which feature proprietary content, images, and designs exclusive to Plaintiff. *Id.*

17. Plaintiff has sold tens of thousands of units of its Products over the years to customers around the world, and Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting its Products. *Id.* at ¶ 5 (Appx. 53).

18. Plaintiff has never assigned or licensed its Registrations to any of the Defendants in this matter, and Plaintiff has never signed any licensing agreements with any third parties to manufacture, distribute, or otherwise use its Products. *Id.* at ¶ 9 (Appx. 54).

19. On information and belief, at all times relevant hereto, Defendants have had full knowledge of Plaintiff's ownership of the Products, including Plaintiff's exclusive

right to use and license such intellectual property and the goodwill associated therewith.

20. Plaintiff found the Infringing Products on the Infringing Webstores, which were designed to resemble authentic Products (Ex. 2 at ¶ 10 (Appx. 54)), as shown below:

 

        Plaintiff's Products                 Examples of the Infringing Products

21. Defendants, without authorization or license from Plaintiff, knowingly and willfully advertised, offered for sale, and sold, and on information and belief, continue to willfully advertise, offer for sale, and sell the Infringing Products, through, inter alia, the Internet. Ex. 3 (Appx. 56-1989).

22. The Infringing Products are not genuine Plaintiff Products. Ex. 2 at ¶¶ 9-10 (Appx. 54). Plaintiff did not manufacture, inspect, or package the Infringing Products and did not approve the Infringing Products for sale or distribution. *Id.*

23. Each Infringing Webstore offers shipping to the United States, including Texas, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Texas. *Id.* at ¶ 12 (Appx. 54).

24. On information and belief, Defendants will continue to register or acquire listings for the purpose of selling the Infringing Products and further products that will infringe on Plaintiff's Products unless preliminarily and permanently enjoined.

6

25. Plaintiff has no adequate remedy at law.

## COUNT ONE
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

26. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth here.

27. Plaintiff's Products are copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff is the exclusive owner of the Products.

28. Plaintiff is also the exclusive owner in and to the Registrations, which are valid and subsisting—such gives Plaintiff the exclusive right to use, copy, distribute, prepare derivative works based on the Products, and display the Products pursuant to § 106 of the Copyright Act without condition or limitation.

29. Through the Defendants' infringing conduct, including Defendants' willful reproduction, display, and distribution of the Infringing Products (Ex. 3 (Appx. 56-1989)), Defendants have directly infringed Plaintiff's exclusive rights in the Products under the Copyright Act.

30. On information and belief, the Defendants' infringing conduct was and continues to be willful and with full knowledge of Plaintiff's rights in the Products, and has enabled the Defendants to illegally obtain profit.

31. As a direct and proximate result of the Defendants' infringing conduct, Plaintiff has been harmed and is entitled to damages:

    a. Plaintiff is entitled to recovery of statutory damages against Defendants for Defendants' willful reproduction, display, preparation of derivative works, and distribution of the Infringing Products that resemble the Mr. and Mrs. Naughty Santa Claus Products. 17 U.S.C. § 504(c).

    b. Plaintiff is entitled to recovery of Defendants' profits attributable to Defendants' willful reproduction, display, and distribution of the Infringing Products that resemble the Covid Mr. and Mrs. Santa Claus Products. 17 U.S.C. § 504(b).

32. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has sustained and will continue to sustain substantial and irreparable injury, for which there is no adequate remedy at law. Unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to wrongfully infringe on Plaintiff's rights, and Plaintiff will continue to suffer irreparable harm and injury to its goodwill, reputation, and sales. Ex. 2 at ¶¶ 11-13 (Appx. 54-55). Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants in favor of Plaintiff as follows:

1. Declaring that each Defendants' reproduction, display, preparation of derivative works, sale, and distribution of the Infringing Products infringes Plaintiff's Registrations;

2. Declaring that each Defendant's conduct was knowing, intentional, and willful;

3. Permanently enjoining each Defendant and each Defendant's successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, from:

    a. advertising, displaying, distributing, selling, manufacturing, delivering, shipping, or enabling others to advertise, display, distribute, manufacture, deliver, ship, or sell any copies or derivative works based on Plaintiff's Products, other colorable imitations of Plaintiff's Products, or products that otherwise infringe on Plaintiff's copyright registrations or damage Plaintiff's goodwill;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

    c. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores or any other domain name that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products;

    d. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from

       AliExpress, Amazon, DHgate, eBay, Walmart, Wish, Alipay, PayPal, Payoneer, WorldFirst, and Western Union;

  e. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Infringing Products; and

  f. engaging in any other activity that infringes on Plaintiff's rights in any manner.

4. Ordering that all Infringing Products, as well as images of Plaintiff's Products and the Infringing Products in Defendants' reasonable control, be deleted or destroyed pursuant to 17 U.S.C. § 503(b);

5. Ordering Defendants to, within ten days after service of judgment with notice of entry thereof upon them, file with the Court and serve on Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

6. Directing an accounting to determine each Defendant's profits resulting from each Defendant's willful infringement of the Registrations relating to the Covid Mr. and Mrs. Santa Claus Products, and awarding Plaintiff disgorgement of all such profits and benefits pursuant to 17 U.S.C. § 504(b);

7. Awarding Plaintiff maximum statutory damages for each Defendant's willful infringement of the Registrations relating to the Mr. and Mrs. Naughty Santa Claus

Products in the amount of $150,000 per Registration infringed pursuant to 17 U.S.C § 504(c)(2);

8. That this Court enter an order pursuant to Fed. R. Civ. P. 65(d)(2)(C) that those in privity with Defendants and those with notice of the injunction, including ecommerce platform providers, such as AliExpress, Amazon, DHgate, eBay, Walmart, Wish, etc., and payment processors, such as Alipay, PayPal, Payoneer, WorldFirst, Western Union, or other bank accounts or payment processors used by the Defendants (each of the foregoing ecommerce platform providers and payment processors, a "Third Party Provider") shall within 3 business days of receipt of the corresponding order:

    a. Take all necessary steps to prevent any Defendant from accessing or withdrawing funds from any accounts through which the Defendants, in the past, currently, or in the future, engage in the sale of the Infringing Products, including, but not limited to, any accounts associated with the Defendants listed on the attached Exhibit 1 (Appx. 2-51); and

    b. take all necessary steps to prevent any Defendant from accessing or withdrawing funds from any accounts linked to the Defendants, linked to any email addresses used by the Defendants, or linked to any of the Infringing Webstores.

9. That this Court grant Plaintiff such other and further relief as it deems to be just and proper.

Dated: April 2, 2021

Respectfully submitted,

**Creedon PLLC**

By: */s/ Charles A. Wallace*
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
5 Cowboys Way, Suite 300
Frisco, TX 75034
Tel.    972.850.6864
Fax    972.920.3290
jhcreedon@creedonpllc.com
cwallace@creedonpllc.com

ATTORNEYS FOR PLAINTIFF
THE NAUGHTYS LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Charles A. Wallace*
Charles A. Wallace