UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THE NAUGHTYS LLC<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1-580<br><br>    Defendants | Civil Action No. 4:21-CV-00492-O |

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S REQUEST FOR CLERK TO ISSUE SUMMONS PURSUANT TO FED. R. CIV. P. 4(b)**

The Naughtys LLC ("Plaintiff") filed its Request for Clerk to Issue Summons Pursuant to Fed. R. Civ. P. 4(b) on April 27, 2021 (Plaintiff's "Request," Dkt. 14). The Court then directed Plaintiff to file a brief explaining (1) Plaintiff's legal authority to support Plaintiff's Request, and (2) how Plaintiff intends to identify the third-party marketplaces that Plaintiff listed in Exhibit 1 of Plaintiff's Request. Dkt. 15.

The clerk may issue a summons as requested because such is permissible under the Federal Rules of Civil Procedure, which specifically provide for service of process on multiple defendants within a single summons:

> On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

Fed. R. Civ. P. 4(b). The Advisory Committee Notes following Rule 4 further explain that "[i]f there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b), Advisory Committee Note, 1993 Amendments. *See also Bjornson v. Equifax Inc.*, No. 20-CV-5449 RJB, 2020 WL 4430999, at *1–2 (W.D. Wash. July 31, 2020) (recognizing that a plaintiff may secure issuance of a summons bearing the names of multiple defendants, that "fracturing the summons into multiple summonses would achieve no notice or service of process not already performed by Plaintiff[,]" and that such "would only waste the resources of the parties and the court").

Plaintiff filed the Request to both meet the intent of the Federal Rules of Civil Procedure, and to promote judicial efficiency. Although the defendants conduct their infringing operations anonymously online, each defendant in this case uses a "Seller Name," "ID," and "URL" (collectively, "Identifying Information") to advertise and sell infringing copies of Plaintiff's products. Dkt. 14-1. Plaintiff provided the Court with Identifying Information for each of the 580 Defendants (Dkt. 4-1; 7-1; 14-1), but was unable to include all of this information on the face of the Request itself due to insufficient space. Plaintiff therefore provided the Identifying Information via a separate attachment to allow the clerk to access the information necessary to issue the Summons pursuant to Fed. R. Civ. P. 4(b). Each of the defendants have been "effectively identified" under the reasoning of the Advisory Committee Notes following Rule 4, so Plaintiff respectfully submits that its Request is proper under Fed. R. Civ. P. 4(b), and would promote the efficient prosecution of this lawsuit.

Plaintiff served the Complaint (Dkt. 1, 4) and the *ex parte* Temporary Restraining Order with Asset Freeze and Other Equitable Relief (the "TRO," Dkt. 9) on the Third Party Providers (as

defined in the TRO, Dkt. 9 pg. 6) on April 5, 2021. Most of the Third Party Providers have since provided Plaintiff with the defendants' financial, sales, and contact data, but no further information has been obtainable aside from the Identifying Information Plaintiff has already provided the Court. The very nature of defendants' infringing operations are to market and sell infringing products anonymously on an international level, so any further information apart from the Identifying Information (such as personal names), is unlikely to be discoverable. Plaintiff therefore respectfully submits that it intends to rely on the Identifying Information, which includes business names, to effectively and accurately identify the defendants in this lawsuit.

For the above reasons, Plaintiff respectfully requests that the clerk issue the Summons provided in the Request (Dkt. 14) pursuant to Fed. R. Civ. P. 4(b).

Dated: April 28, 2021

Respectfully submitted,

**CREEDON PLLC**

By: */s/ Charles A. Wallace*
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel.   972.850.6864
Fax   972.920.3290
jhcreedon@creedonpllc.com
cwallace@creedonpllc.com

ATTORNEYS FOR PLAINTIFF
THE NAUGHTYS LLC

### CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Charles A. Wallace*
Charles A. Wallace