**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| THE NAUGHTYS LLC | |
|      Plaintiff, | |
| v. | Civil Action No. 4:21-CV-00492-O |
| DOES 1-580 | |
|      Defendants | |

**PLAINTIFF'S MOTION FOR, AND MEMORANDUM**
**IN SUPPORT OF, PRELIMINARY INJUNCTION**

## Table of Contents

**I.** Introduction..........................................................................................................6

**II.** Procedural Background....................................................................................7

**III.** Statement of Facts........................................................................................8

**IV.** Argument.......................................................................................................9

    **A.** Standard for Preliminary Injunction...........................................................10

        **i.** Plaintiff Will Likely Succeed on Its Copyright Infringement Claims..................10

        **ii.** There is a Substantial Threat That Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Injunctive Relief...........................................................12

        **iii.** The Balance of Harm Tips In Plaintiff's Favor..............................................13

        **iv.** Issuance of the Injunction Is In the Public Interest........................................13

    **B.** The Equitable Relief Sought is Appropriate................................................14

        **i.** An Order Preliminarily Enjoining Defendants' Unauthorized and Illegal Sale of the Infringing Products is Appropriate..............................................................14

        **ii.** An Order Preventing the Fraudulent Transfer of Assets Is Appropriate............15

**V.** Security Pursuant to Federal Rule of Civil Procedure 65(c)....................18

**VI.** Conclusion....................................................................................................20

**Table of Authorities**

CASES

*Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707 (5th Cir. 2007)..............................16

*Chanel, Inc. v. Zhixian*, No. 0:10-cv-60585-JIC (S.D. Fla. Apr. 21, 2010)....................................19

*Coach, Inc., et al. v. Does 1- 100,* No. 1:12-cv-8963 (N.D. Ill. Nov. 15, 2012)............................17

*Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300 (5th Cir. 1978)..............................18

*CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002).........................................................17

*Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184
(5th Cir.1979)...................................................................................................................................12

*Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579 (5th Cir. 2013)......10

*Deckert v. Indep. Shares Corp.*, 311 U.S. 282 (1940).......................................................16, 17, 18

*Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2019 WL 3219939
(E.D. Tex. July 17, 2019)................................................................................................................19

*Farouk Sys., Inc. v. Eyou Int'l Trading Co., Ltd.*, No. 4:10-cv-02672
(S.D. Tex. Aug. 2, 2010)............................................................................................................17, 19

*Gen. Univ. Sys., Inc. v. Lee,* 379 F.3d 131 (5th Cir. 2004)............................................................11

*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999)......................17

*Gucci Am., Inc. v. Curveal Fashion*, No. 1:09-cv-08458-RJS-THK
(S.D.N.Y. Oct. 9, 2009)...................................................................................................................19

*Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453 (7th Cir. 2010).........................................19

*In re Focus Media Inc.,* 387 F.3d 1077 (9th Cir. 2004)..................................................................17

*Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602 (5th Cir. 2008)...........................................10

*Kennedy Bldg. Assocs. v. CBS Corp.,* 476 F.3d 530 (8th Cir. 2007)............................................17

*Lakedreams v. Taylor,* 932 F.2d 1103 (5th Cir.1991)..............................................................10, 13

*Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982 (11th Cir. 1995)............................17

*Live Nation Motor Sports, Inc. v. Davis*, No. CIVA 3"06CV276L, 2006 WL 3616983
(N.D. Tex. Dec. 12, 2006)..............................................................................................13

*Lyrick Studios, Inc. v. Big Idea Prods., Inc*., No. CIV.A. 302CV0034-M,
2002 WL 32157203 (N.D. Tex. Apr. 19, 2002).............................................................14

*McCaleb v. Fox Film Corp*., 299 F. 48 (5th Cir. 1924)..................................................18

*MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g*, No. CIV.A.4:04-CV-445-Y,
2004 WL 2187143 (N.D. Tex. Sept. 28, 2004)...................................................10, 12

*Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618 (5th Cir. 1985).......................10

*Olan Mills, Inc. v. Eckerd Drug of Tex., Inc*., 1988 WL 161314 (N.D.Tex.1998)............12, 13, 14

*Reebok Int'l Ltd. v. Marnatech Enterprises, Inc*., 737 F. Supp. 1521 (S.D. Cal. 1989)................18

*Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc*., 970 F.2d 552 (9th Cir. 1992)..........................17

*Republic of the Philippines v. Marcos*, 862 F.2d 1355 (9th Cir. 1988).........................................17

*Rohm & Haas Co. v. Cumberland Chem. Corp*., No. H-82-1241, 1983 WL 52378
(S.D. Tex. Jan. 21, 1983)................................................................................................19

*SEC v. ETS Payphones, Inc.,* 408 F.3d 727 (11th Cir.2005)........................................................17

*TGI Friday's Inc. v. Great Nw. Restaurants, Inc*., 652 F. Supp. 2d 763 (N.D. Tex. 2009)............10

*The Nat'l Football League v. Chen*, No. 1:11-cv-00344-WHP
(S.D.N.Y. Jan. 31, 2011)................................................................................................19

*The North Face Apparel Corp., et al. v. Fujian Sharing Import Export Ltd. Co*., et al.,
No. 1:10-cv-01630-AKH (S.D.N.Y. Mar. 16, 2010)....................................................17

*Tory Burch LLC v. Does 1-100*, No. 1:12-cv-07163 (N.D. Ill. Sept. 14, 2012)............................17

*True Religion Apparel, Inc., v. Xiaokang Lee*, No. 1:11-cv-08242-HB
(S.D.N.Y. Nov. 18, 2011)...............................................................................................19

*United States v. First Nat. City Bank*, 379 U.S. 378 (1965).........................................................16

*United States ex rel Rahman v. Oncology Assocs., P.C.,* 198 F.3d 489 (4th Cir. 1999)................17

*Worlds of Wonder, Inc. v. Veritel Learning Sys., Inc*., 658 F. Supp. 351
(N.D. Tex. 1986)....................................................................................................12, 13

**STATUTES**

17 U.S.C. § 106 ................................................................................................... 14

17 U.S.C. § 502(a) ........................................................................................ 14, 15

17 U.S.C. § 504(b) ............................................................................................. 16

28 U.S.C. § 1331 .................................................................................................. 9

28 U.S.C. § 1338 .................................................................................................. 9

Fed. R. Civ. P. 65(b)(3) .................................................................................. 7, 20

Fed. R. Civ. P. 65(c) .......................................................................................... 18

Fed. R. Civ. P. 65(d)(2)(C) ........................................................................... 14, 17

## MOTION

The Naughtys LLC ("Plaintiff") seeks entry of a Preliminary Injunction on the above-captioned action arising under the Copyright Act, 17 U.S.C. § 101 *et seq*. A Memorandum of Law in support is filed concurrently with this Motion below.

## MEMORANDUM OF LAW

### I.   Introduction

As alleged in the Complaint, Defendants identified in the attached Exhibit 1 (Appx. 2-51) are promoting, advertising, marketing, distributing, offering for sale, and selling infringing products (the "Infringing Products") through various e-commerce platforms, such as AliExpress, Amazon, DHgate, eBay, Walmart, and Wish (the "Infringing Webstores"). Plaintiff's genuine Products (Plaintiff's "Products") are subject to federal copyright protection by virtue of U.S. Copyright Office Registration Numbers VA 2-058-421, VA 2-058-419, VA 2-237-579, and VA 2-237-338.

Defendants deceive the public by trading on Plaintiff's reputation and goodwill and using the Infringing Webstores to sell unlicensed Infringing Products. Ex. 2 at ¶ 10 (Appx. 54); Ex. 3 (Appx. 56-1989). Defendants direct these unlawful business activities toward consumers in Texas and in the Northern District of Texas (Ex. 2 at ¶ 12 (Appx. 54)), and have caused and will continue to cause irreparable injury to Plaintiff if not enjoined. Plaintiff is thus forced to file this action to combat Defendants' illegal infringement of Plaintiff's Products, as well as to protect unknowing consumers from purchasing the low-quality Infringing Products over the Internet.

Defendants should not be permitted to continue their unlawful activities, and Plaintiff respectfully requests that this Court issue a preliminary injunction against Defendants preliminarily enjoining the manufacture, importation, distribution, offer for sale, and sale of the Infringing Products; preliminarily disabling the pages featuring the Infringing Products on the

Infringing Webstores; and preliminarily restricting transfer of Defendants' assets pending the issuance of a final judgment in this matter to preserve Plaintiff's rights to an equitable accounting.

## II.  Procedural Background

Plaintiff brought this action against Defendants identified in the attached Exhibit 1 (Appx. 2-51) and on Exhibit 1 of the Complaint (collectively, the "Defendants") for federal copyright infringement on April 2, 2020. Dkt. 1. Plaintiff concurrently filed its *ex parte* Motion for entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process by Email (Dkt. 6), which the Court granted in its entirety that same day (the "TRO," Dkt. 9). The TRO established, among other things, that there was good cause for ordering the equitable relief requested by Plaintiff (Dkt. 9 pg. 4); that Defendants were temporarily enjoined from operating the Infringing Webstores and selling the Infringing Products (*Id.* at 4-5); that Plaintiff could immediately commence discovery (*Id.* at 5); that Defendants' "money, stocks, or other assets" were to be restrained "until further ordered by this Court[,]" (*Id.* at 7); and that notice and service of process on Defendants may be provided by Plaintiff via email, or via notice provided by the e-commerce sites that hosted the Infringing Webstores, which the Court found was "reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections" (*Id.*).

Plaintiff served the Complaint and the TRO on the Third Party Providers (as defined in the TRO, Dkt. 9 pg. 6) on the next business day—April 5, 2021. The Court then extended the TRO to last until 12:00 a.m. on May 1, 2021 (Dkt. 13) because many of the Third Party Providers had not yet complied with the TRO. Plaintiff now files this Motion for Preliminary Injunction, and as this Court issued the TRO *ex parte*, Plaintiff respectfully requests a hearing to show cause "at the earliest possible time" pursuant to Federal Rule of Civil Procedure 65(b)(3), and as discussed in the TRO (Dkt. 9 pg. 8).

### III. Statement of Facts

Plaintiff is a United States-based manufacturer of Christmas ornaments. Ex. 2 at ¶ 5 (Appx. 53). Plaintiff is the owner of all right, title, and interest in and to U.S. Copyright Registration No. VA 2-058-421 for the "Mr. Naughty Santa Claus" ornament, U.S. Copyright Registration No. VA 2-058-419 for the "Mrs. Naughty Santa Claus" ornament, U.S. Copyright Registration No. VA 2-237-579 for the "The Naughtys Covid Mr Santa Claus 3.2020" ornament, and U.S. Copyright Registration No. VA 2-237-338 for the "The Naughtys Covid Mrs Santa Claus 3.2020" ornament (collectively, the "Registrations"). Ex. 2 at ¶ 4 (Appx. 52-53); *see also* the attached Exhibit 4, The Naughtys' Copyright Certificates of Registration (Appx. 1990-1993). Plaintiff has expended considerable resources advertising, marketing, and promoting its Products, and these efforts have resulted in substantial sales of Plaintiff's Products, as well as accumulation of invaluable consumer goodwill. Ex. 2 at ¶¶ 5-6 (Appx. 53).

After noticing that the Infringing Products were being advertised for sale on the Infringing Webstores, Plaintiff confirmed the prices at which the Infringing Products were being offered for sale, that the Infringing Products were being offered for sale to residents of the United States and the State of Texas, and that Defendants and the Infringing Webstores do not conduct business with Plaintiff and do not have the right or authority to promote, advertise, market, distribute, offer for sale, sell, or otherwise use Plaintiff's Products for any reason. *Id.* at ¶¶ 10-12 (Appx. 54).

Plaintiff's goodwill and reputation are irreparably damaged when Infringing Products are sold that are not authorized, produced, or manufactured by Plaintiff—this leads to brand confidence being damaged and results in loss of future sales and market share. Defendants' illegal sale of the Infringing Products further irreparably harms Plaintiff because infringers like Defendants take away Plaintiff's ability to control the nature and quality of any Infringing Products. *Id.* at ¶¶ 9, 12-13 (Appx. 53-54). Monetary damages therefore cannot adequately

compensate Plaintiff for Defendants' ongoing infringement because loss of quality control over Infringing Products and loss of control over Plaintiff's reputation is neither calculable nor precisely compensable. On information and belief, given the online nature of Defendants' commercial activity, the extent to which Defendants have engaged in unlawful tactics and the resulting instances of copyright infringement to promote the sale of Infringing Products is substantial.

## IV. Argument

Defendants' willfully infringing conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation and its Products' goodwill. Plaintiff thus respectfully requests that this Court issue a preliminary injunction ordering, among other things, the freezing of Defendants' assets and use of the Infringing Webstore pages displaying the Infringing Products. Without the relief requested, Defendants' infringing activities will continue unabated, and Plaintiff will continue to suffer irreparable harm.

Defendants operate the Infringing Webstores from foreign jurisdictions using fictitious names, and they do not publicly provide their mailing or physical contact addresses. Ex. 2 at ¶ 14 (Appx. 54). Defendants' true identities are therefore unknown, and Defendants are unable to be found. Further, in the absence of a preliminary injunction, Defendants can and likely will modify content, change hosts, and move any assets from their accounts, including from AliExpress, Amazon, DHgate, eBay, Walmart, and Wish, Internet bank accounts, and payment system accounts. Plaintiff is also likely to suffer irreparable damage to its reputation, goodwill, and business in the absence of preliminary injunctive relief.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. As stated in the Original Complaint, each Defendant has, through one or more fully interactive commercial Internet websites, pursued sales from Texas residents by offering shipping to Texas (Ex. 2 at ¶ 12

(Appx. 54); Ex. 3 (Appx. 56-1989)) and, on information and belief, has sold and continues to sell Infringing Products to consumers within the State of Texas. Without the benefit of an evidentiary hearing, Plaintiff bears only the burden of making a prima facie case for personal jurisdiction—all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008).

## A.  Standard for Preliminary Injunction

A preliminary injunction is appropriate if the plaintiff establishes (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in the plaintiff's favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *See Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.,* 710 F.3d 579, 582 (5th Cir. 2013). "The decision whether to grant a preliminary injunction is within the discretion of the court[.]" *TGI Friday's Inc. v. Great Nw. Restaurants, Inc.,* 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009) (citing *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). This Court already found in the TRO that Plaintiff has met these elements:

> Plaintiff has shown a substantial likelihood of success on the merits . . . that it is likely to suffer irreparable harm if [injunctive relief] is not granted . . . the probable harm to the Plaintiff, if relief is not granted, outweighs the likely hardship that may result to the Defendants . . . [and] this order is not adverse to the public interest.

Dkt. 9 pg. 3. Plaintiff further provides its assessment as to why these elements are met below.

### i.  Plaintiff Will Likely Succeed on Its Copyright Infringement Claims

"A plaintiff is likely to succeed on a claim for copyright infringement if the plaintiff can establish: (1) ownership in a valid copyright and (2) copying by the defendant." *MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g*, No. CIV.A.4:04-CV-445-Y, 2004 WL 2187143, at *1 (N.D. Tex. Sept. 28, 2004); *see also Lakedreams v. Taylor,* 932 F.2d 1103, 1007-08 (5th Cir.1991) ("To

establish 'ownership,' the plaintiff must prove that the material is original, that it can be copyrighted, and that [the plaintiff] has complied with statutory formalities"). There are two ways to prove copying: (1) with proof of direct evidence of copying or (2) through circumstantial evidence demonstrating that the defendant had access to the copyrighted work and that the two works are "probatively" similar. *Gen. Univ. Sys., Inc. v. Lee,* 379 F.3d 131, 141-142 (5th Cir. 2004). Access need not be shown in some cases where "the two works are so strikingly similar as to preclude the possibility of independent creation." *Id.* at 142.

Plaintiff's Products are wholly original to Plaintiff, who has not granted any rights or licenses in the Products to any third party. Ex. 2 at ¶ 9 (Appx. 53-54). The Products are thus "original" to Plaintiff. Plaintiff's ownership of the Registrations further establishes that the U.S. Copyright Office has attested to the validity of the Registrations, the facts stated in the corresponding certificates, and that Plaintiff is the rightful owner of the Registrations. *See Gen. Universal Sys., Inc.*, 379 F.3d at 141. Plaintiff has sold tens of thousands of its Products online over the past 13 years (Ex. 2 at ¶ 5 (Appx. 53)), which establishes circumstantially that Defendants had access to the Products. Further, in viewing the Products and Infringing Products side-by-side, a layman would undoubtedly view these works as not only probatively similar, but substantially similar:




Plaintiff's Products                    Examples of the Infringing Products

It is plain to see that there is no possibility that Defendants independently created the Infringing Products, as the Infringing Products are "so strikingly similar," and in fact, identical, to Plaintiff's Products. Through Defendants' infringing conduct, including Defendants' willful and unauthorized reproduction, display, and distribution of the Infringing Products, Defendants have directly infringed Plaintiff's exclusive rights in the Products under the Copyright Act. For all of the above reasons and those stated in the Original Complaint, Plaintiff is therefore likely to succeed on the merits of its copyright infringement claims against Defendants.

### ii. There is a Substantial Threat That Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Injunctive Relief

Courts in the Fifth Circuit have found that "[w]hen a plaintiff seeks an injunction under the Copyright Act, the plaintiff establishes a rebuttable presumption of irreparable harm when the plaintiff shows that a valid copyright has been infringed." *MGE UPS Sys., Inc.*, 2004 WL 2187143, at *2 (citing *Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir.1979) and *Olan Mills, Inc. v. Eckerd Drug of Tex., Inc.*, 1988 WL 161314, at *2 (N.D.Tex.1998)); *see also Worlds of Wonder, Inc. v. Veritel Learning Sys., Inc.*, 658 F. Supp. 351, 356 (N.D. Tex. 1986) (holding that "[a] showing of a reasonable likelihood of success on the merits of a copyright infringement claim raises a presumption of irreparable harm"). Further, where a plaintiff proves a substantial likelihood of success on the merits of a copyright infringement claim, "a preliminary injunction should not be denied simply because plaintiffs can recover monetary damages[.]" *Olan Mills, Inc.*, 1988 WL 161314, at *2.

Defendants' unauthorized sale of Infringing Products has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Ex. 2 at ¶ 13 (Appx. 54). The extent of harm to Plaintiff's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are

both irreparable and incalculable, thus warranting an immediate halt to Defendants' infringing activities through preliminary injunctive relief. Further, Plaintiff has established a rebuttable presumption of irreparable harm by virtue of its showing that Defendants have infringed its valid Registrations. Plaintiff is thus entitled to preliminary relief under the "irreparable harm" factor.

### iii.  The Balance of Harm Tips In Plaintiff's Favor

Courts in this Circuit have found that the balance of hardships weighs in a plaintiff's favor when the defendant is infringing the plaintiff's copyright. *See, e.g., Olan Mills, Inc*., 1988 WL 161314, at *3 (finding that the defendant's infringing conduct resulted in the loss of a primary source of the plaintiff's income, and that the defendant will suffer minimal hardship if enjoined from further infringing on the plaintiff's copyright); *see also Worlds of Wonder, Inc.,* 658 F. Supp. at 357 (finding that even if an infringing defendant could establish that an "injunction would have a devastating effect on its business," the court should not permit an infringer to construct its business around its infringement and deny preliminary injunctive relief).

Plaintiff is entitled to protect the integrity of its intellectual property and its Products, and it continues to suffer hardship as long as Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling the Infringing Products. As willful infringers, Defendants are entitled to little equitable consideration, for the only hardship Defendants would face would be to simply cease their infringing conduct. Thus, the balance of equities tips decisively in Plaintiff's favor, and equity requires Defendants to be ordered to cease their infringing conduct.

### iv.  Issuance of the Injunction Is In the Public Interest

There is a public interest in preserving rights provided by federal copyright law. *Lakedreams v. Taylor*, 932 F.2d at 1110; *Live Nation Motor Sports, Inc. v. Davis*, No. CIVA 3"06CV276L, 2006 WL 3616983, at *5 (N.D. Tex. Dec. 12, 2006) ("The public expects laws passed by Congress to be enforced. The court believes it serves the public interest to enforce

the Copyright Act, which, in this case, necessitates a preliminary injunction"); *Lyrick Studios, Inc. v. Big Idea Prods., Inc*., No. CIV.A. 302CV0034-M, 2002 WL 32157203, at *2 (N.D. Tex. Apr. 19, 2002) ("the public interest will be served by preserving rights protected by the federal Copyright Act"); *Olan Mills, Inc.*, 1988 WL 161314, at *3 ("an injunction will in fact serve the public interest by protecting copyrights created by Congress"). The public interest factor thus also weighs in favor of an injunction because the public interest—and the Copyright Act itself— would be undermined if Defendants' infringing conduct is allowed to stand. Preliminarily enjoining Defendants will therefore actually *advance* the public interest by protecting copyrighted works and maintaining the integrity of the Copyright Act.

## B.  The Equitable Relief Sought is Appropriate

The Copyright Act specifically authorizes the Court to "grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "[P]reliminary injunctions are a common judicial response to the imminent infringement of an apparently valid copyright." *Olan Mills, Inc.*, 1988 WL 161314, at *2. Indeed, "[p]reliminary injunctions are a more common remedy in copyright infringement cases because the core value of the rights afforded by the Copyright Act is that they are 'exclusive.'" *Id.* (citing 17 U.S.C. § 106). Fed. R. Civ. P. 65(d)(2)(C) also authorizes this Court to bind any third parties "who are in active concert or participation" with Defendants, or with Defendants' agents and are given actual notice of the order—in this case, this includes the relevant e-commerce platforms, payment processors, and financial institutions connected with Defendants. The facts in this case warrant such relief.

### i.  An Order Preliminarily Enjoining Defendants' Unauthorized and Illegal Sale of the Infringing Products is Appropriate

Plaintiff requests a preliminary order requiring Defendants to immediately cease all sale of Infringing Products on or in connection with all Defendant websites and Infringing Webstores. The Copyright Act specifically provides that "[a]ny court having jurisdiction of a civil action

14

arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In light of the extensive evidence of Defendants' acts of infringement, and the likelihood that parties like these Defendants will destroy or hide evidence to avoid liability, Plaintiff respectfully requests that this Court issue an order preliminarily restraining Defendants from further use of the Infringing Products pursuant to Fed. R. Civ. P. 65 and 17 U.S.C. § 502.

As discussed above, such relief is necessary to stop the ongoing harm to Plaintiff's Products and goodwill, and to prevent Defendants from continuing to benefit from their illegal sale of the Infringing Products. The need for preliminary injunctive relief is magnified in today's global economy where infringers can operate on an international scale and anonymously over the Internet, for Plaintiff has only been able to discover the true identities and locations of Defendants. Ex. 2 at ¶¶ 14-15 (Appx. 54-55). If preliminary injunctive relief is granted, any inconvenience or confusion experienced by users trying to locate Plaintiff's Products will be minimized, Plaintiff will be able to control the sale of its Products, and Plaintiff will benefit from ownership of its valid and valuable Registrations. A preliminary injunction enjoining Defendants' unauthorized and illegal sale of the Infringing Products is therefore appropriate and necessary to preserve both the integrity of Plaintiff's business, as well as that of the Copyright Act itself.

## ii. An Order Preventing the Fraudulent Transfer of Assets Is Appropriate

Plaintiff will ultimately be entitled to an equitable accounting of Defendants' profits from sales of the Infringing Products. Plaintiff thus additionally respectfully requests a preliminary injunction restraining Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of Infringing Products is not impaired. Specifically, on information and belief, Defendants hold most of their assets in China (*Id.* at ¶ 14 (Appx. 45)), making it easy to hide or dispose of assets if preliminary injunctive relief is not ordered, which would render an

accounting by Plaintiff futile. An asset restraining order limiting the transfer of Defendants' assets is therefore critical to maintain the status quo and preserve Plaintiffs' right to an equitable accounting. In addition, the amount of damages to which Plaintiff is entitled as set forth in the Complaint far exceeds any amount likely contained in any of Defendants' merchant accounts or other U.S. financial accounts. For example, Plaintiff's prayer for relief requests damages in excess of $300,000 from each Defendant. In collecting such a judgment, Plaintiff would be entitled to a greater portion of Defendants' finances—not just those monies attributable to sales of the Infringing Products.

The Fifth Circuit and the Supreme Court have authorized pre-judgment asset restraints in cases where the plaintiff requests preliminary relief. *See, e.g., United States v. First Nat. City Bank*, 379 U.S. 378, 385 (1965) (the temporary injunction issued by the district court was appropriate to prevent dissipation of assets); *see also Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 290 (1940) (a district court has sufficient equitable powers to preliminarily freeze a defendant's assets in suits sounding in equity, and such an injunction "was a reasonable measure to preserve the status quo pending final determination"); *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007) (an accounting of lost profits under the Lanham Act is "subject to the principles of equity[;]" and the district court was thus authorized to preserve the status quo by freezing the assets in question). The Copyright Act also authorizes as accounting of lost profits pursuant to 17 U.S.C. § 504(b), which Plaintiff requests as part of its claimed damages. This Court should therefore preserve the status quo and issue preliminary injunctive relief by freezing Defendants' assets—thereby preventing them from being withdrawn and relocated to avoid satisfaction of a judgment.

The Supreme Court has noted that when equitable claims are at issue, as opposed to solely legal claims for damages, the rule barring issuance of a preliminary injunction freezing assets is

inapplicable. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc*., 527 U.S. 308, 324–325 (1999) (distinguishing *Deckert*, because the *Grupo Mexicano* plaintiff had not sought equitable relief). Various Circuits have discussed that courts may restrain assets in cases where equitable relief is sought.[1] The *CSC Holdings* court even granted an asset freeze on the defendants pending final disposition of the case because "the assets in question were profits [defendants] made by unlawfully stealing [plaintiff's] services." *CSC Holdings, Inc*., 309 F.3d at 996.

Courts regularly issue asset restraining orders for entire financial accounts in cases involving the sale of infringing merchandise. *Farouk Sys., Inc. v. Eyou Int'l Trading Co., Ltd*., No. 4:10-cv-02672 (S.D. Tex. Aug. 2, 2010); *Coach, Inc., et al. v. Does 1- 100*, No. 1:12-cv-8963 (N.D. Ill. Nov. 15, 2012); *Tory Burch LLC v. Does 1-100*, No. 1:12-cv-07163 (N.D. Ill. Sept. 14, 2012); *The North Face Apparel Corp., et al. v. Fujian Sharing Import Export Ltd. Co*., et al., No. 1:10-cv-01630-AKH (S.D.N.Y. Mar. 16, 2010). Moreover, the Federal Rules of Civil Procedure give this Court the power to bind any third parties who are in active concert with Defendants that are given notice of an order freezing Defendants' assets. Fed. R. Civ. P. 65(d)(2)(C).

Although Plaintiff seeks the legal remedy of damages for Defendants' infringing conduct,

---

[1] *See, e.g., Kennedy Bldg. Assocs. v. CBS Corp.*, 476 F.3d 530, 535 (8th Cir. 2007) (distinguishing *Grupo Mexicano* because "the underlying relief sought is equitable, rather than legal, so our case involves the use of equity in support of equity, rather than equity in support of a legal remedy"); *see also SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734 (11th Cir.2005) ("*Grupo Mexicano* does not control the outcome of this case, because the SEC seeks equitable relief (disgorgment) [sic], not just money damages"); *In re Focus Media Inc.*, 387 F.3d 1077, 1085 (9th Cir. 2004) (*Grupo Mexicano* . . . exempts from its proscription . . . cases in which equitable relief is sought"); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (the *Grupo Mexicano* "decision held that a district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed . . . [h]owever, the court specifically noted that a restraint on assets was still proper if a suit sought equitable relief"); *United States ex rel Rahman v. Oncology Assocs., P.C.*, 198 F.3d 489, 496–497 (4th Cir. 1999) (holding that *Deckert* still authorizes a district court to preliminarily freeze assets in a case involving equitable claims); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc*., 51 F.3d 982, 987 (11th Cir. 1995) ("A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief"); *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc*., 970 F.2d 552, 559-560 (9th Cir. 1992) (the district court was authorized to grant plaintiff an accounting of defendant's profits and "had the inherent power to freeze [defendant's] assets in order to ensure the availability of that final relief . . . '[t]he injunction here enjoins the defendants from secreting those assets necessary to preserve the possibility of equitable relief'"); *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1364 (9th Cir. 1988) ("A court has the power to issue a preliminary injunction to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies").

Plaintiff also seeks equitable relief in the form of an accounting of lost profits, an injunction restraining further infringing conduct, and an injunction freezing and transferring illegally-obtained assets to Plaintiff. As such, this action primarily concerns equitable relief. *See McCaleb v. Fox Film Corp.*, 299 F. 48, 50 (5th Cir. 1924) (in a copyright case, although damages for infringement is a legal remedy, an accounting and injunctive relief are considered "equitable remedies"). Thus, as Plaintiff seeks an accounting of lost profits and injunctive relief, this Court should preserve the status quo by following *Deckert* and ordering an asset freeze on each Defendant's merchant and bank accounts.

Furthermore, as set forth above, Plaintiff has shown that it is likely to succeed on the merits of its claims, that it will suffer irreparable injury from Defendants' sale of the Infringing Products, and that Defendants are likely to hide their assets. In light of the fact that Defendants trade in infringing goods, it is reasonable to believe that Defendants will quickly withdraw monies subject to an equitable accounting to locations which neither Plaintiffs nor this Court will ever discover. *See Reebok Int'l Ltd. v. Marnatech Enterprises, Inc.*, 737 F. Supp. 1521, 1527 (S.D. Cal. 1989), *aff'd*, 970 F.2d 552 (9th Cir. 1992) ("Due to the international aspect of the defendants' business, the Court is concerned that unless the assets are frozen, defendants may hide their allegedly ill-gotten funds"). An asset restraining order limiting the transfer of Defendants' assets is thus critical to maintain the status quo and preserve Plaintiffs' right to an equitable accounting.

## V.  Security Pursuant to Federal Rule of Civil Procedure 65(c)

Under Fed. R. Civ. P. 65, the party seeking a preliminary injunction must "give[ ] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Fifth Circuit has held that the security amount imposed is in the court's discretion, and that the "proper" amount of security may be zero. *See Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302–03

(5th Cir. 1978) ("The amount of security required is a matter for the discretion of the trial court; it may elect to require no security at all"); *see also Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2019 WL 3219939, at *11 (E.D. Tex. July 17, 2019) (there is no evidence that the defendant will suffer any harm from the issuance of an injunction); *Rohm & Haas Co. v. Cumberland Chem. Corp.*, No. H-82-1241, 1983 WL 52378, at *6 (S.D. Tex. Jan. 21, 1983) (the parties were able "to respond to potential damages in the event th[e] injunction is ultimately overturned"). The evidence submitted in the Original Complaint and in this Motion makes clear that Defendants willfully infringed on Plaintiff's Registrations, and as stated above, the only harm Defendants will face from issuance of the injunctive relief requested will be directly linked to Defendants' infringing conduct. Furthermore, Plaintiff already provided this Court with the security amount ordered by this Court in the TRO (Dkt. 9 pg. 4), and not a single Defendant has appeared to-date—nearly a month after the Court issued the TRO—denying infringement of Plaintiff's Registrations. Plaintiff thus respectfully requests that this Court, in issuing the preliminary injunctive relief herein requested, exercise its discretion to require no security from Plaintiff.

In the alternative, should this Court decide, in its discretion, to require Plaintiff to post additional security, due to the strong and unequivocal evidence of Defendants' infringement, Plaintiff respectfully requests that this Court require Plaintiff to again post a bond of no more than $1,000.[2]

---

[2] *See also Farouk Sys., Inc.*, No. 4:10-cv-02672 ($10,000 bond); *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 459 (7th Cir. 2010) ($10,000 bond); *True Religion Apparel, Inc., v. Xiaokang Lee*, No. 1:11-cv-08242-HB (S.D.N.Y. Nov. 18, 2011) ($10,000 bond); *The Nat'l Football League v. Chen*, No. 1:11-cv-00344-WHP (S.D.N.Y. Jan. 31, 2011) ($10,000 bond); *Chanel, Inc. v. Zhixian*, No. 0:10-cv-60585-JIC (S.D. Fla. Apr. 21, 2010) ($10,000 bond); *Gucci Am., Inc. v. Curveal Fashion*, No. 1:09-cv-08458-RJS-THK (S.D.N.Y. Oct. 9, 2009) ($10,000 bond).

## VI. Conclusion

Plaintiff has expended significant time, energy, finances, and other resources to create its one-of-a-kind Products—to this end, Plaintiff procured copyright registrations in its Products so that it could protect its valuable intellectual property rights. Defendants nonetheless are illegally benefitting from Plaintiff's work product, and unless preliminarily enjoined as herein requested, Defendants will continue to irreparably harm Plaintiff's hard-earned business. Therefore, entry of preliminary injunctive relief is necessary to protect Plaintiff's Registrations and the integrity of the Copyright Act, and to prevent further irreparable harm to Plaintiff and to the consuming public. In view of the foregoing, Plaintiff respectfully requests that this Court enter a preliminary injunction in the form submitted herewith after a hearing to show cause pursuant to Federal Rule of Civil Procedure 65(b)(3) and as discussed in the TRO (Dkt. 9 pg. 8).

Dated: April 29, 2021

Respectfully submitted,

**CREEDON PLLC**

By: */s/ Charles A. Wallace*
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel.    972.850.6864
Fax     972.920.3290
jhcreedon@creedonpllc.com
cwallace@creedonpllc.com

ATTORNEYS FOR PLAINTIFF
THE NAUGHTYS LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2021, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record. I further certify that on April 29, 2021, I emailed each known counsel representing Defendants at the following email addresses:

- Bonnie Li - bli@bonnielilaw.com
- Charles McElvenny - cmcelvenny@fordbanister.com
- Chris Keleher - ckeleher@appellatelawgroup.com
- Ford Banister - ford@fordbanister.com
- Frank Niu - niu@mainleaf-law.com
- Jeffrey Firestone - lawyereight@icloud.com
- Jesun - iplawyer01@foxmail.com
- Jingfeng Song - scinovalltd@gmail.com
- Paul Kossof - KossofIPR@outlook.com
- Richard Withers - richard@celeblaws.com
- Roy Lou - lou@mainleaf-law.com
- Steven Yuan - stevenyuan@lawvictor-ip.com
- Tim Wang - twang@nilawfirm.com
- Yi Lun Chen - ylc@deternal.com
- Yong Chen - ychen@ambizlaw.com

By: */s/ Charles A. Wallace*
Charles A. Wallace

## CERTIFICATE OF CONFERENCE

On April 29, 2021, undersigned counsel contacted each known counsel representing Defendants at the above email addresses pursuant to Local Rule 7.1 to ascertain whether or not above counsel would be opposed to Plaintiff's filing of its Motion for Preliminary Injunction. None of the above counsel responded to undersigned counsel before the time this Motion was filed, so this Motion is filed as "Opposed."

By: */s/ Charles A. Wallace*
Charles A. Wallace