IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **THE NAUGHTYS LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00492-O |
| | § | |
| **DOES 1-580** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Supplemental Document (ECF No. 18), filed April 28, 2021 and Plaintiff's Motion for Preliminary Injunction (ECF No. 20), filed April 29, 2021. Plaintiff has yet to serve a defendant in this case. Plaintiff requested the clerk to issue summons and the Court ordered Plaintiff to provide legal authority for his position that a clerk may issue summons for a website URL, without any other pertinent identifying information such as a legal name or address. Without answering the question asked, Plaintiff provided legal authority for the proposition that it is proper for the clerk to issue summons for multiple defendants in a single document. Undoubtedly, Rule 4 provides for the efficient use of resources in the manner Plaintiff described in its briefing. However, Plaintiff overlooks the key hurdle in its request for the clerk to issue summons. Under Federal Rule of Civil Procedure 4(b), the "addressee of the summons" must be "effectively identified."

Plaintiff claims that the "identifying information," including a website URL, a seller name, and a store ID is sufficient for a clerk to issue summons for each defendant. The Court does not agree that the defendants have been "effectively identified." Plaintiff alleges the following:

Most of the Third-Party Providers have since provided Plaintiff with the

1

> defendants' financial, sales, and contact data, but no further information has been obtainable aside from the Identifying Information Plaintiff has already provided the Court. The very nature of defendants' infringing operations [is] to market and sell infringing products anonymously on an international level, so any further information apart from the Identifying Information (such as personal names), is unlikely to be discoverable. Plaintiff therefore respectfully submits that it intends to rely on the Identifying Information, which includes business names, to effectively and accurately identify the defendants in this lawsuit.

Supplemental Document 3, ECF No. 18. There are legal mechanisms available to obtain identifying information for the purpose of service of process. This case is not the first case to use the "John Doe" moniker to initiate a civil action and it won't be the last. This case is also surely not the first time an online marketplace sold counterfeit products under an anonymous username.

Service of process is not merely a clerical action that the Clerk of Court undertakes, but rather it is a due process right of each defendant to be effectively made aware of the claims against them. *See Mullane v. Cent. Hanover Tr. Co.,* 339 U.S. 306, 313-14 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). The heart of Rule 4 is for summons to be reasonably calculated to give a defendant notice of the pending action. Issuing summons to a website URL will not, under all the circumstances, apprise interested parties of the pendency of the action. The Court declines to expend judicial resources to issue summons for websites that Plaintiff cannot identify as a person or entity.

The Court granted Plaintiff's temporary restraining order on April 2, 2021. ECF No. 9. In that Order, the Court permitted an exception to traditional service of process requirements because the order was granted *ex parte*. The Court held the following:

> Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by sending an e-mail to the e-mail addresses provided for

> Defendants by third parties hosting their webstores, such as AliExpress, Amazon, DHgate, eBay, Walmart, Wish, etc. Providing notice via e-mail, along with any notice that Defendants receive from the Third Party Providers, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

TRO at 7, ECF No. 9.

Plaintiff served the Third-Party Providers (Amazon and similar online marketplaces) with the TRO and the Third-Party Providers gave Plaintiff *some* information about the stores that are selling the Naughty Santa ornaments. The Court is aware that Third-Party Providers notified at least some of the stores subject to the TRO because the Court received correspondence from a defendant located in Wuhan, China who elected to reveal himself as the owner of one of the stores. That defendant filed pleadings in this case and wishes to present objections. Each defendant should be afforded that opportunity.

To the extent that Plaintiff argues that the Court *indefinitely excused* Plaintiff from complying with Rule 4 in its *ex parte* TRO, the Plaintiff is mistaken. Prelim. Inj. Mot. 7, ECF No. 7. ("[N]otice and service of process on Defendants may be provided by Plaintiff via email, or via notice provided by the e-commerce sites that hosted the Infringing Webstores, which the Court found was "reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.") In the context of an *ex parte* TRO, the Court agrees that service of the order by these means was sufficient under the circumstances. That does not mean however that service of process via email or through a third-party is permitted on this record outside of the context of the *ex parte* TRO – the context in which the Court permitted it. Plaintiff is accordingly **ORDERED** to serve each defendant in compliance with Rule 4.

It is clear Plaintiff has not exhausted all mechanisms available to it to *successfully* execute

service of process against the people operating these website URLs. If some, or all, the websites cannot be effectively identified to the person or entity behind the website, those claims against those defendants will be dismissed without prejudice[1]. The Request for the Clerk to Issue Summons (ECF No. 14) is **DENIED.**

**SO ORDERED** on this **30th day of April, 2021.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If by **July 2, 2021,** each of the 580 John Does are not properly served, this case will be dismissed under Rule 4(m).