## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

THE NAUGHTYS LLC

     Plaintiff,

v.

DOES 1-580

     Defendants

Civil Action No. 4:21-CV-00492-O

## <u>PLAINTIFF'S RESPONSE TO DOE 242'S MOTION TO DISMISS</u>

Wu Lian Yun, owner of Amazon store "Kuerqi" and identified as DOE 242 in this lawsuit ("Defendant") filed its Motion to Dismiss The Naughtys' ("Plaintiff's") Original Complaint on April 28, 2021 (Defendant's "Motion," Dkt. 17) alleging defects in service of process and in this Court's personal jurisdiction over Defendant. This Court issued an order that same day, requesting that Plaintiff file its Response by May 19, 2021, and that Defendant file any Reply by May 26, 2021. (Dkt. 19.) As an initial matter, this Court has already ordered Plaintiff to serve Defendant at its mailing address provided in its Motion, so Plaintiff addresses the only other substantive element of Defendant's Motion: jurisdiction.

## <u>ARGUMENT</u>

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant." *TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 451 (N.D. Tex. 2017); *see also Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192

(5th Cir. 1985) (explaining that the court may determine the jurisdictional issue by considering "affidavits . . . or any combination of the recognized methods of discovery.)" Further, the court must "take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff." *Mothers Against Drunk Driving v. DAMMADD, Inc*., No. CIV.A. 302CV1712G, 2003 WL 292162, at *2 (N.D. Tex. Feb. 7, 2003). After the plaintiff presents its prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *TransFirst Grp., Inc.*, 237 F. Supp. 3d at 451 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

"A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution." *TransFirst Grp., Inc.*, 237 F. Supp. 3d at 451 (referencing *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993)). The Texas long-arm statute extends to the limits of federal due process, so the only other inquiry concerns whether (1) a defendant established "minimum contacts" with the forum state; and (2) whether exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." *Id.*

A defendant satisfies the "minimum contacts" prong when it "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. Specific jurisdiction exists under the "minimum contacts" inquiry "when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *TransFirst Grp., Inc.*, 237 F. Supp. 3d at 452. In determining whether personal jurisdiction is proper on the basis of an interactive website, courts

in the Fifth Circuit have found that it is not enough for a "Defendant . . . to have the potential to interact with, sell products to, and contract with Texas residents"—the evidence in the record must "support a finding that this level of activity has taken place." *People Solutions, Inc. v. People Solutions, Inc.,* 2000 WL 1030619, at *4 (N.D.Tex. July 25, 2000).

Defendant's activities satisfy the "minimum contacts" prong because Defendant actually shipped an Infringing Product to Texas (Ex. B, Appx. 4-8).[1] Further, Defendant promoted, advertised, marketed, and offered for sale products that infringe on Plaintiff's copyrights (the "Infringing Products") on Amazon while offering shipping to Arlington, Texas (Ex. A, Appx. 2-3). Defendant pursued sales from Texas residents by offering shipping to Texas (Dkt. 1, p. 3), and did, in fact, ship Infringing Products to Texas. Defendant's reliance on trademark common law in the Seventh Circuit (not relating to the sale of an infringing product in a forum state) is misguided—the "minimum contacts" prong under Fifth Circuit precedent is established because Defendant's contacts with Texas are directly related to the cause of action in this lawsuit, and because Defendant has actually sold and shipped the Infringing Products to Texas through, at least, the interactive website Amazon.com.

In evaluating the second prong of the due process test, courts consider "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies." *TransFirst Grp., Inc*., 237 F. Supp. 3d at 452; *see also Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). "[O]nce minimum contacts are established, a defendant must present a compelling case that the presence of some consideration

---

[1] Exhibits A and B are supported by the Declaration of Cynthia Dee Reichert, attached as Exhibit C. (Appx. 9-10.) Portions of Exhibit B (billing information, shipping information, and portions of the transaction identification) have been redacted for Plaintiff's protection.

would render jurisdiction unreasonable." *TransFirst Grp., Inc.*, 237 F. Supp. 3d at 452 (internal quotations omitted). Moreover, "[o]nly in rare cases . . . will the exercise of jurisdiction *not* comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state. *Guardian Royal Exch. Assur., Ltd. v. Eng. China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991) (emphasis added); *see also Burger King*, 471 U.S. at 477–78.

This lawsuit is certainly not such a "rare case," as this Court's exercise of jurisdiction is both "fair" and "just." Defendant's burden of defending this lawsuit in a state to which it sold Infringing Products does not outweigh Plaintiff's right to protect the integrity of its intellectual property—particularly because Plaintiff has presented evidence (which Defendant has not disputed) that Defendant infringed Plaintiff's rights. Further, Plaintiff's goodwill and reputation are irreparably damaged when Infringing Products are sold that are not authorized, produced, or manufactured by Plaintiff—which leads to damaged brand confidence and loss of future sales and goodwill. Defendant's illegal sale of the Infringing Products further irreparably harms Plaintiff because Defendant has denied Plaintiff's ability to control the nature and quality of the Infringing Products. (Dkt. 21-2, ¶¶ 9, 12-13). Plaintiff thus has a critical interest in convenient and effective relief. Moreover, there is a public interest in preserving rights provided by federal copyright law, for "[t]he public expects laws passed by Congress to be enforced." *Live Nation Motor Sports, Inc. v. Davis*, No. CIVA 3"06CV276L, 2006 WL 3616983, at *5 (N.D. Tex. Dec. 12, 2006); *see also Lyrick Studios, Inc. v. Big Idea Prods., Inc.*, No. CIV.A. 302CV0034-M, 2002 WL 32157203, at *2 (N.D. Tex. Apr. 19, 2002). Because the State and the judicial system both have a shared interest in resolving controversies, furthering social policies, and enforcing the laws, the foregoing would be undermined if Defendant is allowed to escape liability in this action—especially because

Plaintiff has clearly demonstrated Defendant's liability, and because Defendant has actually sold and shipped the Infringing Products to Texas through an interactive website. The second and final prong is therefore also established because the exercise of personal jurisdiction over Defendant furthers social policies and promotes the State's and judicial system's interests.

## CONCLUSION

Plaintiff already established subject matter jurisdiction (Dkt. 9, p. 2), and the evidence herein establishes Plaintiff's prima facie case that this Court also has personal jurisdiction over Defendant. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendant, and pursuant to 28 U.S.C. § 1391(c)(3) because defendants not residing in the United States may be sued in any judicial district. (Dkt. 1, p. 3-4.) Defendant is not able to meet its burden of proving a "compelling" case that jurisdiction is unreasonable in light of Defendant's undisputed infringement and sale of Infringing Products to Texas. Plaintiff therefore respectfully requests that this Court deny Defendant's Motion in its entirety and grant Plaintiff any further relief to which Plaintiff may be entitled at law or in equity.

Dated: May 19, 2021

Respectfully submitted,

**CREEDON PLLC**

By: */s/ Charles A. Wallace*
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel.     972.850.6864
Fax     972.920.3290
jhcreedon@creedonpllc.com
cwallace@creedonpllc.com

ATTORNEYS FOR PLAINTIFF
THE NAUGHTYS LLC

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2021, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Charles A. Wallace*
Charles A. Wallace