IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **THE NAUGHTYS LLC,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**DOES 1-580,**<br><br>　　　　　Defendants. | Civil Action No. 4:21-cv-00492-O |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**Table of Contents**

I.   INTRODUCTION .................................................................................................................. 1

II.  BACKGROUND .................................................................................................................... 2

III. ARGUMENT AND AUTHORITIES.................................................................................... 4

   A.   Legal Standards Regarding Preliminary Injunction Orders ........................................ 4

   B.   The PIO Should Be Denied Because Plaintiff Is Unlikely to Succeed on The Merits.. 5

   C.   The PIO Should Be Denied Because Plaintiff Has Not Shown Irreparable Harm ...... 5

   D.   The Balance of Hardships Weighs in Favor of Denying a PIO .................................... 8

   E.   The Public Interest Would Not Be Served by An Injunction. ....................................... 9

   F.   Alternatively, The PIO Is Not Supported By A Sufficient Bond .................................. 9

IV.  CONCLUSION ................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Cases**

*Apple Barrel Productions, Inc., v. Beard*,
  730 F.2d 384 (5th Cir. 1984) .................................................................................... 5

*Continuum Co. v. Incepts, Inc.*,
  873 F.2d 801 (5th Cir.1989) .................................................................................... 10

*DFW Metro Line Servs. v. Southwestern Bell Tel. Co.*,
  901 F.2d 1267 (5th Cir. 1990) .................................................................................. 7

*GTE Card Servs. Inc. v. AT&T Corp.*,
  1997 U.S. Dist. LEXIS 24768 (N.D. Tex. Feb. 12, 1997) ................................ 4, 6, 7

*H.D. Vest, Inc. v. H.D. Vest Mgmt. & Servs., LLC*,
  2009 U.S. Dist. LEXIS 52950 (N.D. Tex. June 23, 2009) ....................................... 6

*Joseph Paul Corp. v. Trademark Custom Homes, Inc.*,
  2016 U.S. Dist. LEXIS 126206 (N.D. Tex. Sep. 16, 2016) ............................ 1, 4, 5, 7

*Phillips v. Chas. Schreiner Bank*,
  894 F. 2d 127 (5th Cir. 1997) .................................................................................. 10

*Plains Cotton Co-op. Ass'n of Lubbock, Texas v. Goodpasture Computer Serv., Inc.*,
  807 F.2d 1256 (5th Cir. 1987) ........................................................................ 1, 4, 5, 6, 7

*Positive Software Solutions, Inc. v. New Century Mortg. Corp.*,
  259 F. Supp 2d 531 (N.D. Tex. 2003) ...................................................................... 6

**Rules**

Fed. R. Civ. P. 65(c) ........................................................................................................ 10

Defendants leihuyoumechenger (Doe No. 453), twentyfoursevenzing(Doe No. 497), midoudou966 (Doe No. 458), crystaltreq (Doe No. 405), topwardrobe2014 (Doe No. 494), xubo1234567 (Doe No. 534), zhanghuihui8968 (Doe No. 543), Shanghai Yiyuan Materia Co. Ltd (Doe No. 529), laptopallfor87 (Doe No. 452), kiwi4fruit0 (Doe No. 445), thatkey (Doe No. 491), excellbuying (Doe No. 415), qb.studio (Doe No. 467), rearrange518 (Doe No. 470), yhxclx2010 (Doe No. 513), shanghai.vzu (Doe No. 480), supermarket8882016 (Doe No. 485), shibaynu (Doe No. 483), fastdealblast (Doe No. 418), dongmakjhg (Doe No. 409), gracefulvara (Doe No. 425), kunjiadaren (Doe No. 449), abala.coco (Doe No. 387), nau34ghty (Doe No. 461), balaco.2u (Doe No. 392), modecathy (Doe No. 459), shanghai.box (Doe No. 479), whis3persing5 (Doe No. 504), lilybeibei (Doe No. 455), dr3ag8on (Doe No. 410), oneshot77-7 (Doe No. 464), 1st.ing (Doe No. 384), wannaaone11 (Doe No. 500), waldpcraik6868 (Doe No. 499), lzhlds2010_6 (Doe No. 457), tiger.vzu (Doe No. 493), tdcq888 (Doe No. 487), barrylyle (Doe No. 393), 5073283 (Doe No. 383), jilikejien (Doe No. 440), fashion group (Doe No. 524), eovk9015mv (Doe No. 571), zhuhong2374 (Doe No. 547), Denlezhi Skirts (Doe No. 579), zengshop2020 (Doe No. 517), Shanghai North Import & Export Co., Ltd (Doe No. 530), xuannyin (Doe No. 508), newmcx2016-8 (Doe No. 462), ladysun889 (Doe No. 450), chenrenz (Doe No. 400), thsix1666 (Doe No. 492), heyuanken (Doe No. 519), wangdaoyuenkl (Doe No. 577), yangshuiyashi (Doe No. 578), rianbox (Doe No. 473), usewith (Doe No. 498), shenghuocon (Doe No. 482), qiaonews_14 (Doe No. 468), and teanaf (Doe No. 488) (collectively, "Defendants") respectfully submit this Response in Opposition to Plaintiff The Naughtys LLC's Motion for Preliminary Injunction (Dkt. No. 20).

## I.     INTRODUCTION

A preliminary injunction order ("PIO") against Defendants should not be granted for a multitude of reasons. First, Plaintiffs' request for a PIO should be rejected because they have not

1

and cannot show irreparable harm. As long established by the Fifth Circuit for copyright cases, there can be no presumption of irreparable harm in a case such as this one. *See Plains Cotton Co-op. Ass'n of Lubbock, Texas v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1261 (5th Cir. 1987); *See also Joseph Paul Corp. v. Trademark Custom Homes, Inc*., Case No. 3:16-cv-1651-L, 2016 U.S. Dist. LEXIS 126206, at *37-8 (N.D. Tex. Sep. 16, 2016). Plaintiffs' allegation of irreparable harm was solely supported by a mischaracterization of the law, in addition to boilerplate statements with no factual support. As a result, Plaintiff has failed to prove irreparable harm, and for this reason alone, Plaintiff's request for a PIO should be rejected.

Furthermore, neither the balance of hardship nor the public interest weighs in favor of granting a PIO. As discussed in more details below, Defendants will suffer much greater harm if a PIO is granted than Plaintiff will if it is denied. The public will be harmed if Defendants are enjoined from selling other non-infringing products.

In the alternative, if the Court were to grant a PIO, it should be modified so that the bond is increased to at least $5,000,000. Plaintiff was ordered to submit a bond of $1,000. However, given the significant costs and damages to Defendants that could result from the injunction, this amount should be dramatically increased.

## II.  BACKGROUND

This action stems from a claim of copyright infringement filed by Plaintiff against Defendants on April 2, 2020, for the alleged infringement of naughty Santa products covered by U.S. Copyright Reg. Nos. VA 2-058-421, VA 2-058-14, VA 2-237-338, and VA 2-237-579 respectively ("accused products"). [Dkt. No. 1]. Defendants in this case are online stores that sell consumer goods through two prominent online e-commerce sites: eBay.com and/or Wish.com. Declaration of Xiaodong Li ("Li Decl."), attached hereto as Exhibit A, at ¶ 3. Defendants sell tens

of thousands of different kinds of products through their online marketplace stores, with the accused naughty Santa product constituting only a very minute portion of the products Defendants sell. *Id.* at ¶ 10. The accused naughty Santa product was acquired from a vendor at 1688.com, an e-commerce website. *Id.* at ¶ 6. Specifically, Defendants purchased the accused product from an online store operated by Yiwu Chengzhi E-Commerce Trading Co. Ltd. at 1688.com. *Id.* at ¶ 8. The supplier was located in Yiwu, Jinghua, China. *Id.* At the time Defendants first started selling the accused product in November 2020, Defendants were not aware the accused designs were copyrighted works. *Id.* at ¶ 6. In fact, Plaintiff did not even file the copyright registration applications for Reg. Nos. VA 2-237-338 and VA 2-237-579 until February 10 and 11, 2021—after Defendants began selling their products. *Id.* at ¶ 7. Plaintiff filed the prior copyright registration applications for Reg. Nos. VA 2-058-421 and VA 2-058-14 on July 12, 2016. *Id.*

To date, Defendants have sold a total of 789 units of the accused product in its lifetime, via their online stores. *Id.* at ¶ 10. The total revenue from the accused product is roughly $3176.67, which constitutes only 0.024% of the overall sales generated by Defendants through their online stores. *Id.* In the last year alone, Defendants' revenue through online sales was roughly $13.5 Million from April 1, 2020 to April 1, 2021. *Id.* And in fact, many of the Defendant Stores—25 to be specific—have not made a single sale of the accused product at all. *Id.* at ¶ 10. As such, Defendants' sales of the alleged accused product have caused little harm to Plaintiff, if any.

However, on April 2, 2020, alongside the filing of its Complaint, Plaintiff filed its *ex parte* Motion for entry of a Temporary Restraining Order, seeking in addition, an asset restraint, expedited discovery order, and alternative service by email [Dkt. No. 6], which this Court granted ("TRO") [Dkt. No. 9]. As a result of the TRO in this action, roughly $220,000 currently remain restrained from Defendants' store accounts. *Id.* at ¶ 11. This restriction has caused severe

3

impediments on Shanghai Yinqiang E-Commerce Co., Ltd. ("Yinqiang"), the operator of the Defendants' stores, who remains prohibited from withdrawing any funds from the restrained accounts. *Id.* at ¶ 11. The restrained accounts include money from sales of goods for the entire store, and as such, cannot be used to pay for Defendants' suppliers and employees as needed. *Id.* Plaintiff now moves this Court to enter a Preliminary Injunction Order ("PIO") [Dkt. No. 21], which if granted, would cause even greater harm to Defendants. As described in detail below, Plaintiff's PIO must be rejected.

### III.   ARGUMENT AND AUTHORITIES

**A. Legal Standards Regarding Preliminary Injunction Orders**

Under Fifth Circuit law, to obtain a preliminary injunction a movant must establish the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the movant outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *GTE Card Servs. Inc. v. AT&T Corp.*, Case No. 3:96-cv-1970-D, 1997 U.S. Dist. LEXIS 24768, at *4-5 (N.D. Tex. Feb. 12, 1997) (citations omitted). Because "a preliminary injunction is considered an extraordinary and drastic remedy, not to be granted routinely," the party seeking such relief must satisfy a heavy burden of proving each of the four elements enumerated, before an injunction will be granted. *Id*. at *5 (internal quotations and citations omitted); *see also Joseph Paul*, 2016 U.S. Dist. LEXIS 126206 at *36-7 (citations omitted). In other words, if a party fails to meet *any* of the four elements, the court cannot grant preliminary injunction. *Joseph Paul Corp.*, 2016 U.S. Dist. LEXIS 126206, at *37.

### B. The PIO Should Be Denied Because Plaintiff Is Unlikely to Succeed on The Merits

To prevail on a claim for copyright infringement, a plaintiff must establish (1) ownership in the copyrighted material and (2) that the infringer copied the material. *Plains Cotton*, 807 F.2d at 1260. "Copyright ownership, in turn, in shown by proof of originality, copyrightability, and compliance with applicable statutory formalities." *Id.* (citing *Apple Barrel Productions, Inc., v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)).

Here, Plaintiff has offered no evidence to support its contention that it is the original creator of the accused naughty Santa product. In fact, a defined Google.com search online information dating from January 1, 2000 to September 23, 2008, indicates that naughty Santa ornaments, similar—if not identical—to the accused product were on sale prior to Plaintiff's earliest U.S. copyright publication date of September 24, 2008. *See* Exhibit B, attached hereto. As such, this at least raises a question of validity as to whether Plaintiff really owns the alleged copyrights, or the accused product came from independently created works by others.

Additionally, Defendants acquired and began selling the accused product without any knowledge of the copyrighted work, and in fact, Plaintiff didn't even file its copyright registration applications for Reg. Nos. VA 2-237-338 and VA 2-237-579 until February 10 and 11, 2021—until three months after Defendant made its first sale. Copyright does not protect against independently created works, even if the work is identical. As such, Plaintiff has not made a valid claim for copyright infringement, and therefore, Plaintiff is unlikely to succeed on the merits. Thus, the PIO should not be granted.

### C. The PIO Should Be Denied Because Plaintiff Has Not Shown Irreparable Harm

Contrary to Plaintiff's characterization of the law, courts in the Fifth Circuit have continuously held when seeking an injunction, a showing of a reasonable likelihood of success on the merits of a copyright infringement claim does not raise a presumption of irreparable harm.

*Joseph Paul Corp.*, 2016 U.S. Dist. LEXIS 126206, at *37-8; *40 (stating the rule that a showing of a likelihood of success on the merits of a copyright infringement claim raises a presumption of irreparable harm "has not been adopted by the Fifth Circuit"); *see Plains Cotton* 807 F.2d at 1261; *see also Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 259 F. Supp 2d 531, 537 (N.D. Tex. 2003) (citing *Plains Cotton* in stating that "a finding of copyright infringement does not give rise to a presumption of irreparable harm."); *GTE Card* Servs., 1997 U.S. Dist. LEXIS 24768, at *5 (rejecting the contention "that a substantial threat of irreparable injury is to be presumed once there has been a showing of a substantial likelihood of success on the merits."); *H.D. Vest, Inc. v. H.D. Vest Mgmt. & Servs., LLC*, Case No. 3:09-cv-390-L, 2009 U.S. Dist. LEXIS 52950, at *10 (N.D. Tex. June 23, 2009) (in denying Plaintiff's motion for preliminary injunction, "the court reject[ed] [Plaintiff's] argument that a substantial threat of irreparable injury is to be presumed in such a case. The Fifth Circuit has not so held, and authority from other district courts is not binding on this court."). "In the Fifth Circuit, 'preliminary injunctions will be denied based on a failure to prove separately each of the four elements of the four-prong test for obtaining the injunction." *GTE Card Servs.*, 1997 U.S. Dist. LEXIS 24768, at *5-6 (*citing Plains Cotton*, 807 F.2d at 1261). "Without question, the irreparable harm element must be satisfied by independent proof, or no injunction may issue." *Id*. at *7.

To prove the threat of irreparable injury, the key word is "irreparable." *GTE Card Servs*., 1997 U.S. Dist. LEXIS 24768, at *7 (internal quotations omitted). "The availability of monetary damages precludes a showing of irreparable injury." *Id.* (citing *DFW Metro Line Servs. v. Southwestern Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) (per curiam) ("There can be no irreparable injury where money damages would adequately compensate a plaintiff"); *see also Plains Cotton*, 807 F.2d at 1261 (finding no irreparable harm in a copyright infringement case

6

where the appellant did "not seem to present many possibilities for the infliction of unquantifiable damages"). "Thus[,] the chance that the movant may receive adequate compensation at the end of the litigation weighs heavily against a claim of irreparable harm." *GTE Card Servs.*, 1997 U.S. Dist. LEXIS 24768, at *7 (internal quotations omitted).

Here, Plaintiff has misled the court with gross misstatement of the law, to the extent it contends that "a showing of a reasonable likelihood of success on the merits of a copyright infringement claim raises a presumption of irreparable harm." Dkt. No. 21 at 12. In fact, this Court has made clear that "[t]his rule, however, has not been adopted by the Fifth Circuit." *Joseph Paul Corp.*, 2016 U.S. Dist. LEXIS 126206, at *37-9 (citing *Plains Cotton* for the proposition that the Fifth Circuit has already made clear that in copyright infringement cases, a "preliminary injunction will be denied based on a failure to prove separately each of the four elements of the four prong test for obtaining the injunction."). Plaintiff provided nothing more than its bare argument that presumed injury alone is sufficient meet the irreparable harm requirement for injunctive relief, and boilerplate statements that it will suffer harm in the form of lost sales and damage to its goodwill and reputation. Plaintiff failed to provide any factual evidence in support of its blanket allegations. Additionally, Plaintiff failed to present any evidence as to why Defendants' alleged infringement would create unquantifiable damages. Instead, Plaintiff again misrepresents the law in stating that "where a Plaintiff proves a substantial likelihood of success on the merits of a copyright infringement claim, 'a preliminary injunction should not be denied simply because plaintiffs can recover monetary damages[.]'" Dkt. No. 21 at 12.

Not only is Plaintiff's conclusory assertion incorrect; but further, quantifiable damages stemming from the alleged infringement is clearly ascertainable in this case. In fact, Defendants have already established that they have sold a total of 789 units of the accused products in its

lifetime, with the total revenue from these sales amounting to $3176.67. Decl. of Xiaodong Li at ¶10 (attached hereto as Exhibit A); see also Exhibit A-1. As such, Defendants' total revenue from the alleged infringing sales constitutes only 0.024% of the overall sales generated from Defendant Stores. *Id*. Thus, as shown, not only is the harm stemming from the alleged copyright infringement minute—if any—and therefore reparable, but also, any harm by Defendants in this case is clearly quantifiable and can by adequately compensated by monetary damages. Accordingly, the PIO should not be granted because Plaintiffs have failed to prove irreparable harm.

### D. The Balance of Hardships Weighs in Favor of Denying a PIO

The grant of a preliminary injunction in a copyright case often results in the defendants having to remove a product from the market, or at least drastically modify it, pending trial. Furthermore, given the extended duration of many copyright cases, the defendant may face months or even years before the product can be reintroduced. As a result, the hardship on the defendants can be drastic.

Considering all of the facts in this case, it is clear that Plaintiff does not urgently need injunctive relief to protect it from harm. Plaintiff offered no evidence other than boilerplate statements that it will suffer harm in the form of lost sales and damage to its goodwill and reputation, as well as a bare and incorrect contention that presumed injury alone is sufficient to meet the irreparable harm requirement for injunctive relief. Defendants' have made very few sales of the accused product. In fact, Defendants' total revenue from the alleged infringing sales amounts to $3176.67, which constitutes only 0.024% of the overall sales generated from Defendants' stores. Li Decl. at ¶10; see also Ex. A-1. Moreover, Plaintiff has not provided any proof to suggest that it is truly the original creator of the alleged copyrights. In fact, advertisements of naughty Santa ornaments which are similar—if not identical—to the accused product were made available for sale on the internet prior to Plaintiff's earliest publication date of September 29, 2008.

8

*See* Ex. B.  At the very least, Plaintiff has fallen severely short of proving it is entitled to injunctive relief.

As a result of the TRO previously issued in this action, roughly $220,000 currently remain restrained from Defendants' store accounts, which is drastically more significant than the $3176.67 in total revenue generated from the alleged infringing sales.  Li Decl. at ¶¶10, 11.  This restriction has already caused severe impediments on Yinqiang, the operator of the Defendants' stores, who still remains prohibited from withdrawing any funds from the restrained accounts.  *Id.* at ¶ 11.  The restrained accounts include money from sales of goods for the entire store, and as such, cannot be used to pay for Defendants' suppliers and employees as needed.  *Id.*  Defendants have suffered severe financial harm to date as a result of this action and stand to lose even more if Plaintiff's PIO is granted.  Therefore, the balance of harms weighs in favor of denying the PIO.

### E.  The Public Interest Would Not Be Served by An Injunction.

In this case, an injunction would not serve the public interest, as Plaintiff has fallen far short of showing both irreparable harm and a likelihood of success on the merits in this actions.  Setting such a low bar for maintaining a preliminary injunction is certainly not in the public interest.

### F.  Alternatively, The PIO Is Not Supported By A Sufficient Bond

Although Defendants strenuously maintain that the PIO should be rejected, if the Court disagrees, they submit that it should be modified to require a sufficient bond.  Before a court may issue a preliminary injunction, Federal Rule of Civil Procedure 65(c) requires that the "movant give security in an amount that the court considers proper to pay the costs and damages sustained by any party . . . wrongfully enjoined."  Fed. R. Civ. P. 65(c).  "Failure to require the posting of a bond or other security constitutes grounds for reversal" of an injunction.  *Phillips v. Chas. Schreiner Bank*, 894 F. 2d 127, 131 (5th Cir. 1997) (citing *Continuum Co. v. Incepts, Inc.*, 873

F.2d 801, 803 (5th Cir.1989)).  A proper bond "assures the enjoined party that it may readily collect damages ... in the event that it was wrongfully enjoined, without further litigation and without regard to the possible insolvency" of the applicant *Id*.**Error! Bookmark not defined.**

In this case, an appropriate bond would be in the amount of at least $5,000,000.  Currently, Defendants' total revenue from the alleged infringing sales amounts to $3176.67; however, roughly $220,000 currently remain restrained from Defendants' store accounts as a result of the TRO issued in this case. Li Decl. at ₽₽10, 11. The total revenue generated from Defendants' stores is over $13,5 Million from last year. Id. at ₽ 9. The As such, the amount restrained from Defendants' accounts for its few alleged infringing sale is extremely disproportionate to the $1000 bond that Plaintiff has been required to in this case to date.  Plaintiff has sued 580 defendants in this case. Exhibit 1 to the Motion. Accordingly, Plaintiff should be required to post a significant bond—at least in the amount of $5,000,000—if a PIO is granted.

### IV.   CONCLUSION

As shown in the above arguments and declarations, Plaintiffs are unlikely to succeed on the merits in this case. Plaintiffs have not shown that they will suffer irreparable harm if the request for PIO is rejected.  Further, the balance of hardship weighs against maintaining an injunction and public interest would not be served by an injunction.  Furthermore, Plaintiffs' Motion for PIO is also largely based on gross misstatements of the law.  As such, Plaintiffs' request for a PIO should be rejected. Defendants respectfully request this Court to issue an order directing Plaintiffs to immediately notify eBay.com, Wish.com, and financial institutions of the expiration of the TRO and release Defendants' accounts from any restrictions.

DATED May 20, 2021.                    Respectfully submitted,

By: */s/ Timothy Wang*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75251
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Timothy T. Wang*
Timothy T. Wang

11