UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THE NAUGHTYS LLC, | Civil Action No : 21-cv-492 |
| Plaintiff, | |
| v. | |
| Kuerqi | |
| Defendant. | |

## Defendant's Reply To Plaintiff's Response

Plaintiff claimed in its response[Dkt.47] that it actually purchased the defendant's products. However, Defendant Kuerqi thought that the plaintiff's behavior was not enough to establish the personal jurisdiction of Texas court over the defendant, and the minimum contact between the defendant and Texas was insufficient.

In one case, a plaintiff may choose to establish either general or specific personal jurisdiction over a defendant. General jurisdiction exists only where a defendant is "at home,", specific personal jurisdiction exists only where a defendant is "not at home,"

The above two kinds of jurisdiction should be established according to different standards. Defendant believe that the standard of establishing special jurisdiction should be higher than that of establishing general jurisdiction, otherwise it is unfair to the defendant who is "not at home". Especially in the era of the Internet, any online store can be seen by every consumer on the earth, and the residents of every country or region may become potential customers of the online store. As long as consumers can see the website of the store, they can place their order in the store. If someone could be allowed to place an order not for commercial purposes , but just for the purpose of establishing court's jurisdiction over the defendant, then the international e-commerce market will be in great chaos, because if any plaintiff wants to disturb the business behavior of his competitors, he only needs to place a purchase order somewhere on the earth,

1

and then use the local law to sue the competitors, letting the court freeze competitors' accounts and forcing them to stop operating until they close down.

Returning to this case, Plaintiff's rightly does not attempt to argue for its application here. By contrast, specific jurisdiction exists where (1) "the defendant . . . purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the plaintiff's injury stemmed from the "defendant's forum-related activities"; and (3) the exercise of personal jurisdiction "comport[s] with traditional notions of fair play and substantial justice." Felland v. Clifton, 682 F.3d 665, 674 (7th Cir. 2012).

Upon information and belief, the above three elements of establishing special jurisdiction are not satisfied in this case.

**First,** Defendant is a Chinese seller, does not live in the United States, defendant operate a store based on the international Internet, and has not purposefully availed himself of the privilege of conducting business in Texas or purposefully directed his activities at Texas. Defendant is not registered to do business in Texas. Defendant has no regular and established place of business in Texas. Defendant does not maintain any offices, employees, or telephone listings in Texas. Defendant has no manufacturing facility or distribution facility in Texas. Defendant does not pay taxes or maintain any bank accounts in Texas. Defendant does not participate in any business meetings, seminars, trade shows, or other marketing related activities in Texas. Defendant does not have any employees who visit Texas for business purposes.

**Secondly,** the plaintiff did not provide sufficient evidence to prove the plaintiff's injury stemmed from the "defendant's forum-related activities".

**Thirdly,** the plaintiff's action didn't "comport [s] with traditional notices of fair play and substantial justice.". The plaintiff induced the defendant to send the product to Texas for non-commercial purposes. The plaintiff's evidence collection behavior is absurd and immoral. If in the international cross-border e-commerce industry, every seller can simply purchase the product and place an order to establish the personal jurisdiction of the local court over his competitor, it will attract many market players to abuse the litigation rules to strike against their competitors unethically. As a result, the world business order will be greatly disturbed. Any businessman engaged in Internet e-commerce will fall into the fear of being sued by his competitors somewhere. If the court allows this kind of litigation to take place in Texas, Then the

next similar lawsuit may take place in Europe, Canada or China. The plaintiff's behavior is obviously inconsistent with the international public interest. Therefore, significant caution is certainly appropriate when assessing a defendant's online contacts with a forum to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state，See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7thCir. 2014) ("Having an interactive website . . .should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.").

Plaintiff's action should not be recognized. If the plaintiff wants to establish the special personal jurisdiction of Texas court over the defendant, it must put forward more sufficient reasons and evidence. Upon information and belief, the plaintiff has obtained the defendant's sales information of the products involved from Amazon platform. If the defendant really sold fake goods to the residents of Texas specially, the plaintiff should put forward the defendant's sales information obtained from Amazon platform in his response[Dkt.47]. However, Plaintiff didn't do that.

In fact, the defendant is a seller who legally operates a online-store. There are a variety of goods waiting to be sold in the defendant's store. The defendant did not specialize in selling fake goods, let alone selling fake goods to residents of Texas as the plaintiff said. The defendant has never been negatively evaluated by residents of Texas, and has never been sued by residents or enterprises of Texas state.

In addition, the defendant claimed in his motion[Dkt.17] that he did not intentionally infringe upon the plaintiff's rights, and the defendant thought that TRO was unreasonable (too strict and too long), but the plaintiff did not give a corresponding response.

**Wherefore**, Defendant hereby respectfully request the court to dismiss plaintiff's complaint. Alternatively, if the court consider it unnecessary to dismiss plaintiff's complaint, Defendant request the court to release Temporary Restraining Order first.

DATED: May 24,2021                                                                 Respectfully submitted,

吴连运(Wu Lian Yun)

**<u>Owner of store Kuerqi</u>**

<u>2438379631@qq.com</u>

**<u>pro se litigant</u>**

4