UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THE NAUGHTYS LLC<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1-580<br><br>    Defendants | Civil Action No. 4:21-CV-00492-O |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS**

**Table of Contents**

**I.** Introduction..................................................................................................................5

**II.** Argument....................................................................................................................6

    **A.** Service of Process Via Email To Defendants Residing Outside the United States is Proper Under Fed. R. Civ. P. 4(f)(3)..................................6

        **1.** Service By Email Is Constitutional Because It Is "Reasonably Calculated" To Provide Defendants With Notice Of The Action..........................8

        **2.** Service By Email Is "Not Prohibited By International Agreement"....................10

    **B.** Service of Process Via Email To Any Defendants Residing Within the United States is Proper Under Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2).................15

**III.** Conclusion................................................................................................................16

# Table of Authorities

**CASES**

*Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369,
2014 WL 11342502 (W.D. Tex. July 2, 2014)..........................................................................7, 10

*BVE Brands, LLC v. Does 1-82*, No. 20-00505 (W.D. Tex. May 14, 2020).........................13, 14

*Chanel, Inc. v. Partnerships & Unincorporated Associations*, No. CV H-12-2085,
2012 WL 12894807 (S.D. Tex. Oct. 10, 2012)...............................................................................12

*Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695 (S.D. Fla. Apr. 29, 2010)..............8

*Chanel, Inc. v. Zhong Zhibing*, No. 2:09-CV-02835-CGC, 2010 WL 1009981
(W.D. Tenn. Mar. 17, 2010)...........................................................................................................11

*Collins v. Doe*, No. CIV.A. H-10-2882, 2010 WL 4954727
(S.D. Tex. Nov. 30, 2010)..................................................................................................11, 13, 15

*Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752
(N.D. Cal. Mar. 27, 2012)...............................................................................................................15

*Fed. Trade Comm'n v. EMP Media, Inc.*, No. 218CV00035APGNJK,
2018 WL 664796 (D. Nev. Feb. 1, 2018).........................................................................................8

*FKA Distrib. Co., LLC v. Yisi Tech. Co.*, No. 17-CV-10226, 2017 WL 4129538
(E.D. Mich. Sept. 19, 2017)............................................................................................................11

*Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241
(N.D. Tex. May 10, 2011)................................................................................................................6

*In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186
(N.D. Cal. June 12, 2008).................................................................................................................7

*James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*,
No. SA-16-CV-00463-OLG, 2018 WL 4688778 (W.D. Tex. July 5, 2018)..................................11

*Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT,
2012 WL 122862 (D. Colo. Jan. 17, 2012)....................................................................................11

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)................................................7

*Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, No. CIV.A. H-06-2683,
2007 WL 2964817 (S.D. Tex. Oct. 9, 2007)....................................................................................7

*Popular Enterprises, LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560

(E.D. Tenn. 2004) ................................................................................................................ 7, 8, 11

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ......................... 7, 8, 9, 10

*RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238-JRG, 2012 WL 194388
(E.D. Tex. Jan. 23, 2012) ................................................................................................................ 7

*Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508,
2013 WL 1181469 (S.D. Tex. Mar. 20, 2013) ............................................................................... 15

*Spencer v. City of Cibolo, Texas*, No. SA-20-CV-00350-JKP, 2020 WL 2043980
(W.D. Tex. Apr. 27, 2020) ............................................................................................................ 15

*Toyo Tire & Rubber Co., Ltd. v. CIA Whell Grp.*, No. SA CV 15-0246-DOC,
2016 WL 1251008 (C.D. Cal. Mar. 25, 2016) ................................................................................. 8

*United States v. Real Prop. Known As 200 Acres of Land Near FM 2686
Rio Grande City, Tex.*, 773 F.3d 654 (5th Cir. 2014) ................................................................... 11

*VeroBlue Farms USA, Inc. v. Wulf*, No. 3:19-CV-00764-X, 2020 WL 2132677
(N.D. Tex. May 5, 2020) ............................................................................................................... 15

*Viahart, LLC v. Does 1-54*,. No. 6:18-CV-604-RWS-KNM, 2021 WL 777083
(E.D. Tex. Jan. 29, 2021), *report and recommendation adopted*,
No. 6:18-CV-604-RWS-KNM, 2021 WL 765216 (E.D. Tex. Feb. 26, 2021) .............................. 12


**STATUTES**

Art. 1, 20 U.S.T. 361, 1969 WL 97765 (Feb. 10, 1969) ............................................................... 10

Fed. R. Civ. P. 4(e)(1) ........................................................................................................ 6, 15, 16

Fed. R. Civ. P. 4(f)(3) ................................................................................................ 6, 7, 9, 10, 11, 16

Tex. R. Civ. P. 106(b)(2) .................................................................................................... 6, 15, 16

**MOTION**

The Naughtys LLC ("Plaintiff") files this Motion for Alternative Service of Process, asking the Court to direct service of the summons and complaint via email on the Defendants listed in the attached Exhibit 1 (Appx. 2-79). A Memorandum of Law in support is filed concurrently with this Motion below.

**MEMORANDUM OF LAW**

### I.    Introduction

Plaintiff brought this action on April 2, 2021 (Dkt. 1) against the Defendants ("Defendants") identified in the attached Exhibit 1 (Appx. 2-79), seeking relief against Defendants for copyright infringement through their promotion, advertising, marketing, distribution, offering for sale, and sale of infringing products ("Infringing Products") through online stores (the "Infringing Webstores") on various e-commerce platforms, such as AliExpress, Amazon, DHgate, eBay, Walmart, and Wish (the "Marketplaces"). Pursuant to the Court's April 2, 2021 order (the "TRO," Dkt. 9), Plaintiff sought discovery from the Infringing Webstores by contacting the Marketplaces in order to determine the Defendants' contact information. The Marketplaces thereafter revealed the email addresses, names, businesses, and / or physical addresses listed as being associated with the Defendants and the Infringing Webstores, which Plaintiff incorporated into its requested summonses. Dkts. 24, 33-35, 45. All of these summonses were issued by the Clerk for service on Defendants. Dkts. 25-31, 36-44, 46, 49-62. DOES 385, 403, 408, 419, 428, 463, 478, 490, 535, 536, 537, 545, 546, 548, 549, and 550 waived service of a summons and a copy of the complaint. Dkt. 63.

Following the TRO, Plaintiff has been in active reciprocal email communication with 251 of the Defendants—either individually or through retained counsel via email (the foregoing being the "Responsive Defendants"). Exhibit 2 ¶ 5 (Appx. 80). One hour after the Court issued its May

26, 2021 order (Dkt. 69), Plaintiff provided notice of said order to the Responsive Defendants via email, and to each Defendant with whom Plaintiff has not yet spoken (the "Non-Responsive Defendants") through the email addresses the Non-Responsive Defendants use to manage the Infringing Webstores shown on the attached Exhibit 1. Exhibit 2 ¶ 6 (Appx. 80-81). Plaintiff's email successfully reached 496 of the Defendants. *Id*. Plaintiff now seeks to serve each Defendant through these same means.

Federal Rule of Civil Procedure 4(f)(3) grants the Court wide discretion to order alternative service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Because Plaintiff is already engaged in active, reciprocal communication with the Responsive Defendants, and because the true physical addresses of the Defendants are not known, Plaintiff respectfully requests the Court to order that each Defendant can be served via email, which is reasonably calculated to provide each Defendant with notice of the action, and is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also* Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2).

**II.   Argument**

    **A. Service of Process Via Email To Defendants Residing Outside the United States is Proper Under Fed. R. Civ. P. 4(f)(3)**

Fed. R. Civ. P. 4(f) governs service of process on individuals in foreign countries. In addition to prescribing traditional means of service, Rule 4(f) permits service by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Although service by "other means" under Rule 4(f)(3) is considered alternative service, "Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under [Rule 4(f)(1) and Rule 4(f)(2)]." *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011). "[S]ervice

of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Rule 4(f)(3) is "expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases . . . [which] necessarily includes the utilization of modern communication technologies . . . ." *Popular Enterprises, LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004).

Courts have broad discretion in ordering service under Rule 4(f)(3) so long as the service comports with constitutional notions of due process. *Rio Properties, Inc.*, 284 F.3d at 1016. To meet this requirement, the method of service ordered by the district court must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012) *(citing Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 312 (1950) (internal quotation marks omitted)); *see also Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, No. CIV.A. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007) (recognizing that service by email is appropriate under Rule 4(f) of the Federal Rules of Civil Procedure if the court finds that such would be reasonably calculated to apprise the defendant of the pendency of the lawsuit, and that a strong consideration in whether to exercise such discretion is whether "the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely to be futile"); *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *3 (N.D. Cal.

June 12, 2008) (authorizing alternative service because "plaintiffs have shown the difficulty of serving the unserved defendants located abroad" in China).

### 1. Service By Email Is Constitutional Because It Is "Reasonably Calculated" To Provide Defendants With Notice Of The Action

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc.*, 284 F.3d at 1017. "In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Id*. The *Rio Properties* court further held "without hesitation," that email service of an online business defendant "was constitutionally acceptable[,]" in part, because the defendant conducted its business over the Internet, used email regularly in its business, and encouraged parties to contact it via email. *Id*.

Federal Courts have presumed delivery of an email if it is not returned undeliverable and the email address is used by the defendant in conducting business. *See Fed. Trade Comm'n v. EMP Media*, 2018 WL 664796, at * 2 (citing *Toyo Tire & Rubber Co., Ltd. v. CIA Whell Grp.*, No. SA CV 15-0246-DOC, 2016 WL 1251008 (C.D. Cal. Mar. 25, 2016) (finding that an email is presumed delivered when it is not returned as undeliverable)); *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (finding that emails presumably reached the defendant when they were sent to email addresses provided to a domain name registrar, and the emails did not bounce back); *Popular Enterprises, LLC*, 225 F.R.D. at 562 (finding that an email presumably reached the defendant when it was sent to an email address provided to a domain name registrar, and the email did not bounce back).

By selling and marketing the Infringing Products online and utilizing the services of the various online Marketplaces, Defendants have embraced communication via email. Because valid

email addresses must be established and verified by the Marketplaces before Defendants are able to list their products, email is a means reasonably calculated to apprise Defendants of the pendency of this lawsuit. Thus, given the nature of Defendants' online businesses, which require an understanding of and proficiency in online communication, service via email is more efficient, accessible, and preferred than service of paper copies of pleadings. Notwithstanding the foregoing, Plaintiff has already exchanged reciprocal email communications with the 251 Responsive Defendants (Exhibit 2 ¶ 5 (Appx. 80)), and the Marketplaces automatically notified the Defendants of the TRO, the asset freeze, and the need to contact undersigned counsel (*Id*. at ¶ 4 (Appx. 80)). All of the Defendants are, therefore, already aware of this lawsuit, and nearly half of the Defendants are already engaged in active communications with Plaintiff.

A plaintiff is furthermore not required to attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Properties, Inc.*, 284 F.3d at 1014-1015. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. On the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id*. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id*.

The email addresses listed in Exhibit 1 are the email addresses that the Defendants designated to the Marketplaces as their means of contact for business and notification purposes. Exhibit 2 ¶ 4 (Appx. 80). As mentioned above, Plaintiff emailed each Defendant with a known email address to notify them of this lawsuit, and 496 of the emails Plaintiff sent were not returned as undeliverable. Exhibit 2 ¶ 6 (Appx. 80-81). Additionally, Plaintiff is actively engaged in

reciprocal email communications with the 251 Responsive Defendants. Exhibit 2 ¶ 5 (Appx. 80). Given that each of the Defendants are parties to this lawsuit because they do business through e-commerce sites that utilize email for communication, service via email is reasonably calculated to apprise the Defendants of the pendency of this action and afford them an opportunity to present their objections. "[T]he Constitution requires nothing more." *Rio Properties, Inc.*, 284 F.3d at 1018. As such, this Court may allow Plaintiff to serve Defendants via email.

Absent the ability to serve Defendants via email, Plaintiff will almost certainly be left without the ability to recover. This Court should thus allow Plaintiff to serve Defendants via email, which is the option most likely to reach Defendants. Such would not only follow precedent, but would also comply with the Federal Rules of Civil Procedure and the requirements of due process.

### 2. Service By Email Is "Not Prohibited By International Agreement"

The Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Affinity Labs of Texas, LLC*, 2014 WL 11342502, at *1 (emphasis in original) (citing *Rio Properties, Inc.,* 284 F.3d at 1014). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Id.*

Service of Defendants via email is not prohibited by international agreement, and the Hague Service Convention does not apply to service on the Defendants (Article 1 of the Hague Convention provides, in part: "This Convention shall not apply where the address of the person to be served with the document is not known"). Art. 1, 20 U.S.T. 361, 1969 WL 97765, at *1 (Feb. 10, 1969). Many courts have upheld this notion and ruled that the Hague Convention does not

apply where a defendant's foreign physical address is unknown.[1] Defendants appear to be residents of foreign countries who have not provided their true physical addresses in connection with the Infringing Webstores. Notwithstanding that some of the Marketplaces did not provide Plaintiff with some of the Defendants' addresses per the TRO, the physical addresses that the Marketplaces did provide were comprised of errors and incorrect information. For example, many of the addresses associated with the Defendants either contained the word "Default" or "Unknown," were comprised of a combination of Chinese Characters, or only used a confusing, indiscernible jumble of letters and numbers. Exhibit 1 (Appx. 2-79). The U.S. mail system would certainly be unable to deliver any postage to DOE 207 (Dorrisi) at "sulongjiedaolongshuicunweiyatang 8haoshoucengdiyika jinxianzuobangongcahngsuoshiyong luodingshi Guangdongsheng 527200 CN," or to DOE 470 (rearrange518) at "深圳市龙华新区龙华办事处清祥路 深圳 default 518108 China," for example, as these addresses are clearly nonexistent. Accordingly, Defendants' addresses are unknown to Plaintiff, and the Hague Convention does not apply because service by email is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

---

[1] *See, e.g., United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 659 (5th Cir. 2014) (holding that defendant's address is unknown and that the Hague Convention does not apply); *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *4 (W.D. Tex. July 5, 2018) (asserting that the Hague Convention does not apply "where the address of the person to be served with the document is not known"); *Collins v. Doe*, No. CIV.A. H-10-2882, 2010 WL 4954727, at *1 (S.D. Tex. Nov. 30, 2010) (holding that email service was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *FKA Distrib. Co., LLC v. Yisi Tech. Co.*, No. 17-CV-10226, 2017 WL 4129538, at *1 (E.D. Mich. Sept. 19, 2017) (acknowledging that several courts have held that the Hague Convention allows service by email); *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT, 2012 WL 122862, at *3 (D. Colo. Jan. 17, 2012) (holding that the Hague Convention did not apply to defendant who lived in China and whose address was unknown); *Chanel, Inc. v. Zhong Zhibing*, No. 2:09-CV-02835-CGC, 2010 WL 1009981, at *3-4 (W.D. Tenn. Mar. 17, 2010) (holding that the Hague Convention does not apply and that email service on a defendant who ran an allegedly infringing online business "not only meets constitutional standards, but also is the method of service most likely to reach Defendant"); *Popular Enterprises, LLC*, 225 F.R.D. at 562 (recognizing that, while "communication via e-mail and over the internet is comparatively new, such communication has been zealously embraced within the business community[;]" and permitting email service after plaintiffs attempts to comply with the Hague Convention were unsuccessful because defendant's address was unknown).

The facts in this case are closely similar to those in *Viahart, LLC v. Does 1-54*,. No. 6:18-CV-604-RWS-KNM, 2021 WL 777083, at *1 (E.D. Tex. Jan. 29, 2021), *report and recommendation adopted*, No. 6:18-CV-604-RWS-KNM, 2021 WL 765216 (E.D. Tex. Feb. 26, 2021). In *Viahart*, foreign persons and entities were using the plaintiff's copyrighted images to sell infringing versions of plaintiff's products via various online e-commerce sites such as Alibaba, AliExpress, Amazon, eBay, and Wish. Exhibit 3 at 1 (Appx. 82). Because the foreign defendant businesses operated online through third-party marketplaces, the plaintiff was not able to ascertain an accurate physical location for any defendant to perfect in-person service of process. *Id*. The *Viahart* court thus held that "service pursuant to Rule 4(f) [was] proper" and alternative service by the email addresses used to communicate with the various e-commerce platforms was "reasonably calculated to notify all foreign Defendants of th[e] suit." *Id*. at 7-8 (Appx. 88-89). The facts in this case are also closely similar to those in *Chanel, Inc. v. Partnerships & Unincorporated Association*. *Chanel* involved trademark infringement claims against 1,000 Doe defendants who sold infringing products online, and the plaintiff supported its request to serve process via email by showing that the physical addresses associated with the website domains were fake. *Chanel, Inc. v. Partnerships & Unincorporated Associations*, No. CV H-12-2085, 2012 WL 12894807, at *1 (S.D. Tex. Oct. 10, 2012). Additionally, the plaintiff had verified that all but four of the defendants have at least one valid email address because, after sending a pretextual email to the defendants' discovered email addresses, only four of these "bounced back." *Id.* The court accordingly allowed service of process by email because the physical addresses were unknown—finding that email service was reasonably calculated to give the defendants notice. *Id.* at *2–3.

Like the plaintiffs in both *Viahart* and in *Chanel*, Plaintiff has expended significant resources and effort trying to locate physical addresses for each of the Defendants, but each address

appears to be false or deficient in some way. Plaintiff commenced discovery from the Marketplaces pursuant to the TRO in order to determine the Defendants' contact information, and thereafter sent notice of this suit to each email Plaintiff discovered. Exhibit 2 ¶ 6 (Appx. 80-81). Plaintiff's email successfully reached 496 of the Defendants (*Id.*) and Plaintiff has been in active reciprocal email communication with the 251 Responsive Defendants (*Id.* ¶ 5 (Appx. 80)). Accordingly, this Court should allow Plaintiff to serve the Defendants via email, which is the option most reasonably calculated to notify the Defendants of this suit.

This case is also nearly identical to *BVE Brands, LLC v. Does 1-82*, No. 1:20-CV-505- RP (W.D. Tex. May 14, 2020). In *BVE Brands*, a counterfeit version of plaintiff's product was being sold by foreign sellers via online infringing webstores on e-commerce websites. Exhibit 4 at 2 (Appx. 92). The court held that "alternative service by email" was "permissible under the Hague Convention, Rule 4(f), and the requirements of due process" because the plaintiff had not discovered the defendants' true addresses, and because the plaintiff established that the defendants "must use email to 'communicate with consumers' and 'maintain contact' with ecommerce platforms and 'must provide electronic mail addresses for their payment accounts to accept payments[.]" *Id.* at 15 (Appx. 105). The court specifically noted that:

> Courts often authorize email service "when the record discloses diligent efforts by the plaintiff to obtain a physical address to effect traditional service, that the defendant does business on-line (particularly business related to the subject of the suit), and that the defendant has recently communicated using the e-mail address the plaintiff proposes to use for service." *Collins v. Doe*, No. CIV.A. H-10-2882, 2010 WL 4954727, at *1 (S.D. Tex. Nov. 30, 2010) (collecting cases). Most if not all of those circumstances are found here.

*Id.* Accordingly, the *BVE Brands* court authorized alternative service of process via email on the 84 foreign defendants on May 14, 2020. *Id.* at 21 (Appx. 111).

Like the plaintiff in *BVE Brands*, Plaintiff is unaware of the Defendants' true identities and physical whereabouts, as the Defendants operate illegal Infringing Webstores from foreign jurisdictions, using fictitious names, and without providing their mailing or physical contact addresses. Dkt. 7-2 at ¶ 14 (PageID 2102). Plaintiff has diligently sought to obtain physical addresses for the Defendants to effect traditional service since this lawsuit was filed, but many of the physical addresses were not produced by the Marketplaces, and as discussed above, the physical addresses contain deficiencies that would frustrate the purpose of traditional service. However, the Defendants all do business online, Plaintiff has been actively communicating back-and-forth with the 251 Responsive Defendants, and Plaintiff successfully delivered emails to 496 of the defendants without the emails "bouncing back." Exhibit 2 ¶¶ 5, 6 (Appx. 80-81).

Furthermore, Plaintiff respectfully submits that an order allowing service of process via email in this case will benefit all parties and the Court by ensuring that Defendants receive immediate notice of the pendency of this action, thus allowing this action to move forward expeditiously and equitably. It is necessary for merchants who operate entirely online to maintain contact with the Defendant's Marketplace host to ensure they are functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Counsel representing some of the Responsive Defendants have even suggested that their clients will find ways to drain (and indeed are currently draining) the funds held in the accounts restrained by the TRO (Exhibit 5)—further exhibiting Plaintiff's urgent need to serve the Defendants expeditiously via email to advance the proceedings. Plaintiff thus respectfully requests that this Court authorize alternative service of process on the Defendants by email, which is the option most likely to reach the Defendants, would follow precedent, would comply with the

Federal Rules of Civil Procedure and the requirements of due process, and would mitigate the draining of Defendants' restrained accounts.

### B. Service of Process Via Email To Any Defendants Residing Within the United States is Proper Under Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2)

Although each Defendant appears to reside in a foreign country, to the extent that any Defendant resides in the United States, service by email can be authorized under Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2). Fed. R. Civ. P. 4(e) provides that, "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Tex. R. Civ. P. 106(b) provides that, upon a plaintiff's motion supported by affidavit, the court may authorize service "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

Texas courts have routinely granted motions for alternative service via email pursuant to Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2). *See generally VeroBlue Farms USA, Inc. v. Wulf*, No. 3:19-CV-00764-X, 2020 WL 2132677, at *1-2 (N.D. Tex. May 5, 2020); *Spencer v. City of Cibolo, Texas*, No. SA-20-CV-00350-JKP, 2020 WL 2043980, at *2 (W.D. Tex. Apr. 27, 2020); *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *3 (S.D. Tex. Mar. 20, 2013); *Collins*, 2010 WL 4954727, at *1. From a constitutional standpoint, email service on any domestic Defendants is analogous to email service on the foreign Defendants because service by email is reasonably calculated to give any domestic Defendants actual notice of the lawsuit. *See Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (service by email is "reasonably calculated to give

15

actual notice" to the domestic defendants because they, along with the foreign defendants, "are all engaged in internet-based commercial activities and rely on email as a means of communication").

Because email is the method of service most likely to reach Defendants, email service will apprise any domestic Defendants of this action and give them the opportunity to be heard. For the foregoing reasons, Plaintiff respectfully requests that this Court authorize alternative service of process by email on Defendants pursuant to Fed. R. Civ. P. 4(f)(3) and on any domestic Defendants pursuant to Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2).

As described in detail above, the Defendants all do business online, Plaintiff has been actively communicating back-and-forth with the 251 Responsive Defendants, and Plaintiff successfully delivered emails to 496 of the defendants without the emails "bouncing back." Exhibit 2 ¶ 6 (Appx. 80-81). Because courts find or presume delivery of an email if it is not returned as undeliverable, and because email is the method of service most likely to reach the Defendants, email service will apprise the any Defendants residing in the United States of this action and give them the opportunity to be heard.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court authorize alternative service of process by email pursuant to Federal Rule of Civil Procedure 4(f)(3), and on any Defendants residing in the United States that may later be identified pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b)(2). Plaintiff will effect alternate service on Defendants by email promptly upon this Court's authorization of such service.

Dated: June 5, 2021                    Respectfully submitted,

**CREEDON PLLC**

By: */s/ Charles A. Wallace*
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel.    972.850.6864
Fax    972.920.3290
jhcreedon@creedonpllc.com
cwallace@creedonpllc.com

ATTORNEYS FOR PLAINTIFF
THE NAUGHTYS LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2021, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Charles A. Wallace*
Charles A. Wallace

## CERTIFICATE OF CONFERENCE

On June 4, 2021, undersigned counsel contacted each known counsel representing Defendants at the above email addresses pursuant to Local Rule 7.1 to ascertain whether or not above counsel would be opposed to Plaintiff's filing of its Motion for Alternative Service of Process. None of the above counsel responded to undersigned counsel, so this Motion is filed as "Opposed."

By: */s/ Charles A. Wallace*
Charles A. Wallace