IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| THE NAUGHTYS LLC § | |
|     Plaintiff, § | |
| § | Case No. 4:21-cv-00492-O |
| v. § | |
| § | |
| DOES 1-580, § | |
|     Defendants. § | |

## SHAN DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Shan Defendants[1] respectfully submit this memorandum opposing The Naughtys LLC's ("Naughtys" or "Plaintiff") motion for preliminary injunction (ECF No. 20).

As explained below, the Court should deny Plaintiff's requested preliminary injunction because: a) Plaintiff has not served Defendants with process; and b) no bond has been posted.

Additionally, the Shan Defendants join with the opposing response filed by the Leihuyoumechenger Defendants (ECF No. 65).

---

[1] When the undersigned counsel refers to a represented group of defendants, he will refer to all the defendants represented by the same counsel by the name of the numerically first Doe defendant of the represented group, e.g., "the Shan Defendants" (from Doe 189, who used the market name "Shan-s"). Thus far, this group comprises the following defendants: Doe 189 (Shan-s), Doe 201 (NyaKLI ), Doe 206 (Debouor), Doe 218 (GJK-SION), Doe 220 (COL beans), Doe 221 (Mariee), Doe 225 (Fhci-HR), Doe 226 (Vdaye), Doe 228 (CO CO-US ), Doe 232 (milkcha), Doe 238 (ChenJBO), Doe 244 (douk-Quite), Doe 248 (YHCWJZP), Doe 249 (S5E5X), Doe 250 (xatos), Doe 256 (cocounut ), Doe 285 (Ikevan), Doe 301 (Hilyo), Doe 302 (Shimigy ), Doe 307 (TBKOMH), Doe 313 (much MUCHYOU ), Doe 333 (Surgical), Doe 335 (ZEFOTIM), Doe 342 (PIKAqiu33 ), Doe 348 (OFMWBN), Doe 355 (who-canside), Doe 367 (GREFER), Doe 390 (Atlanta1816), Doe 391 (AtlantaMart2005), Doe 395 (bigbigshow2012), Doe 396 (bodhi1998), Doe 402 (CincinatiStore ), Doe 406 (Denver0806), Doe 411 (e1xytrep), Doe 412 (easyshopping66 ), Doe 413 (eridu905), Doe 414 (eriophoroidesxx), Doe 422 (gilroy2012), Doe 423 (globalfashion2010), Doe 426 (GreatSpringfield), Doe 433 (hongyinlon0), Doe 434 (hotdeal320), Doe 437 (hutrsate51), Doe 443 (KansasDeal ), Doe 460 (Nannouth), Doe 466 (ppktjfa8612), Doe 474 (rockfoilcrabbh), Doe 486 (SZbhkei12), Doe 501 (watch_deal), Doe 505 (wishmart2014), Doe 511 (xxzfalcon849), Doe 515 (yishengmall2014), Doe 516 (yupaxxs), Doe 526 (bismarck), Doe 527 (montgomery), Doe 532 (Bakheng), Doe 533 (adriaticgo), Doe 538 (ashur80), Doe 560 (yingli520), Doe 561 (yangsuiqwe), Doe 575 (aishengheji), and Doe 576 (LiusaIuy).

**I.   Procedural History and Background Facts.**

Plaintiff initiated this action on April 2, 2021, for the alleged infringement of the Naughty Santa products covered by U.S. Copyright Reg. Nos. VA 2-058-421, VA 2-058-14, VA 2-237-338, and VA 2-237-579 ("Accused Products", ECF No. 1).

Plaintiff filed an *ex parte* motion for a temporary restraining order that also sought asset restraint, expedited discovery, and alternative service of process via email (ECF No. 6). The Court granted the motion TRO and its companion motions on April 2, 2021 (ECF No. 9). The Court extended the TRO on April 13, 2021, which expired on May 1, 2021 (ECF No. 13).

Defendants have not been served with process.

**II.   Argument**

Despite summonses being issued between May 19, 2021 and May 20, 2021 (ECF No. 49-62), Plaintiff has not yet even attempted to serve Defendants with process. It is well settled that without service of process, this Court has no jurisdiction over the named defendants. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (holding that an injunction was improper because the defendant had not been served with process).

Because a "district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction," Plaintiff's motion should be denied. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985); *Burch v. Freedom Mortg. Corp.*, No. 3:18-CV-2731-M-BH, 2019 WL 3208803, at *6 (N.D. Tex. June 27, 2019), report and recommendation adopted, No. 3:18-CV-2731-M-BH, 2019 WL 3206077 (N.D. Tex. July 16, 2019); *Singer v. Balzorah El*, No. 3:18-CV-02937-M, 2018 WL 6737676, at *1 (N.D. Tex. Nov. 16, 2018) (denying temporary restraining order absent valid jurisdiction); *GDS Int'l, LLC v. CalgaRIG Corp.*, No. CV H-17-0162, 2017 WL 5127221, at *1

(S.D. Tex. Jan. 26, 2017) (denying preliminary injunction where foreign defendant had not been served with process); *See also*, *3M Co. v. Christian Invs. LLC*, No. 1:11CV627, 2011 WL 3678144, at *2 (E.D. Va. Aug. 19, 2011) ("it is premature to convert the temporary restraining order into a preliminary injunction against all defendants because 3M has not completed service of process on all non-domain-name defendants"); *Schuh v. Michigan Dep't of Corr.,* No. 1:09-CV-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010), report and recommendation adopted, No. 1:09-CV-982, 2010 WL 3655654 (W.D. Mich. Sept. 16, 2010) ("When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required."); *Carty v. Rhode Island Dep't of Corr.*, 198 F.R.D. 18, 20 (D.R.I. 2000) ("When an injunction is sought, service of the summons and the complaint is required. It is well settled that without service of process, this Court has no jurisdiction over the named defendants. Personal jurisdiction is established either by proper service of process, or by the defendant's waiver of any defect in the service of process.").

Separately, Plaintiff's motion for preliminary injunction should be denied because the record does not show that Plaintiff has not posted the required $1,000 bond ordered by this Court. (See ECF No. 9, ¶ 7; Fed. R. Civ. P. 65(c).) Because of the importance of the bond requirement, "failure to require the posting of a bond or other security constitutes grounds for reversal" of an injunction. *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990), *citing*, *Continuum Co. v. Incepts, Inc.,* 873 F.2d 801, 803 (5th Cir.1989); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2954 at 524 (2d ed. 1982).

Controlling case law militates against enforcement of a preliminary injunction unenforceable. *See*, *Matter of J. D. Jewell, Inc.*, 571 F.2d 928, 931 (5th Cir. 1978).

### III. Conclusion

Defendant respectfully requests that this Court deny Plaintiff's request for a Preliminary Injunction as to the Shan Defendants, if not all defendants in the case who are similarly situated.

Plaintiff has not affected sufficient service of process and this Court therefore does not possess proper jurisdiction over the Defendant to enforce the Preliminary Injunction.

Respectfully Submitted,
/s/Warren V. Norred, P.E.
Warren V. Norred, P.E.
NORRED LAW, PLLC
515 East Border Street
Arlington, Texas 76010
817.704.3984 office; 817.524.6686 fax

Adam E. Urbanczyk
Au LLC
564 W. Randolph St. 2nd Fl.
Chicago, IL 60661
adamu@au-llc.com
 (312) 715-7312
ARDC: No. 6301067
Pro hac vice pending

*Counsel for Defendants*

**CERTIFICATE OF SERVICE -** I hereby certify that on June 7, 2021, I filed the above response in the Court's docket using its CM/ECF system, which served notice on all counsel of record.
/s/*Warren V. Norred*

4