UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE NAUGHTYS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00492-O |
| | § | |
| DOES 1-580, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON PRELIMINARY INJUNCTION

Before the Court are Plaintiff's Motion for Preliminary Injunction (ECF No. 20), filed April 29, 2021; Li Defendants'[1] Objection (ECF No. 65), filed May 20, 2021; Defendant Wu Lian Yun's Objection to the Injunction (ECF No. 66), filed May 24, 2021; Plaintiff's Motion for Alternative Service of Process (ECF No. 74)[2], filed June 5, 2021; Defendant KHuhun's Objection (ECF No. 78), filed June 6, 2021; and Shan Defendants' Response and Objection (ECF No. 77), filed June 7, 2021. After holding a hearing[3], and reviewing the briefing, relevant facts, and applicable law, the Court finds the Motion is **GRANTED in part** and **DENIED in part**.

---

[1] The Court finds it necessary to distinguish between the 580 Defendants in this case. Therefore, the group of 62 Defendants represented by Warren Norred will be referred to as the "Shan Defendants" and the group of 59 Defendants represented by Neal Massand will be referred to as the "Li Defendants."

[2] The Court defers ruling on this Motion until further briefing. Defendants must brief their objections to service of process, including the response to Plaintiff's Motion for Alternative Service of Process no later than **June 14, 2021**, and Plaintiff may reply no later than **June 21, 2021.**

[3] Two attorneys appeared in person on behalf of 121 Defendants. There are 59 defendants represented by Neal Massand and 62 defendants represented by Warren Norred. In accordance with the objections at the hearing, the parties are **ORDERED** to brief personal jurisdiction and service of process. Plaintiff must file a brief establishing whether personal jurisdiction exists as to all 580 Defendants in this case no later than **June 18, 2021;** Defendants must respond no later than **June 23, 2021**, and Plaintiff may reply no later than **June 28, 2021.**

1

## I. BACKGROUND

This case arises from the counterfeit sales of "Naughty Santa" ornaments. Plaintiff, The Naughtys LLC, owns copyrights for the Naughty Santa ornaments. The Defendants allegedly placed counterfeit goods on online marketplaces, such as Amazon, Walmart, and eBay, and sold the counterfeit goods. Defendants are comprised of hundreds of online marketplaces, many of which have yet to answer or otherwise appear.

Plaintiff moved this Court for an *ex parte* temporary restraining order. ECF Nos. 6-8. The Court granted the order and subsequently extended the order one time. The order expired on May 1, 2021. Plaintiff moved for the entry of a preliminary injunction to prohibit the sale of the counterfeit goods and prohibit the fraudulent transfer of assets prior to trial. The Court held a hearing on the motion for preliminary injunction on June 7, 2021, at 8:00 a.m. Counsel for Plaintiff and Counsel for the Li Defendants and the Shan Defendants appeared in person. The Pro Se Defendants[4] objected via written motion, and the Remaining Defendants[5] have not yet appeared. The Court addresses each category of Defendants separately.

## II. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" and will only be granted if the movant carries its burden on all four requirements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The Court may issue a preliminary injunction if the movant establishes (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that

---

[4] The Court also recognizes that three pro se defendants have appeared. Each of the pro se defendants live in China and appeared via the Court's emergency pro se email filing system. *See* Pro Se Defendant Wu Lian Yun, ECF No. 17; Pro Se Defendant Makeupstory, ECF No. 70; Pro Se Defendant KHugun ECF No. 78. These Defendants will be referred to collectively as the "Pro Se Defendants."

[5] The Defendants that are not yet represented by counsel and have not appeared yet are referred to as the "Remaining Defendants."

the balance of hardships weighs in the movant's favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *See Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013); *Concerned Women for Am. v. Lafayette Cnty.*, 883 F.2d 32, 34 (5th Cir. 1989); *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000), *aff'd* 244 F.3d 134 (5th Cir. 2000); *see also* Fed. R. Civ. P. 65; *TGI Friday's, Inc. v. Great Nw. Rest., Inc.*, 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision whether to grant a preliminary injunction is within the discretion of the court . . . .") (internal quotations omitted).

The movant must make a clear showing that the injunction is warranted, and the issuance of a preliminary injunction "is to be treated as the exception rather than the rule." *Jones*, 122 F. Supp. 2d at 718 (citing *Miss. Power & Light Co.*, 760 F.2d at 621). Furthermore, when a plaintiff seeks a preliminary injunction, there is a heavier burden on plaintiff to establish that injunctive relief is appropriate. *See Mathis v. Conn. Gen. Life Ins. Co.*, 882 F. Supp. 92, 94 (N.D. Tex. 1994) (citing *Tate v. Am. Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981)); *see also Rush v. Nat'l Bd. of Med. Examiners*, 268 F. Supp.2d 673, 678 (N.D. Tex. 2003) (quoting *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979)) ("Only in rare instances is the issuance of a mandatory preliminary injunction proper.") (internal quotations omitted).

### III. ANALYSIS

#### A. Substantial Likelihood of Success on the Merits

"A plaintiff is likely to succeed on a claim for copyright infringement if the plaintiff can establish: (1) ownership in a valid copyright and (2) copying by the defendant." *MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g*, No. CIV.A.4:04-CV-445-Y, 2004 WL 2187143, at *1 (N.D. Tex. Sept. 28, 2004); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1007-08 (5th Cir. 1991) ("To

establish 'ownership,' the plaintiff must prove that the material is original, that it can be copyrighted, and that [the plaintiff] has complied with statutory formalities"). There are two ways to prove copying: (1) with proof of direct evidence of copying or (2) through circumstantial evidence demonstrating that the defendant had access to the copyrighted work and that the two works are "probatively" similar. *Gen. Univ. Sys., Inc. v. Lee*, 379 F.3d 131, 141-142 (5th Cir. 2004). Access need not be shown in some cases where "the two works are so strikingly similar as to preclude the possibility of independent creation." *Id*. at 142.

 

**Plaintiff's Products**                           **Defendants' Products**

Plaintiff alleges that it is clear from these pictures of the two works that Defendants sold or offered to sale infringing products and that the products are the original work of Plaintiff. None of the Defendants contest that proposition currently. They further allege that they purchased the products from a supplier in China, who Plaintiff has yet to name in this litigation.

This element weighs in favor of granting the injunction because Defendants do not dispute the substantial similarity of the products. Defendants do dispute that they *intentionally* copied Plaintiff's work, arguing they simply purchased the infringing products from a supplier in China, who is the person that allegedly copied Plaintiff. That issue is more appropriately focused on damages. Accordingly, this element favors Plaintiff.

### B. Irreparable Harm

This factor weighs in favor of Plaintiff as against the Shan Defendants and the Remaining Defendants; however, the Court finds that irreparable harm cannot be established against the Li Defendants or the Pro Se Defendants. Therefore, as against the Li Defendants and the Pro Se Defendants, the Motion for Preliminary Injunction must be **DENIED.**

Plaintiff claims it conclusively established irreparable harm because "[w]hen a plaintiff seeks an injunction under the Copyright Act, the plaintiff establishes a rebuttable presumption of irreparable harm when the plaintiff shows that a valid copyright has been infringed." *MGE UPS Sys., Inc.*, 2004 WL 2187143, at *2 (*citing Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979) and *Olan Mills, Inc. v. Eckerd Drug of Tex., Inc.*, 1988 WL 161314, at *2 (N.D.Tex.1998)); *see also Worlds of Wonder, Inc. v. Veritel Learning Sys., Inc.*, 658 F. Supp. 351, 356 (N.D. Tex. 1986) (holding that "[a] showing of a reasonable likelihood of success on the merits of a copyright infringement claim raises a presumption of irreparable harm"). Plaintiff did not cite to a Supreme Court case that made clear *each Canal* factor must be established independently in accordance with traditional principles of equity. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Although *eBay Inc.* involved a Patent Act injunction, the Supreme Court emphasized that its "approach is consistent with [its] treatment of injunctions under the Copyright Act." *Id.* at 392. The Supreme Court explicitly declined to adopt "broad classifications" and "general rules" to injunctive relief and its necessary elements. *Id.* at 393–94. The Supreme Court explained that "injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity." *Id.* This resulted in another[6] rejection by the Supreme Court to accept an

---

[6] *See, e.g.*, *New York Times Co. v. Tasini*, 533 U.S. 483, 505 (2001) (citing *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 578 (1994)); *Dun v. Lumbermen's Credit Assn.*, 209 U.S. 20, 23–24 (1908).

5

"invitation to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." *Id.* at 392–93. The assertion that irreparable harm automatically exists when establishing a substantial likelihood of success on the merits disregards binding precedent.

Alternatively, Plaintiff argues that the irreparable harm element is met because Defendants' sale of the products has harmed Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. But, the Li Defendants and the Pro Se Defendants allege that money damages would be sufficient to remedy any harm because the infringing products have been taken off of all 59 of the platforms run by Li Defendants, and some of the Li Defendants have never sold an infringing product as alleged. Further, unlike some others, none of the Li Defendants have threatened to drain assets. Based on this, the Court concludes there is an adequate remedy at law as against the Li Defendants and the Pro Se Defendants, such that the injunction should not issue against them.

Because the products will no longer be advertised or sold, and none of the Li Defendants and none of the Pro Se Defendants threatened to drain assets[7], the Court finds the Plaintiff failed to establish irreparable harm as it relates to the Li Defendants and the Pro Se Defendants. Therefore, because the second element is not established as to the Li Defendants or the Pro Se Defendants, the motion for preliminary injunction must be **DENIED.** Accordingly, no injunctive relief is issued against the Li Defendants and the Pro Se Defendants.[8] However, the Court

---

[7] Counsel for the Li Defendants also represented to the Court that his clients have no intention of fraudulently transferring their assets. The Pro Se Defendants each represented to the Court that they have taken down the infringing products and do not present any risk of fraudulently draining their accounts. If this proves to be untrue, Plaintiff may address it in the future.

[8] The TRO in this case has been expired since May 2, 2021. However, for the sake of clarity, the Li Defendants and the Pro Se Defendants are no longer bound by the Court's injunction in this case.

recognizes Plaintiff's interest in ensuring that the Li Defendants do not drain their assets; therefore, the Li Defendants are **ORDERED** to transfer $3,179 to Counsel Neal Massand's IOLTA account **no later than June 11, 2021** to ensure that should Plaintiff prevail, the actual damages will be available.

As to the Shan Defendants and the Remaining Defendants in this case, the Court is persuaded that there is a risk of irreparable harm through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales, as well as the risk of Defendants transferring their assets or otherwise attempting to become judgment-proof. *See* ECF No. 68 Exhibit 1[9]. Counsel for the Shan Defendants is not yet aware of whether his clients have taken the infringing products off their platforms, nor is he aware whether any of his clients intend to become judgment-proof through fraudulent transfers; therefore, irreparable harm as against the Shan Defendants and the remaining Defendants has been established. Because the Shan Defendants and the other remaining Defendants have not committed to removing the infringing products from their webstores, and some of the Defendants have explicitly threatened to become judgment-proof, the Court finds that irreparable harm is established as against the Shan Defendants and the Remaining Defendants.

### C. Balancing Test

This factor weighs in favor of Plaintiff as against the Shan Defendants and the Remaining Defendants. *See, e.g.*, *Olan Mills, Inc.*, 1988 WL 161314, at *3 (finding that the defendant's infringing conduct resulted in the loss of a primary source of the plaintiff's income, and that the defendant will suffer minimal hardship if enjoined from further infringing on the plaintiff's

---

[9] Exhibit 1 details an email exchange between counsel for Plaintiff and an individual named Jesun, who purports to represent some of the Defendants named in this case. In the emails, Jesun threatened to drain the Amazon accounts after settlement discussions between counsel were unsuccessful.

copyright); *see also Worlds of Wonder, Inc.*, 658 F. Supp. at 357 (finding that even if an infringing defendant could establish that an "injunction would have a devastating effect on its business," the court should not permit an infringer to construct its business around its infringement and deny preliminary injunctive relief). The Shan Defendants and the Remaining Defendants have not adequately contested this factor such that after considering Plaintiff's position, the Court finds that the balancing of interests weighs in favor of Plaintiff.

### D. Public Interest

This factor weighs in favor of Plaintiff as against the Shan Defendants and the Remaining Defendants. *See Lyrick Studios, Inc. v. Big Idea Prods. Inc.*, No. CIV.A. 302CV0034-M, 2002 WL 32157203, at *2 (N.D. Tex. Apr. 19, 2002) ("the public interest will be served by preserving rights protected by the federal Copyright Act."); *Olan Mills, Inc.*, 1988 WL 161314, at *3 ("an injunction will in fact serve the public interest by protecting copyrights created by Congress."). Because the copyright infringement is not disputed in this case (only the willfulness of it is), and the protection of valid copyrights serves the public interest, this factor is established against the Shan Defendants and the Remaining Defendants. Finding that each of the elements are established against the Shan Defendants and the Remaining Defendants, the Court **GRANTS** Plaintiff's Motion for Preliminary Injunction as against the Shan Defendants and the Remaining Defendants.

**IT IS THEREFORE ORDERED THAT:**

1. The Shan Defendants and the Remaining Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be preliminarily enjoined and restrained from:

a. advertising, displaying, distributing, selling, manufacturing, delivering, shipping, or enabling others to advertise, display, distribute, manufacture, deliver, ship, or sell any copies or derivative works based on Plaintiff's genuine products, including, without limitation, the products appearing in Exhibit 2 to Plaintiff's Motion for Injunction or other colorable imitations of Plaintiff's Products, or products that otherwise infringe on Plaintiff's copyright registrations;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

c. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating webstore pages or any other domain name that is being used to sell or is the means by which Defendants could continue to sell products that infringe on Plaintiff's Products ("the Infringing Products");

d. moving, relocating, or otherwise disposing of any funds currently located in Shan Defendants' and Remaining Defendants' online accounts, including, without limitation, from AliExpress, Amazon, DHgate, eBay, Walmart, Wish, Alipay, PayPal, Payoneer, WorldFirst, and Western Union; and

e. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Infringing Products;

2. Shan Defendants and Remaining Defendants, within 14 days after receiving notice of this Order, shall serve on Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts that hold proceeds from the sale of the infringing products, including but not limited to all AliExpress, Amazon, DHgate, eBay, Walmart, Wish, Alipay, PayPal, Payoneer, WorldFirst, Western Union, etc. accounts; and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(f) above.

3. Shan Defendants, Remaining Defendants, and any persons in active concert or participation with them who have actual notice of this Order shall be preliminarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, or other assets of Shan Defendants and Remaining Defendants until further ordered by this Court.

4. All Third-Party Providers and their affiliates shall, within 2 business days of receipt of this Order, locate all accounts and funds connected to the Shan Defendants and Remaining Defendants, including any new accounts that may have been added since the Court issued the TRO, and block, or continue to block, all money transfers and funds from being transferred by such Shan Defendants and Remaining Defendants until further ordered by this Court.

5. Plaintiff shall provide notice of this preliminary injunction order to Shan Defendants through counsel and provide notice to the Remaining Defendants by sending an email to the email addresses provided for the Remaining Defendants by third parties hosting their webstores, such as AliExpress, Amazon, DHgate, eBay, Walmart, Wish, etc. Providing notice via email, along with any notice that Defendants receive from the Third-Party Providers, shall constitute notice reasonably calculated under all circumstances to apprise Shan Defendants and Remaining Defendants of this preliminary injunction.

6.      This Order shall apply to the Infringing Webstores, websites, and any other domain names properly brought to this Court's attention and verified by sworn declaration that verifies such new webstores or domain names are being used by Shan Defendants and Remaining Defendants for the purpose of infringing the copyrights at issue in this action.

## IV.    CONCLUSION

For the reasons stated, the Motion for Preliminary Injunction is **GRANTED in part and DENIED in part.** The Motion is denied as against the Pro Se Defendants and the Li Defendants, but the Li Defendants are **ORDERED** to transfer $3,179 to their counsel's IOLTA account no later than June 14, 2021. The Motion for Preliminary Injunction (ECF No. 20) is **GRANTED** as against the Shan Defendants and Remaining Defendants.  **Plaintiff shall post a bond of $1,000.00.**

**SO ORDERED** on this **9th day of June, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

11