# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| THE NAUGHTYS LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:21-cv-00492 |
| v. | ) | |
| | ) | Judge Reed C. O'Connor |
| DOES 1-580, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS

**NOW COME** the Shan Defendants[1] ("Defendants"), by and through their undersigned counsel, and respectfully submit this memorandum of law in opposition to Plaintiff, The Naughtys LLC's, (hereinafter "Naughtys" or "Plaintiff") Motion for Alternative Service of Process (the "Motion") dated June 5, 2021 [ECF 74].

SUMMARIZING, Plaintiff's Motion should be denied because the Hague Convention applies to suit, the Hague Convention limits court-ordered methods of service under Rule 4(f)(3), and service by email is not provided as an acceptable means of service in this case. Additionally, Plaintiff has failed to even attempt service under Rule 106 of the Texas Rules of Civil Procedure, and thus cannot claim its requested relief under state law.

---

[1] Following this Court's identification in [ECF 81]: 560 yingli520, 561 yangsuiqwe, 575 aishengheji, 576 LiusaIuy, 532 Bakheng, 526 bismarck, 533 adriaticgo, 538 ashur80, 527 montgomery, 302 Shimigy, 220 COL beans, 232 milkcha, 342 PIKAqiu33, 256 cocounut, 285 Ikevan, 333 SurgicaL, 201 Clearance&100%quality,NyaKLI, 225 Fhci-HR, 355 who-canside ☺ 90% Discount Fast Delivery☺, 313 much MUCHYOU ❄ 90% Discount Cyber Monday❆Direct, 226 Vdaye, 218 GJK-SION, 348 OFMWBN, 244 douk-Quite, 238 Chenjbo (Halloween clearance&Christm as clearance ), 221 Mariee, 189 Shan-s, 206 Debouor, 249 S5E5X, 250 xatos, 307 TBKOMH（♛2021 Golden Moment: Up to 80% off♛), 335 ZEFOTIM Big Promotion!!!, 367 GREFER, 412 easyshopping66, 391 AtlantaMart2005, 511 xxzfalcon849, 411 e1xytrep, 402 CincinatiStore, 423 globalfashion2010, 505 wishmart2014, 396 bodhi1998, 433 hongyinlon0, 413 eridu905, 390 Atlanta1816, 414 eriophoroidesxx, 474 rockfoilcrabbh, 486 SZbhkei12, 516 yupaxxs, 460 Nannouth, 443 KansasDeal, 426 GreatSpringfield, 501 watch_deal, 422 gilroy2012, 434 hotdeal320, 515 yishengmall2014, 395 bigbigshow2012, 406 Denver0806, 437 hutrsate51, 466 ppktjfa8612, 228 CO CO-US, 248 YHCWJZP, and 301 Hilyo.

I.  **Procedural History and Background Facts.**

Plaintiff initiated this action against the Schedule A Defendants on April 2, 2021, for the alleged infringement of the Naughty Santa products covered by U.S. Copyright Reg. Nos. VA 2-058-421, VA 2-058-14, VA 2-237-338, and VA 2-237-579 ("Accused Products"). [ECF No. 1]. Plaintiff filed an *ex parte* Motion for entry of a Temporary Restraining Order, seeking an asset restraint, expedited discovery, and other relief predicated, in part, on the defendants in this case being predominantly Chinese.  [ECF No. 6].  The Court granted the TRO and its companion motions on April 2, 2021.  [ECF No. 9].  The Court extended the TRO on April 13, 2021.  [ECF No. 13].

Pursuant to the TRO, Plaintiff obtained discovery from third-parties such as Wish, AliExpress, eBay, and Amazon, including certain contact information.  [ECF No. 75-1].  Of the 62 Defendants, Plaintiff obtained address information for all but one Defendant; a selection of Plaintiff's discovered information with respect to Defendants is attached hereto as Exhibit 1.

Amazon.com requires that its merchant sellers, like certain of the Defendants, provide and maintain accurate address information within their accounts.[2]  Ebay.com requires that its merchant sellers, like certain of the Defendants, provide and maintain accurate address information within their accounts.[3]  Wish.com requires that its merchant sellers, like certain of the Defendants, provide and maintain accurate address information within their accounts.[4] Plaintiff has provided no evidence that any of the addresses identified by third-parties are

---

[2] *See*, Amazon Services Business Solutions Agreement, Section 2, available at
https://sellercentral.amazon.com/gp/help/external/G1791?language=en_US, last accessed June 15, 2021.
[3] *See*, User Agreement, Section 18(B)(2), available at https://www.gunbroker.com/Item/902904967, last accessed June 15, 2021.
[4] *See*, Merchant Terms of Service and Agreement, Section 2, available at https://merchant.wish.com/terms-of-service, last accessed June 15, 2021.

incorrect, nor has Plaintiff provided any evidence of failed attempts to reach any defendants at the physical addresses identified for them by third-parties.

## II.  Argument

### a.  The Hague Convention is an international agreement that, where applicable, limits court-ordered methods of service under Fed. R. Civ. P. 4(f)(3).

Rule 4(h) governs service of process to a foreign entity.  It provides that a "foreign corporation, or a partnership or other unincorporated association that is subject to suit…must be served…at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual."  Fed. R. Civ. P. 4(h).  Rule 4(f) in turn provides that "an individual … may be served at a place not within any judicial district of the United States…by other means *not prohibited by international agreement*."  Fed. R. Civ. P. 4(f)(3) (emphasis added).

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention") is such an international agreement as stated in Rule 4(f)(3).  A true and correct copy of the Hague Convention is attached hereto as Exhibit 2.

The Supreme Court, Federal Circuit Courts and District Courts had repeatedly and uniformly held that the Hague Convention, where applicable, limits court-ordered methods of service under Rule 4(f)(3) and compliance with the Hague Convention is mandatory wherever it applies.  *Water Splash Inc. v. Menon*, 137 S.Ct. 1504, 1507 (2017)( "the Hague…Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies."); *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."); *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.,* 494 F. Supp. 3d 404, 410 (N.D.

Tex. 2020); (same); *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (Reviewing method of service under Rule 4(f)(3) only after deciding that the Hague Convention does not prohibit the method, and holding "[b]ecause service of process was attempted abroad, the validity of that service is controlled by the Hague Convention, to the extent that the Convention applies); *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention.").  More importantly, as a ratified treaty, the Hague Convention's application to Rule 4(f)(3) is required by the U.S. Constitution. *See* U.S. Const. Art. VI, cl. 2; *See also Ackermann v. Levine*, 788 F.2d 830, 838 (2nd Cir. 1986)("As a ratified treaty, the Convention is of course the supreme law of the land.").

In contrast, where The Hague Convention does *not* apply, courts have held that service of process via publication and email were sufficient.  *See e.g.*, *Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217 (S.D.N.Y. 2003) (holding that service of process by publication was allowed, disregarding The Hague Convention requirements as Afghanistan was not a signatory thereto); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000) (holding service of process by email allowed and The Hague Convention inapplicable as defendants had no known address).

### b.  The Hague Convention is applicable to the service of process upon Defendants.

The Hague Convention applies only when certain conditions are met.  Both the origination State and the destination State of the document must be contracting states to The Hague Convention. *Cf.*, *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 178 (2nd Cir. 1979) (holding The Hague Convention not applicable as the destination State of The Bahamas was not a signatory).  There must also be occasion to transmit a judicial or extrajudicial document for

service abroad.  The Hague Convention would not apply where "the address of the person to be served with the document is not known."  *See*, The Hague Convention, Art. 1.  However, "[a] plaintiff cannot close its eyes to the obvious to avoid the Hague Service Convention; the plaintiff must make reasonably diligent efforts to learn the defendant's mailing address."  *Luxottica Group S.p.A.* and *Oakley, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule* "A", No. 18-cv-02188 ECF 131 (N.D. Ill. May 24, 2019) (J. Gottschall), *citing*, *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4-5 (S.D.N.Y. Sept. 30, 2018); *Progressive Se. Ins. Co. v. J & P Transp.*, No. 1:11-CV-137, 2011 WL 2672565, at *3 (N.D. Ind. July 8, 2011); *Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011), *report and recommendation adopted*, No. 10-21134-CIV, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011); *Compass Bank v. Katz*, 287 F.R.D. 392, 394-395 (S.D. Tex. 2012) (collecting cases).

For Defendants, or at least all except for Defendant 414, all conditions are met.  First, both the United States and China are signatories to The Hague Convention.  Second, there was occasion to transmit a judicial document for service abroad, because Defendants have no identified places of business or agent receiving process in the United States.

Third, the Defendants have known addresses, at least insofar as they are identified by the third-party platforms which Plaintiff demonstrates.  [ECF No. 75-1].  Specifically, these addresses were registered with the third-party platforms, under contractual obligations to maintain their accuracies, and Plaintiff has been aware of them at least as early as receiving expedited discovery from the third-party platforms due to the TRO.  Even if Plaintiff is suspicious of these addresses, courts require specific proof of a "reasonable investigation" of the address's validity before finding that it is "unknown" under Article 1.  *Advanced Access*, 2018

WL 4757939, at *5 (citations omitted); *see also, Compass Bank*, 287 F.R.D. at, 396; *Shenzhen Ruobilin Network Tech., Ltd. v. SJG-Lesn*, No. 16-CV-386-WMC, 2016 WL 6988868, at *2 (W.D. Wis. Nov. 29, 2016); *Blumedia Inc. v. Sordid Ones BV*, No. 10-CV-01158-MSK-KLM, 2011 WL 42296, at *2 (D. Colo. Jan. 6, 2011); Katz, 287 F.R.D at 395-96; *Progressive Se. Ins. Co.*, 2011 WL 2672565, at *2-3; *Cf.*, *Chanel, Inc. v. Song Xu*, No. 2:09-CV-02610-CGC, 2010 WL 396357, at *3 (W.D. Tenn. Jan. 27, 2010) (addresses was "unknown" where Plaintiff hired an investigator in China to verify physical addresses which turned out to be invalid). Plaintiff does not point to a reasonable investigation into Defendants, nor any other defendants in the case, but rather the mere convenience it would enjoy in simply sending email to all defendants. The Hague Convention applies to Plaintiffs' attempts to serve Defendant in this action.

### c. The Hague Convention prohibits Plaintiffs' proposed service by email.

The Hague Convention enumerates several permitted methods of service and prohibits all which are not enumerated. *Schlunk*, 486 U.S. at 699. The Supreme Court and several Federal Circuit Courts have repeatedly confirmed this reading. In *Water Splash* and *Schlunk*, the Supreme Court stated that "The Hague…Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." Water Splash, at 1507; *Schlunk*, at 699; *contra*, *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (disregarding *Water Splash* and *Schlunk* and not partaking in the above analysis, determining email service of process upon foreign defendant proper). Further, "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Schlunk*, at 705.

Plaintiff must indicate which specific article of The Hague Convention permits its service of process by mere email notice. *See*, *Ackermann*, at 838 (holding service of process by registered mail valid only after finding that Hague Convention Article 8 and Article 10

specifically permitted it); *Brockmeyer*, at 801 (holding service of process by mail valid only after finding Hague Convention article 10(a) specifically permitted it). They cannot. Specifically, The Hague Convention permits only the following methods of service, consisting of service by central authority (Article 2-7), by diplomatic and consular agents (Article 8-9), by mail or through judicial official of the State of destination if the destination State does not object (Article 10), by methods allowed by other international agreement (Article 11), and by other means as allowed by the internal laws of the destination State (Article 19). *See also, Water Splash,* at 1508 (reviewing the permitted methods).

In the present case, Defendants have not consented to receive service of process via email and service by email is not expressly <u>permitted</u> by any enumerated method of service under The Hague Convention. Specifically, Plaintiffs' method of service does not fall under Article 11 because U.S. and China do not otherwise have a treaty on the service of process. The method of service also does not fall under Article 19, as China's internal laws prohibit serving process by email without a defendant's consent. *See*, Civil Procedural Law of the People's Republic of China (Amended in 2017), including relevant Articles 87, 92, and 277, attached hereto as Exhibit 3[5]. Plaintiffs' proposed method of service also clearly does not fall under Articles 2-9 of The Hague Convention (*i.e.*, service by central authority or by consular agents), and China "oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention."[6] Because Plaintiff's proposed method of service is not permitted by The Hague Convention, it is thus prohibited and thus insufficient under Rule 4(f)(3). Schlunk, 486 U.S. at 699.

---

[5] Civil Procedure Law of the People's Republic of China (Revised in 2017), available at, http://cicc.court.gov.cn/html/1/219/199/200/644.html, last accessed June 15, 2021
[6] Hague Convention on Private International Law, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn, last accessed June 15, 2021

Moreover, Plaintiff does not describe or provide evidence of any attempts, be they failed, to serve defendants as permitted under the Hague Convention.  *See*, *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co., Inc.*, No. CV 19-608, 2019 WL 7049504, at *4 (W.D. Pa. Dec. 23, 2019) (denying motion for alternative service via email where Plaintiff did not first attempt to comply with The Hague Convention); *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *6 (W.D. Tex. July 5, 2018) (same) (collecting cases); *Cf.*, *Parsons v. Shenzen Fest Tech. Co.,* No. 18 CV 08506, 2021 WL 767620, at *3 (N.D. Ill. Feb. 26, 2021) (finding email service of process not prohibited by The Hague Convention where "Plaintiff has attempted to effect service under the Hague Convention, yet China's Central Authority has failed to provide a certificate, or even a response to any of Plaintiff's inquiries, in over two years.").  Plaintiff's proposed method of serving process upon Defendants would be prohibited under The Hague Convention, and thus Plaintiff's Motion should be denied.  *Prem Sales,* 494 F. Supp. 3d at 417 (N.D. Tex. 2020) ("This Court therefore determines that email service [upon Chinese defendant] is not permitted under the Convention because it is inconsistent with and not authorized by the Convention's delineated service methods.").

### d.  Plaintiff's Motion and Affidavit do not satisfy requirements under Texas law.

Plaintiff's proposed alternative service is also inadequate under Texas law, which Plaintiff's Motion misstates.  Texas rules provide that "the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition."  Tex. R. Civ. P. 106(a).

Rule 106 further provides that:

"Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing <u>that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful</u>, the court may authorize service…in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit."

Tex. R. Civ. P. 106(b) (emphasis added).  Not only does Plaintiff not provide any evidence of its attempts to serve any defendants as required under Section 106(a)(1) or 106(a)(2), but the Declaration of Charles A. Wallace doesn't state specifically any facts regarding such attempts, and merely describes its email activities with various defendants.  [ECF 75-2, ¶¶ 5-7].  "Strict compliance with the Rules of Civil Procedure relating to the issuance, service, and return of citation must be shown or the attempted service of process will be rendered invalid and of no effect."  *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 444 (Tex. App. 2000).  Texas courts have consistently held that alternate service cannot properly issue on a motion supported by an inadequate affidavit.  *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990); *Cunningham v. Nationwide Sec. Sols., Inc*., No. 3:17-CV-337-S-BN, 2018 WL 5722670, at *4 (N.D. Tex. June 29, 2018) (denying motion for alternative service in absence of adequate affidavit); *Fu v. Chin,* No. 3:18-CV-02066-N-BN, 2020 WL 890378, at *5 (N.D. Tex. Jan. 23, 2020), report and recommendation adopted sub nom. *Jyue Hwa Fu v. Yeh Chin Chin*, No. 3:18-CV-02066-N-BN, 2020 WL 887052 (N.D. Tex. Feb. 24, 2020) (same).  Even disregarding the defective Wallace affidavit, Plaintiff's Motion otherwise doesn't describe "that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful" as required under Tex. R. Civ. P. 106(b) for a court to allow such alternative email service.

A Court's jurisdiction is dependent upon a complaint and summons being issued and served in a manner provided for by law, and defendants' actual knowledge of the lawsuit does not place a duty on any of them to act.  *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 399 (5th Cir. 2001); *Harrell v. Mexico Cattle Co.,* 11 S.W. 863, 865 (1889); <u>Wilson</u>, 800 S.W.2d at 837; *See also*, *Velasco v. Ayala*, 312 S.W.3d 783, 792 (Tex. App. 2009) (voiding trial court judgment where Plaintiff's attempted service did not comply with The Hague Convention). Particularly with respect to default judgments - which will likely be the fate of most defendants in this case - "[t]here are no presumptions in favor of valid issuance, service, and return of citation."  *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 886 (Tex. 1985). Thus, allowing Plaintiff to "serve process" on defendants via email would invite well-founded challenges.  *See, e.g.*, *Lefcourt v. Health Enrollment Grp., Inc.,* No. 3:17-CV-2617-G, 2018 WL 3862082, at *3 (N.D. Tex. Aug. 14, 2018) (vacating default judgment where defendant was not properly served under Texas law).  Plaintiff's email activity with defendants, as extensive as it may be, doesn't count.

### III. Conclusion

Plaintiff's Motion promotes Plaintiff's mere convenience over the requirements of U.S. and Texas law.  Not only is email service of process upon Defendants, in light of Plaintiff's awareness of their locations, improper under The Hague Convention and thus Rule 4, but Plaintiff fails to satisfy Texas' strict civil procedure requirements.  Plaintiff's Motion should be denied with respect to all Defendants.

Respectfully submitted this June 15, 2021,

/s/Warren V. Norred, P.E                     Adam E. Urbanczyk
Warren V. Norred, P.E.                       Au LLC
NORRED LAW, PLLC                             564 W. Randolph St. 2nd Fl.
515 East Border Street                       Chicago, IL 60661
Arlington, TX 76010                          adamu@au-llc.com
817.704.3984 office                           (312) 715-7312
817.524.6686 fax                             ARDC: No. 6301067
wnorred@norredlaw.com                        *Pro hac vice pending*

                    *Counsel for Defendants*

Certificate of Service - I certify that I served this response and its attachments by the Court's electronic service to all parties in interest who have appeared and requested notice.

                    /Warren V. Norred/
                    Warren V. Norred

Exhibit 1

| Def. No. | Defendant's Merchant Username | Platform | Defendant Address |
|---|---|---|---|
| 189 | Shan-s | Amazon | bujijiedao JIN PAI SHE QU fengweixincun 78DONG1LOU102 shenzhenshi LONG GANG QU GuangDong 518114 CN |
| 201 | Clearance&100%quality,NyaKLI | Amazon | chengguanzhennongmaolu gongxiaoshejiazhuyuan52hao luoyangshimengjinxian henansheng 471100 CN |
| 206 | Debouor | Amazon | Longgangquban TianjiedaoYANGMEISHEQU YangmeiCUN 25hao 102 ShenzhenSHI GuangDONGSheng 518129 CN |
| 218 | GJK-SION | Amazon | qingshanqujianyizongheshichang1098hao WUHANSHI hubeisheng 430081 CN |
| 220 | COL beans | Amazon | danxianlixinzhuangzhen qinzhuangcun heze shandong 274334 CN |
| 221 | Mariee | Amazon | Nanshanqu Yuehaijiedao Gaoxinqushequ KeJiNanBaLu 2 Hao HaoWeiKeJiDaSha702 ShenZhenShi GuangDongSheng 518054 CN |
| 225 | Fhci-HR | Amazon | LuoHuQuDongMenJieDaoLiXinSheQuRenMinBeiLuLiangGuoJie 2HaoDaYuan2DongLiangGuoJie 40 10—102 ShangPu ShenZhenShi GuangDong 518000 CN |

| Def. No. | Defendant's Merchant Username | Platform | Defendant Address |
|---|---|---|---|
| 226 | Vdaye | Amazon | shenzhenshinanshanqunanshan jiedao gaoxinkejiyuanhouhaidadao238 8hao yihuajinrongkejidasha13ceng shenzhenshi guangdongsheng 518055 CN |
| 228 | CO CO-US | Amazon | longhuaquFUCHENGjiedaojutan gshequ xintangcun1HAO JINSHANLONGgongyeyuanA DONG103 SHEN ZHENSHI guangDONG 518100 CN |
| 232 | milkcha | Amazon | LongGangquJiHuajiedaoShuiJin gshequ JiHualu242haozhongnanmingzh udaxia801 ShenZhenshi Guangdongsheng 518112 CN |
| 238 | Chenjbo (Halloween clearance&Christm as clearance ) | Amazon | DALANGJIEDAOLANGKOUSHE QULANGKOUGONGYEYUAN79 HAO610 SHENZHENSHILONGHUAQU GUANGDONG 518109 CN |
| 244 | douk-Quite | Amazon | LONGGANGQU BANTIANJIEDAO wuheshequhekancun633C heshengdasha417 shenzhenshi GUANGDONG 518114 CN |
| 248 | YHCWJZP | Amazon | shenzhenshiguangmingxinqugu angmingjiedaozhenmeitongfuyu 6dong yilouAqu Shenzhen Guangdong 518107 CN |

| Def. No. | Defendant's Merchant Username | Platform | Defendant Address |
|---|---|---|---|
| 249 | S5E5X | Amazon | LONG CHENG JIE DAO BAO LI SHANG CHENG 6DONG 1005 SHEN ZHEN SHI LONG GANG QU GUANG DONG 518172 CN |
| 250 | xatos | Amazon | datongqujiulonggangzhenmazhu angcun6zu98hao huainanshi anhuisheng 232000 CN |
| 256 | cocounut | Amazon | guanyinqiao buxingjie16hao1dong28-3 JIANGBEIQU chongqingshi 400020 CN |
| 285 | Ikevan | Amazon | Longhua Xinqu Minzhi Dadao Xiangrong Shangwu Dasha 906 Longhuaxinqu ShenZhen Guang Dong 518100 CN |
| 301 | Hilyo | Amazon | Longgangqu longgangjiedaolonggangxusheq uhuategongye qu92donghuatebuxingjie101 Shenzhenshi GUANGDONG 518114 CN |
| 302 | Shimigy | Amazon | shenzexian beiyuandonglu18hao shijiazhuang hebei 052560 CN |
| 307 | TBKOMH （👑2021 Golden Moment: Up to 80% off👑) | Amazon | kejiyuanlu12haorongfengdasha4 01 longgangqu nanwanjiedao xialilangshequ shenzhenshi guangdongsheng 518114 CN |
| 313 | much MUCHYOU 囧 90% Discount Cyber Monday囧Direct | Amazon | LONGGANGQU nanwanjiedao xiayuanlu22haoAdong3lou SHENZHENSHI guangdong 518114 CN |

| Def. No. | Defendant's Merchant Username | Platform | Defendant Address |
|---|---|---|---|
| 333 | SurgicaL | Amazon | GUANLANJIEDAO kukengcunxinxulonggongyequ Bdong 1102hao SHENZHENSHI LONGHUAQU guangdong 518100 CN |
| 335 | ZEFOTIM Big Promotion!!! | Amazon | nanhaidadao 2616hao yuehaidasha A-3C nanshanqu yuehaijiedao chuangyelushequ shenzhenshi guangdongsheng 518054 CN |
| 342 | PIKAqiu33 | Amazon | nanhaidadaoxiguimiaolu beiyangguanghuayidasha1dong 4lou4E01 shen zhenshi nanshanqunanshanjiedao guangdong 518054 CN |
| 348 | OFMWBN | Amazon | luohuqugui yuan jiedaorenmin qiaoshequ bao annan lu 1036hao dingfengda sha305 shenzhen shi guang dong 518022 CN |
| 355 | who-canside 👮 90% Discount Fast Delivery👮 | Amazon | No.46, Li Dazhuang Village, Neighborhood Committee, Shijili Bozhou Anhui 236831 CN |
| 367 | GREFER | Amazon | LongHuaQu YouSongLu FuKangKeJiDaSha 8Lou AQu 4Shi ShenZhen GuangDong 518109 CN |
| 390 | Atlanta1816 | eBay | 深圳市龙岗区坂田街道五和社区光雅园工业园深圳市广东省51 8000China |
| 391 | AtlantaMart2005 | eBay | 深圳市龙岗区坂田街道五和社区光雅园工业园一区2号厂房二楼、三楼Shenzhen广东省518000 China |

| Def. No. | Defendant's Merchant Username | Platform | Defendant Address |
|---|---|---|---|
| 395 | bigbigshow2012 | eBay | 深圳市南山区南山街道南海大道西桂庙路北阳光华艺大厦1栋6BC-17Shenzhen广东省518000China |
| 396 | bodhi1998 | eBay | Longgangquwuheshequguangyayuangongyequyiqu2haolouerlouBfengetiShenzhen广东省518000China |
| 402 | CincinatiStore | eBay | 福田区福田南路皇御苑13栋深圳市广东省518000China |
| 406 | Denver0806 | eBay | 深圳市龙岗区坂田街道五和社区光雅园工业园一区2号厂房二楼,三楼深圳Unknown518000China |
| 411 | e1xytrep | eBay | 龙岗区龙城街道龙城中路14号维百盛大厦601-A02深圳市广东省518116China |
| 412 | easyshopping66 | eBay | 香港干诺道中137-139號三台大廈12樓全層defaultHKdefaultHong Kong |
| 413 | eridu905 | eBay | 罗湖区太白路1038号安琪大厦8楼811室深圳广东省518000China |
| 414 | eriophoroidesxx | eBay | N/A |
| 422 | gilroy2012 | eBay | 1605, BLDG.3, HUANGYUYUAN, BINGHE RD SOUTHSHENZHEN广东省518000China |
| 423 | globalfashion2010 | eBay | Rm 3, 5/F, Skyway House, 3 Sham Mong RoadWest Kowloon, KowloondefaultdefaultdefaultHong Kong |
| 426 | GreatSpringfield | eBay | 深圳市龙岗区坂田街道五和社区光雅园工业园一区2号厂房二楼、三楼Shenzhen广东省518000China |
| 433 | hongyinlon0 | eBay | 宝安区福海大道新和新兴工业区3区2号6楼601深圳广东省518000China |
| 434 | hotdeal320 | eBay | 深圳市南山区南山街道东滨路濠盛商务中心7楼708K深圳广东省518000China |
| 437 | hutrsate51 | eBay | 深圳市南山区南山街道东滨路濠盛商务中心7楼710A深圳市广东省518000China |
| 443 | KansasDeal | eBay | 8/F CNT QUEEN S RD CENTRALShenzhen广东省518000China |
| 460 | Nannouth | eBay | 深圳市南山区南山街道东滨路濠盛商务中心7楼703-1深圳市广东省518000China |

| Def. No. | Defendant's Merchant Username | Platform | Defendant Address |
|---|---|---|---|
| 466 | ppktjfa8612 | eBay | 清远市清城区凤城街田龙社区居委会航运新村2号A栋三、四层清远市广东省511500China |
| 474 | rockfoilcrabbh | eBay | 深圳市福田区福田街道深南中路3039号国际文化大厦2303B深圳市广东省518000China |
| 486 | SZbhkei12 | eBay | 深圳市福田区福田街道深南中路3039号国际文化大厦2303B深圳市广东省518000China |
| 501 | watch_deal | eBay | 6A (6th floor) Building C, Mingle commercial area, Meiban BlvdShenzhen广东省518000China |
| 505 | wishmart2014 | eBay | rm1309, Bldg.13, Huangyuyuan, S. Futian Rd.SHENZHEN广东省518000China |
| 511 | xxzfalcon849 | eBay | Longhuaxinqu Longhuajiedao ShilongluBaishilongcun 1 Qu 10 Dong 1101深圳市广东省518000China |
| 515 | yishengmall2014 | eBay | Unit 10, 10/F, Alexandra Industrial Building, 27 Wing Hong StreeUnit 10, 10/F, Alexandra Industrial Building, 27 Wing Hong StreedefaultdefaultdefaultHong Kong |
| 516 | yupaxxs | eBay | 云南省昆明市西山区西园路船房小区8栋505号昆明市云南省650000China |
| 526 | bismarck | Wish | City of bovine Highway 48 in Guangdong Province, Maoming City, Guangdong Province, 525100, China |
| 527 | montgomery | Wish | Bao'an District 72 District, Shenzhen City Road, Ma Liuxian industrial zone in Southern District 3 503, Shenzhen, Guangdong Province, 518000, China |
| 532 | Bakheng | Wish | Shenzhen Room 503, 5th Floor, Phoenix Road, Luohu District, spinning 197 workers, Shenzhen, Guangdong Province, 518000, China |
| 533 | adriaticgo | Wish | 6th Floor, 612 East Road, Luohu District, Shenzhen, Sun Gang 3012 people in Times Square, Shenzhen, Guangdong Province, 518000, China |

| Def. No. | Defendant's Merchant Username | Platform | Defendant Address |
|---|---|---|---|
| 538 | ashur80 | Wish | 天河区中山大道棠下科新路8号优可商务中心1栋5楼504室, 广州市, 广东省, 510000, CN |
| 560 | yingli520 | Wish | 湖北省通城县隽水镇解放路1号, 咸宁市, 湖北省, 437499, CN |
| 561 | yangsuiqwe | Wish | 甘肃省静宁县李店镇薛胡村堡子组115号, 平凉市, 甘肃省, 743409, CN |
| 575 | aishengheji | Wish | Room 201, No. 19, Lane 3, Lingxia Garden, District 36, Shanghe Community, Xin'an Street, Bao'an District, Shenzhen, Shenzhen, Guangdong Province, 518101, Mainland China |
| 576 | Liusaluy | Wish | 501, No. 20, Hengzhu 1st Road, Tangxiayong Community, Yanluo Street, Bao'an District, Shenzhen, Guangdong Province, 518101, Mainland China |

# Exhibit 2

# Hague Convention

**14. CONVENTION ON THE SERVICE ABROAD OF
JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
IN CIVIL OR COMMERCIAL MATTERS**

*(Concluded 15 November 1965)*

The States signatory to the present Convention,
Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,
Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.
This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I — JUDICIAL DOCUMENTS

Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.
Each State shall organise the Central Authority in conformity with its own law.

Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.
The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
a)   by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
b)   by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention. The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.

The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.

Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.

Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

Article 10

Provided the State of destination does not object, the present Convention shall not interfere with –

a)   the freedom to send judicial documents, by postal channels, directly to persons abroad,

b)   the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

c)   the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.


## Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.
The applicant shall pay or reimburse the costs occasioned by –-
a)    the employment of a judicial officer or of a person competent under the law of the State of destination,
b)    the use of a particular method of service.


## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.
It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.
The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.


## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.


## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –
a)    the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
b)    the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
       and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
a)    the document was transmitted by one of the methods provided for in this Convention,
b)    a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
c)    no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.


## Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –

*a)*   the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

*b)*   the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.

This Article shall not apply to judgments concerning status or capacity of persons.

CHAPTER II – EXTRAJUDICIAL DOCUMENTS

Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

CHAPTER III – GENERAL CLAUSES

Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.

The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.

Federal States shall be free to designate more than one Central Authority.

Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –

*a)*   the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,

*b)*   the language requirements of the third paragraph of Article 5 and Article 7,

*c)*   the provisions of the fourth paragraph of Article 5,

*d)*   the provisions of the second paragraph of Article 12.

Article 21

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –
a)     the designation of authorities, pursuant to Articles 2 and 18,
b)     the designation of the authority competent to complete the certificate pursuant to Article 6,
c)     the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –
a)     opposition to the use of methods of transmission pursuant to Articles 8 and 10,
b)     declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
c)     all modifications of the above designations, oppositions and declarations.


Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.


Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.


Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.


Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.


Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.


Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.
In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.
At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.
If there has been no denunciation, it shall be renewed tacitly every five years.
Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.
It may be limited to certain of the territories to which the Convention applies.
The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –
a)    the signatures and ratifications referred to in Article 26;
b)    the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;
c)    the accessions referred to in Article 28 and the dates on which they take effect;
d)    the extensions referred to in Article 29 and the dates on which they take effect;
e)    the designations, oppositions and declarations referred to in Article 21;
f)    the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic

channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

# Status table

## 01: Statute of the Hague Conference on Private International Law

Entry into force: 15-VII-1955

Last update: 14-X-2010

print **View and/or print full status report**

1) S = Signature
2) R/A/Su = Ratification, Accession or Succession
3) Type = R: Ratification;
A: Accession;
A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;
C: Continuation;
Su: Succession;
Den: Denunciation;
4) EIF = Entry into force
5) Ext = Extensions of application
6) Auth = Designation of Authorities
7) Res/D/N = Reservations, declarations or notifications

## Members of the Organisation

| States | S[1] | R/A/Su [2] | Type [3] | EIF [4] | Ext [5] | Auth [6] | Res/D/N [7] |
|---|---|---|---|---|---|---|---|
| Albania | 4-VI-2002 | | | 4-VI-2002 | | 1 | |
| Argentina | 28-IV-1972 | | | 28-IV-1972 | | 1 | |
| Australia | 1-XI-1973 | | | 1-XI-1973 | | 1 | |
| Austria | 16-IX-1954 | | | 15-VII-1955 | | 1 | |
| Belarus | 12-VII-2001 | | | 12-VII-2001 | | 1 | |
| Belgium | 1-IX-1953 | | | 15-VII-1955 | | 1 | |
| Bosnia and Herzegovina | 1-VIII-2001 | | | 7-VI-2001 | | 1 | |
| Brazil | 23-II-2001 | | | 23-II-2001 | | 1 | |
| Bulgaria | 22-IV-1999 | | | 22-IV-1999 | | 1 | |
| Canada | 7-X-1968 | | | 7-X-1968 | | 1 | |
| Chile | 25-IV-1986 | | | 25-IV-1986 | | 1 | |
| China, People's Republic of | 3-VII-1987 | | | 3-VII-1987 | | 1 | D |
| Croatia | 1-X-1995 | | | 12-VI-1995 | | 1 | |
| Cyprus | 8-X-1984 | | | 8-X-1984 | | 1 | |

| | | | | | |
|---|---|---|---|---|---|
| Czech Republic | 1-IV-1993 | | | 28-I-1993 | 1 | |
| Denmark | 26-II-1954 | | | 15-VII-1955 | 1 | |
| Ecuador | 2-XI-2007 | | | 2-XI-2007 | 1 | |
| Egypt | 24-IV-1961 | | | 24-IV-1961 | 1 | |
| Estonia | 13-V-1998 | | | 13-V-1998 | 1 | |
| European Union | 3-IV-2007 | | | 3-IV-2007 | 1 | D,N 3 |
| Finland | 2-XII-1955 | | | 2-XII-1955 | 1 | |
| France | 20-IV-1964 | | | 20-IV-1964 | 1 | |
| Georgia | 28-V-2001 | | | 28-V-2001 | 1 | |
| Germany | 14-XII-1955 | | | 14-XII-1955 | 1 | |
| Greece | 26-VIII-1955 | | | 26-VIII-1955 | 1 | |
| Hungary | 6-I-1987 | | | 6-I-1987 | 1 | |
| Iceland | 14-XI-2003 | | | 14-XI-2003 | 1 | |
| India | 13-III-2008 | | | 13-III-2008 | 1 | |
| Ireland | 26-VIII-1955 | | | 26-VIII-1955 | 1 | |
| Israel | 24-IX-1964 | | | 24-IX-1964 | 1 | |
| Italy | 26-VI-1957 | | | 26-VI-1957 | 1 | |
| Japan | 27-VI-1957 | | | 27-VI-1957 | 1 | |
| Jordan | 13-VI-2001 | | | 13-VI-2001 | 1 | |
| Korea, Republic of | 20-VIII-1997 | | | 20-VIII-1997 | 1 | |
| Latvia | 11-VIII-1992 | | | 11-VIII-1992 | 1 | |
| Lithuania | 23-X-2001 | | | 23-X-2001 | 1 | |
| Luxembourg | 12-III-1956 | | | 12-III-1956 | 1 | |
| Malaysia | 2-X-2002 | | | 2-X-2002 | 1 | |
| Malta | 30-I-1995 | | | 30-I-1995 | 1 | |
| Mexico | 18-III-1986 | | | 18-III-1986 | 1 | |
| Monaco | 8-VIII-1996 | | | 8-VIII-1996 | 1 | |
| Montenegro | 15-V-2007 | | | 1-III-2007 | 1 | |
| Morocco | 6-IX-1993 | | | 6-IX-1993 | 1 | |
| Netherlands | 25-IX-1954 | | | 15-VII-1955 | 1 | N |
| New Zealand | 5-II-2002 | | | 5-II-2002 | 1 | D |
| Norway | 15-VII-1955 | | | 15-VII-1955 | 1 | |
| Panama | 29-V-2002 | | | 29-V-2002 | 1 | |
| Paraguay | 28-VI-2005 | | | 28-VI-2005 | 1 | |
| Peru | 29-I-2001 | | | 29-I-2001 | 1 | |
| Philippines | 14-VII-2010 | | | 14-VII-2010 | 1 | |
| Poland | 29-V-1984 | | | 29-V-1984 | 1 | |

| | | | | | |
|---|---|---|---|---|---|
| Portugal | 8-XII-1953 | | | 15-VII-1955 | 1 | D - |
| Romania | 10-IV-1991 | | | 10-IV-1991 | 1 | |
| Russian Federation | 6-XII-2001 | | | 6-XII-2001 | 1 | |
| Serbia | 1-VI-2001 | | | 26-IV-2001 | 1 | |
| Slovakia | 1-VI-1993 | | | 26-IV-1993 | 1 | |
| Slovenia | 15-XI-1992 | | | 18-VI-1992 | 1 | |
| South Africa | 14-II-2002 | | | 14-II-2002 | 1 | |
| Spain | 8-XII-1953 | | | 15-VII-1955 | 1 | |
| Sri Lanka | 27-IX-2001 | | | 27-IX-2001 | 1 | |
| Suriname | 7-X-1977 | | | 7-X-1977 | 1 | |
| Sweden | 9-XII-1953 | | | 15-VII-1955 | 1 | |
| Switzerland | 6-V-1957 | | | 6-V-1957 | 1 | |
| The former Yugoslav Republic of Macedonia | 1-XII-1993 | | | 20-IX-1993 | 1 | |
| Turkey | 26-VIII-1955 | | | 26-VIII-1955 | 1 | |
| Ukraine | 3-XII-2003 | | | 3-XII-2003 | 1 | |
| United Kingdom of Great Britain and Northern Ireland | 3-I-1955 | | | 15-VII-1955 | 1 | |
| United States of America | 15-X-1964 | | | 15-X-1964 | 1 | |
| Uruguay | 27-VII-1983 | | | 27-VII-1983 | 1 | |
| Venezuela | 25-VII-1979 | | | 25-VII-1979 | 1 | |

1) S = Signature
2) R/A/Su = Ratification, Accession or Succession
3) Type = R: Ratification;
A: Accession;
A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;
C: Continuation;
Su: Succession;
Den: Denunciation;
4) EIF = Entry into force
5) Ext = Extensions of application
6) Auth = Designation of Authorities
7) Res/D/N = Reservations, declarations or notifications

Exhibit 3

# China International Commercial Court

| Key words | Search | | 中文 | English |

HOME    About the CICC    What's New    Expert Committee    Foreign Law Ascertainment    Resources    Judgement

## INTERNATIONAL COMMERCIAL LITIGATION AND DIVERSIFIED DISPUTE RESOLUTION

PLANNING TOGETHER, BUILDING TOGETHER AND BENEFIT TOGETHER

**Resources**

Location:   Home > Resources > Laws & Regulations

- Laws & Regulations
- Judicial Interpretations
- International Treaties and ...
- Research Articles
- Typical Cases

## Civil Procedure Law of the People's Republic of China (Revised in 2017)

From: Global China Law      Updated: 2017-06-29

*Adopted at the fourth Session of the seventh National People's Congress on April 9, 1991 and amended for the first time in accordance with the Decision on Amending the Civil Procedure Law of the People's Republic of China at the 30th session of the Standing Committee of the tenth National People's Congress on October 28, 2007 and amended for the second time in accordance with the Decision on Amending the Civil Procedure Law of the People's Republic of China at the 28th session of the Standing Committee of the 11th National People's Congress on August 31, 2012, and amended for the third time in accordance with the Decision on Revising the Civil Procedure Law of the People's Republic of China and the Administrative Procedure Law of the People's Republic of China at the 28th session of the Standing Committee of the 12th National People's Congress on June 27, 2017.*

### Table of Contents

Part One General Provisions

Chapter I Purpose, Scope of Application and Basic Principles

Chapter II Jurisdiction

Section 1 Court-Level Jurisdictions

Section 2 Territorial Jurisdictions

Section 3 Referral and Designation of Jurisdictions

Chapter III Judicial Organizations

Chapter IV Withdrawal

Chapter V Participants in Legal Actions

Section 1 Parties

Section 2 Agents Ad Litem

Chapter VI Evidence

Chapter VII Time Periods and Service

Section 1 Time Periods

Section 2 Service

Chapter VIII Mediation

Chapter IX Preservation and Preliminary Execution

Chapter X Compulsory Measures against Obstruction of Civil Actions

Chapter XI Litigation Costs

Part Two Trial Procedure

Chapter XII Ordinary Procedure at First Instance

Section 1 Institution and Acceptance of Actions

Section 2 Pretrial Preparations

Section 3 Trial in Court

Section 4 Suspension and Termination of Actions

Section 5 Judgments and Rulings

Chapter XIII Summary Procedure

Chapter XIV Procedure at Second Instance

Chapter XV Special Procedure

Section 1 General Provisions

Section 2 Cases Concerning Voter Qualifications

Section 3 Cases Concerning the Declaration of a Missing or Dead Person

Section 4 Cases Concerning the Determination of a Citizen as Having No Capacity for Civil Acts or as Having Limited Capacity for Civil Acts

Section 5 Cases Concerning the Determination of Property as Ownerless

Section 6 Confirmation of Mediation Agreement

Section 7 Enforcement of Real Rights for Security

Chapter XVI Procedure for Trial Supervision

Chapter XVII Procedure for the Recovery of Debts

Chapter XVIII Procedure for Public Invitation to Assert Claims

Part Three Execution Procedures

Chapter XIX General Provisions

Chapter XX Application for and Referral of Execution

Chapter XXI Execution Measures

Chapter XXII Suspension and Termination of Execution

Part Four Special Provisions on Civil Actions Involving Foreign Parties

Chapter XXIII General Provisions

Chapter XXIV Jurisdiction

Chapter XXV Service and Time Periods

Chapter XXVI Arbitration

Chapter XXVII Judicial Assistance

## Part One General Provisions

### Chapter I Purpose, Scope of Application and Basic Principles

Article 1 The Civil Procedure Law of the People's Republic of China is formulated on the basis of the Constitution and in the light of the experience and actual circumstances of the trial of civil cases in China.

Article 2 The purpose of the Civil Procedure Law of the People's Republic of China (hereinafter referred to as the "the Law") is to protect the parties' exercise of their procedural rights, to ensure that the people's courts ascertain facts clearly, distinguish right from wrong, apply the law correctly, try civil cases promptly, affirm civil rights and obligations, impose sanctions for civil offences, protect the lawful rights and interests of the parties, educate citizens to observe the law conscientiously, maintain the social and economic order and safeguard the smooth progress of socialist construction and development.

Article 3 In dealing with the civil actions arising from disputes on property and personal relations between citizens, legal persons or other organizations and among citizens, legal persons and other organizations, the people's courts shall apply the provisions of the Law.

Article 4 All those who are engaged in civil actions within the territory of the People's Republic of China shall abide by the Law.

Article 5 Aliens, stateless persons and foreign enterprises and organizations that institute or respond to proceedings in a people's court shall have the same procedural rights and obligations as citizens, legal persons and other organizations of the People's Republic of China.

If the courts of a foreign country impose restrictions on the civil procedural rights of citizens, legal persons and other organizations of the People's Republic of China, the people's courts of the People's Republic of China shall implement the principle of reciprocity in respect of the civil procedural rights of citizens, enterprises and organizations of that foreign country.

Article 6 Jurisdiction over civil cases shall be exercised by the people's courts.

The people's courts shall try civil cases independently in accordance with the law, and shall be subject to no interference by any administrative authority, social organization or individual.

Article 7 In trying civil cases, the people's courts shall take the facts as the basis and the law as the standard.

Article 8 The parties to a civil action shall have equal procedural rights. In trying civil cases, the people's courts shall safeguard and facilitate the parties' exercise of their procedural rights, and shall treat the parties equally in the application of law.

Article 9 In trying civil cases, the people's courts shall carry out mediation on a voluntary and lawful basis, failing which, a judgment shall be rendered forthwith.

Article 10 In trying civil cases, the people's courts shall, in accordance with the law, implement the systems of panel hearing, withdrawal, public trial and two-tier trial.

Article 11 Citizens of all ethnic groups shall have the right to use their native spoken and written languages in civil proceedings.

In areas inhabited predominantly by a minority ethnic group or by several minority ethnic groups, the people's courts shall conduct hearings and issue legal documents in the spoken and written languages commonly used by the local ethnic groups.

The people's courts shall provide interpretation and translation for participants in an action who are not familiar with the spoken or written languages commonly used by the local ethnic groups.

Article 12 In the trial of civil cases by people's courts, the parties shall have the right to argue for themselves.

Article 13 Civil proceedings shall follow the principle of good faith.

The parties shall have the right, within the scope stipulated by the law, to deal with their own civil and procedural rights.

Article 14 The people's procuratorates have the right to exercise legal supervision over civil proceedings.

Article 15 If the rights and interests of the State, a collective body or an individual are infringed, the government authorities, enterprises and public institutions may support the injured unit or individual in instituting proceedings in the people's courts.

Article 16 The people's congresses of the autonomous regions of the ethnic groups may formulate flexible or supplementary provisions in accordance with the principles of the Constitution and the Law, and taking into account the specific circumstances of local ethnic groups. Such provisions made by an autonomous region shall be submitted to the Standing Committee of the National People's Congress for approval. Provisions made by autonomous prefectures and autonomous counties shall be submitted to the standing committee of the people's congress of the respective provinces or autonomous regions for approval, and to the Standing Committee of the National People's Congress for filing.

### Chapter II Jurisdiction

#### Section 1 Court-Level Jurisdictions

Article 17 Unless otherwise stipulated in the Law, basic people's courts shall have jurisdiction as courts of first instance over all civil cases.

Article 18 Intermediate people's courts shall have jurisdiction as courts of first instance over the following types of civil cases:

1. major cases involving foreign parties;

2. cases with significant impact in the areas over which the courts exercise jurisdiction; and

3. cases determined by the Supreme People's Court to come under the jurisdiction of the intermediate people's courts.

Article 19 Higher people's courts shall have jurisdiction as the court of first instance over civil cases with significant impact in the areas over which they exercise jurisdiction.

Article 20 The Supreme People's Court shall have jurisdiction as the court of first instance over the following types of civil cases:

1. cases with significant impact on the whole country; and

2. cases that the Supreme People's Court deems it should try itself.

Section 2 Territorial Jurisdictions

Article 21 A civil action instituted against a citizen shall come under the jurisdiction of the people's court in the place where the defendant is domiciled; if the defendant's place of domicile is different from the place of his or her habitual residence, the people's court in the place of his or her habitual residence shall have jurisdiction.

A civil action instituted against a legal person or any other organization shall come under the jurisdiction of the people's court in the place where the defendant is domiciled.

If the places of domicile or habitual residence of several defendants in the same lawsuit come under the jurisdiction of two or more people's courts, each of those people's courts shall have jurisdiction.

Article 22 The following civil actions shall come under the jurisdiction of the people's court of the place where the plaintiff is domiciled; if the plaintiff's place of domicile is different from the place of his or her habitual residence, the people's court in the place of his or her habitual residence shall have jurisdiction:

1. actions concerning personal relationships instituted against persons not residing within the territory of the People's Republic of China;

2. actions concerning personal relationships instituted against persons whose whereabouts are unknown or who have been declared missing;

3. actions instituted against persons who are undergoing compulsory correction; and

4. actions instituted against persons who are imprisoned.

Article 23 An action involving a contractual dispute shall come under the jurisdiction of the people's court of the place where the defendant is domiciled or where the contract is performed.

Article 24 An action involving a dispute over an insurance contract shall come under the jurisdiction of the people's court of the place where the defendant is domiciled or where the insured object is located.

Article 25 An action involving a negotiable instrument shall come under the jurisdiction of the people's court of the place where payment on the instrument was made or where the defendant is domiciled.

Article 26 Proceedings initiated in connection with disputes over the incorporation of a company, confirmation of the eligibility of shareholder(s) of the company, profit distribution or dissolution of the company shall be under the jurisdiction of the people's court at the domicile of the company.

Article 27 An action involving a dispute over a contract for railway, road, water or air transportation or combined transportation shall come under the jurisdiction of the people's court of the place of departure or place of destination or of the place where the defendant is domiciled.

Article 28 An action involving a tort shall come under the jurisdiction of the people's court of the place where the tort was committed or where the defendant is domiciled.

Article 29 An action involving a claim for damages arising from a railway, road, water or aviation accident shall come under the jurisdiction of the people's court of the place where the accident took place, where the vehicle or vessel first arrived, where the aircraft first landed or where the defendant is domiciled.

Article 30 An action involving a claim for damages arising from a collision of vessels or other maritime accident shall come under the jurisdiction of the people's court of the place where the collision took place, where the vessel in collision first docked, where the vessel at fault was detained or where the defendant is domiciled.

Article 31 An action involving maritime salvage expenses shall come under the jurisdiction of the people's court of the place where the salvage took place or of the place where the salvaged ship first docked.

Article 32 An action involving general average shall come under the jurisdiction of the people's court of the place where the ship first docked, where the general average was adjusted or where the voyage ended.

Article 33 The following cases shall come under the exclusive jurisdiction of the people's courts specified in this Article:

1. an action involving a dispute over immovable property shall come under the jurisdiction of the people's court of the place where the immovable property is located;

2. an action involving a dispute arising from port operations shall come under the jurisdiction of the people's court of the place where the port is located; and

3. an action involving a dispute over an inheritance shall come under the jurisdiction of the people's court of the place of domicile at the time of death of the person whose property is inherited or where the major portion of the estate is located.

Article 34 The parties to a contractual dispute or any other property dispute may agree in writing to be subject to the jurisdiction of the people's court at the place having connection with the dispute, such as where the defendant is domiciled, where the contract is performed, where the contract is signed, where the plaintiff is domiciled or where the subject matter is located, etc., provided that such agreement does not violate the provisions of the Law regarding court-level jurisdictions and exclusive jurisdictions.

Article 35 When two or more people's courts have jurisdiction over an action, the plaintiff may institute his or her action in one of those people's courts; if the plaintiff institutes the action in two or more courts with jurisdiction over the action, the people's court that first puts the case on its trial docket shall have jurisdiction.

Section 3 Referral and Designation of Jurisdictions

Article 36 If a people's court discovers that a case it has accepted is not within its jurisdiction, it shall refer the case to the people's court with jurisdiction, which shall accept the case. If a people's court to which a case is referred considers that the case does not come under its jurisdiction in accordance with regulations, it shall report to the superior people's court for designation of jurisdiction and shall not further refer the case at its own discretion.

Article 37 If a people's court with jurisdiction over the case is unable to exercise jurisdiction due to special reasons, the superior people's court shall designate jurisdiction.

A dispute over jurisdiction between people's courts shall be resolved by the disputing courts through consultation. If the dispute cannot be resolved through consultation, it shall be submitted to the people's court that is the mutual superior people's court of the disputing courts for the designation of jurisdiction.

Article 38 A superior people's court shall have the right to try first instance civil cases of an inferior people's court; where it is necessary for a people's court as the court of first instance to transfer a civil case to an inferior court, the people's court shall apply to its superior people's court for approval.

If an inferior people's court deems it necessary for a civil case of first instance under its jurisdiction to be tried by a

superior people's court, it may request such people's court to try the case.

Article 39 When trying a civil case of the first instance, a people's court shall form a collegiate bench consisting of both judges and jurors or of judges alone. A collegiate bench must have an odd number of members.

Civil cases to which the summary procedure is applied shall be tried by a single judge alone.

When performing their duties as jurors, the jurors shall have the same powers and obligations as the judges.

Article 40 When trying a civil case of the second instance, a people's court shall form a collegiate bench of judges. The collegiate bench must have an odd number of members.

When trying a case remanded for retrial, the people's court that originally tried the case shall form a new collegiate bench in accordance with the procedure at first instance.

If a case to be retried was originally tried at first instance, a new collegiate bench shall be formed in accordance with the procedure at first instance; if the case was originally tried at second instance or was removed to a superior people's court for trial, a new collegiate bench shall be formed in accordance with the procedure at second instance.

Article 41 The court president or the presiding judge shall designate a judge to serve as the presiding judge of the collegiate bench; if the court president or the presiding judge participates in the trial and , he or she shall serve as the presiding judge.

Article 42 When deliberating a case, a collegiate bench shall observe the rule of majority. The deliberations shall be recorded in writing, and the transcript shall be signed by the members of the collegiate bench. Dissenting opinions in the deliberations must be faithfully recorded in the transcript.

Article 43 Judicial officers shall handle all cases impartially and in accordance with the law.

Judicial officers may not accept invitations to meals or gifts from the parties or their agents ad litem.

Any member of the judicial officers who is involved in corruption, accepts bribes, engages in malpractice for personal benefits or makes a judgment that perverts the law, shall be investigated for legal liability; if a criminal offence is constituted, such person's criminal liability shall be pursued according to the law.

Chapter IV Withdrawal

Article 44 Any member of the judicial officers under any of the following circumstances shall withdraw from the case, and a party shall also have the right to request, orally or in writing, for the withdrawal of such a judicial officer from the case:

1. the judicial officer is a party or a close relative of a party or an agent ad litem to the case;

2. the judicial officer is an interested party in the case; or

3. the judicial officer has some other relationship with a party or agent ad litem to the case, which may affect the impartial trial of the case.

Where a member of the judicial officers accepts any gift or meal invitation from any party or agent ad litem to the case, or he or she meets with the party or agent in violation of the relevant provisions, the parties shall have the right to request for the withdrawal of such judicial officer from the case.

Any member of the judicial officers that commits any of the violations stipulated in the preceding paragraph shall have his or her legal liabilities investigated for according to the law.

The above provisions shall also apply to clerks, interpreters, experts and inspectors.

Article 45 When requesting for the withdrawal of a member of the judicial officers, a party shall explain the reasons and shall raise the request at the beginning of the trial; if the reason for the request becomes known after the trial has commenced, the request may also be raised prior to the conclusion of the court arguments.

Pending a decision on withdrawal by the people's court, the member of the personnel requested to be withdrawn shall temporarily suspend his or her participation in the work for the case, unless the circumstances of the case require urgent measures.

Article 46 The withdrawal of a court president serving as presiding judge shall be decided on by the judicial committee. The withdrawal of judicial officers shall be decided on by the court president. The withdrawal of other persons shall be decided on by the presiding judge.

Article 47 The decision by a people's court on a request for withdrawal raised by a party shall be made orally or in writing within three days after the request was raised. If the applicant disagrees with the decision, he or she may apply for review once upon receipt of the decision. During the period of review, the person requested to be withdrawn shall not suspend his or her participation in the work for the case. The decision by a people's court on an application for review shall be made within three days and the applicant shall be notified of the decision.

Chapter V Participants in Legal Actions

Section 1 Parties

Article 48 Any citizen, legal person or other organization may be a party to a civil action.

Legal persons shall be represented in litigation by their legal representatives. Other organizations shall be represented in litigation by their officers in charge.

Article 49 Parties shall have the right to appoint agents, to request for the withdrawal of judicial officers, to collect and present evidence, to engage in arguments in court, to request for mediation, to file appeals and to apply for execution.

Parties may have access to the materials relating to the case, and make copies thereof and other legal documents relating to the case. The scope and method of accessing and copying materials relating to the case shall be determined by the Supreme People's Court.

Parties to a case must exercise their procedural rights in accordance with the law, observe litigation procedures, and perform the terms of written judgments, rulings or mediation statements that have become legally effective.

Article 50 Two parties to a case may reach a settlement on their own.

Article 51 A plaintiff may relinquish or modify his or her claims. A defendant may admit or rebut the claims and shall have the right to institute a counterclaim.

Article 52 If one party or both parties consist of two or more persons, the object of the action is the same or of the same category and the people's court considers that the case can be tried as a joint action, the case shall be tried as a joint action, subject to the consent of the parties.

If the persons constituting a party to a joint action have common rights and obligations with respect to the object of the action, and a procedural act by one member of the party is recognized by the other members of the party, such act shall be binding on all the other members of the party. If the persons constituting a party to a joint action do not have common rights and obligations with respect to the object of action, a procedural act by one of those persons shall not be binding on the other members of the party.

Article 53 A joint action in which one party consists of numerous persons may be brought by a representative elected by such persons. The procedural acts of such representative shall be binding on all members of the party he or she represents. However, the representative's modification or withdrawal of claims, or recognition of the other party's claims or involvement in mediation shall be subject to the consents of the parties he or she represents.

Article 54 If the object of the action is of the same category and a party consists of numerous persons, and upon institution of the action the number of persons is not determined yet, the people's court may issue a public notice stating the particulars of the case and the claims and requesting that the claimants register with the people's court within a certain period of time.

Claimants who have registered with the people's court may elect a representative to engage in litigation; if no such representative can be elected, the people's court may discuss with the registered claimants in determining on such representative.

The procedural acts of a representative shall be binding on the party he or she represents. However, the representative's modification or withdrawal of claims, or recognition of the other party's claims or involvement in mediation shall require the consent of the party he or she represents.

Judgments or rulings rendered by a people's court shall be binding on all the claimants who have registered with the court. Such judgments or rulings shall apply to claimants who have not registered with the court but who institute actions during the limitation period.

Article 55 Legally designated institutions and relevant organizations may initiate proceedings at the people's court against acts jeopardizing public interest such as causing pollution to the environment or damaging the legitimate rights or interests of consumers at large.

In the event that a people's procuratorate finds any act that does harm to the protection of the ecological environment and resources, any practice in the food and drug safety field that infringes upon the legitimate rights and interests of consumers, or any other behavior that damages the social benefits of the masses, while performing its duties and functions, it may file an action to the people's court, provided that there is no such organ or institution specified in the preceding paragraph or the organ or institution specified in the preceding paragraph decides not to bring a lawsuit. Where the organ or institution specified in the preceding paragraph files a lawsuit, the people's procuratorate may give endorsement to such lawsuit.

Article 56 If a third party considers that it has an independent claim against the object of an action of two parties, the third party shall have the right to institute an action.

If a third party has no independent claim against the object of an action of two parties but the outcome of the case will affect his or her legal interests, he or she may apply to join in the action, or the people's court shall notify him or her requesting his or her participation. If the people's court judges that a third party shall bear civil liability, such third party shall have the same procedural rights and obligations as those of a party to the case.

Where a third party stipulated in the preceding two paragraphs fails to participate in the lawsuit due to cause(s) other than such third party, but nonetheless has evidence providing that a legally effective judgment, ruling or mediation statement is partially or wholly incorrect in its contents and hence damages the civil rights and interests of the third party, such third party may, within six months after becoming aware or is reasonably assumed to have become aware of such damage to his or her civil rights and interests, institute legal proceedings at the people's court that issues the judgment, ruling or mediation statement. If the people's court finds the claims are tenable, it shall alter or revoke such judgment, ruling or mediation statement; if the claims of the third party are untenable, the people's court shall reject the claims of the third party.

Section 2 Agents Ad Litem

Article 57 A person with no capacity to engage in litigation shall be represented in an action by his or her guardians, who shall act as his or her statutory agents. If the statutory agents shift onto one another the responsibility to act as agents, the people's court shall appoint one of them to represent the principal in the action.

Article 58 A party or statutory agent may appoint one or two persons to act as his or her agent ad litem(s).

The following persons may be entrusted as agents ad litem of a party to a lawsuit:

1. lawyers and basic legal service workers;

2. close relatives or employees of the party to the case;

3. citizens recommended by the community where the party resides, the employer of the party or any other social organization concerned.

Article 59 When a person appoints another person to represent him or her in an action, he or she shall submit to the people's court a power of attorney bearing his or her signature or seal.

A power of attorney must specify the subject matter and limits of authority granted. An agent ad litem shall possess special authorization from his or her principal to admit, waive or modify claims, to compromise, to file a counterclaim or to lodge an appeal on behalf of his or her principal.

A power of attorney sent from abroad or delivered under the care of others by a citizen of the People's Republic of China residing abroad must be certified by the embassy or a consulate of the People's Republic of China in that country. If there is no embassy or consulate of the People's Republic of China in that country, the power of attorney shall be certified by an embassy or a consulate in that country of a third country that has diplomatic relations with the People's Republic of China, and then transferred for authentication to the embassy or a consulate of the People's Republic of China in that third country, or by a local patriotic overseas Chinese organization.

Article 60 If a party modifies or revokes the authority granted to its agent ad litem, it shall inform the people's court in writing and the people's court shall inform the other party.

Article 61 Lawyers and other agents ad litem who serve as persons ad litem to a case shall have the right to investigate and collect evidence, and may have access to the materials relating to the case. The scope and method of accessing materials relating to the case shall be determined by the Supreme People's Court.

Article 62 Where a party to a divorce case is represented by an agent ad litem, the party shall still appear in court, unless he or she is incapable of expressing himself or herself. A party who is truly unable to appear in court due to special reasons shall present his or her opinion in writing to the people's court.

Chapter VI Evidence

Article 63 Evidence shall comprise the following categories:

1. sstatements of the parties;

2. documentary evidence;

3. physical evidence;

4. audio-visual materials;

5. electronic data;

6. testimony of witnesses;

7. expert opinions; and

8. records of inspections and examinations.

Any of the above-mentioned evidence must be verified before it can be taken as a basis for ascertaining facts.

[It is not sufficient to provide evidence in support of his or her allegations.]

Where a party and his or her agent ad litem are unable to collect evidence on their own for reasons beyond their control, or where the people's court deems that the evidence is necessary for the trial of the case, the people's court shall investigate and collect the evidence.

The people's court shall thoroughly and objectively investigate and verify evidence in accordance with legal procedures.

Article 65 A party shall provide evidence in a timely manner for his or her claims.

The people's court shall, based on the claims of the parties to the case and the circumstances of the hearing of the case, determine the evidence that a party is required to provide and the corresponding time limit. Where it is difficult for a party to provide such evidence within the time limit prescribed, the party may apply to the people's court for an extension of time. The people's court may grant an appropriate extension of time based on the application of the party. Where a party fails to provide the required evidence within the prescribed time limit, the people's court shall order the party to provide reasons for such failure; where the party refuses to provide reasons, or the reason provided is not tenable, the people's court may, in accordance with the actual circumstances, either reject the evidence or accept the evidence but with a reprimand or fine imposed on the party.

Article 66 When a people's court receives the evidence provided by a party, it shall issue a receipt, stating the name, number of pages and copies, whether the evidence is an original or duplicate as well as the time and date of receipt, and shall be signed or sealed by the officer in charge.

Article 67 The people's court shall have the right to investigate and take evidence from the relevant units or individuals, and such units or individuals shall not refuse to cooperate.

The people's court shall examine and determine the authenticity and validity of documentary evidence provided by relevant units and individuals.

Article 68 Evidence shall be presented in court and cross-examined by the parties. Evidence involving State secrets, trade secrets or private matters of individuals shall be kept confidential. If it needs to be presented in court, such evidence shall not be presented in a public court session.

Article 69 The people's court shall admit legal facts and documents that are notarized in accordance with applicable legal procedures as its basis for ascertaining facts, unless there is evidence to the contrary sufficient to invalidate the notarization.

Article 70 Documentary evidence shall be presented in its original form. When presenting physical evidence, the original object shall be presented. If it is truly difficult to present the original document or object, then reproductions, photographs, duplicates or extracts of the original may be presented.

When documentary evidence in a foreign language is to be submitted, it must be accompanied by a Chinese translation.

Article 71 The people's court shall verify the authenticity of audio-visual materials and determine, in the light of other evidence in the case, whether they can be taken as a basis for ascertaining facts.

Article 72 All units and individuals that have knowledge of the circumstances of a case shall be obliged to give testimony in court. The persons in charge of the relevant units shall support the witnesses in testifying.

An individual that is incapable of expressing oneself accurately shall not be allowed to give testimony.

Article 73 A witness shall testify in court upon notification by a people's court. A witness may testify by way of written testimony, via audio-visual transmission technology or audio-visual testimony if he or she is:

1. unable to appear in court due to health reasons;

2. unable to appear in court due to geographical distance or inconvenient transport;

3. unable to appear in court due to force majeure such as natural disasters; and

4. unable to appear in court due to any other legitimate reasons.

Article 74 The necessary costs and expenses incurred by a witness in connection with the fulfillment of an obligation to give testimony in court, including for transport, accommodation and meals, as well as loss of salary or wage, shall be borne by the losing party of the case. Where a party applies for testimony given by a witness, the abovementioned costs and expenses shall be advanced by the party; where the people's court notifies a witness to give testimony without the application by any party, the costs and expenses shall be advanced by the people's court.

Article 75 The people's court shall investigate and determine, in the light of other evidence of the case, whether the statements of a party can be taken as a basis for ascertaining facts.

Refusal by a party to make a statement shall not affect the ascertainment of the facts of the case by the people's court on the basis of the evidence of the case.

Article 76 A party may apply to a people's court for the examination of a specialized issue for the verification of a fact. When a party so applies, both parties shall determine a qualified expert through negotiation; where such negotiation fails, the people's court shall designate an expert.

Where parties do not apply for examination but the people's court deems it necessary to examine a specialized issue, it shall appoint a qualified expert to conduct the examination.

Article 77 An expert has the right to consult the materials necessary for the examination and may question parties and witnesses where necessary.

The expert shall issue a written expert opinion duly signed or sealed by that expert.

Article 78 Where a party objects to the expert opinion or where the people's court deems it necessary, the expert shall testify in court. Where upon notification by the people's court, the expert refuses to testify in court, the written expert opinion of the expert shall not be adopted as a factual basis for the case, and the party that bears the costs and expenses in connection with the examination may require the reimbursement of the costs and expenses incurred for the expert opinion.

Article 79 A party may apply to a people's court to notify person(s) with specialized expertise to appear in court and provide opinions on an expert's opinions or specialized issues.

Article 80 When carrying out an inspection of physical evidence or a site, the inspector must show the identification document issued by the people's court and invite local basic-level organizations or the units of the parties to send representatives to participate in the examination. Parties to the case or an adult member of parties' family shall be present. Such person's refusal to attend on the scene shall not affect the conduct of the examination.

Upon notification by the people's court, relevant units and individuals shall be obliged to protect the site and to assist the examination work.

An inspector shall prepare a written record of the circumstances and results of the examination, which shall be signed or sealed by the inspector, the parties to the case and the invited participants.

Article 81 Where it is likely that evidence may be destroyed, lost or become difficult to obtain later on, a party may

apply to the people's court in the course of the lawsuit for the preservation of the evidence. The people's court may also take initiative to preserve such evidence.

In the case of an emergency event where it is likely that an evidence may be destroyed, lost or become difficult to obtain in the future, a party may, during the period of the maintenance of a property or before a lawsuit, apply to the court of the place where the evidence is located or of the domicile of the party against which the application is made, or the people's court with jurisdiction over the case, to preserve the evidence.

The provisions in Chapter IX of the Law concerning evidence preservation shall apply mutatis mutandis to other procedures concerning evidence preservation.

Chapter VII Time Periods and Service

Section 1 Time Periods

Article 82 Time periods include statutory time periods and time periods designated by the people's courts.

Time periods shall be calculated in hours, days, months and years. The hour and day from which a time period commences shall not be counted within such time period.

If the expiration date of a time period falls on a holiday, the day immediately following the holiday shall be the expiration date.

A time period shall not include transit time. Procedural documents mailed before the expiration of the time period shall not be deemed overdue.

Article 83 If a party exceeds a time limit due to an event of force majeure or for other legitimate reasons, the party may apply for an extension of the time period within ten days after the removal of the obstacles. The application for extension of time shall be subject to the approval by the people's court.

Section 2 Service

Article 84 Service of any procedural document must be evidenced by an acknowledgement of service. The person served shall clearly state the date of receipt on the acknowledgement of service, and affix his or her signature or seal to it.

The date of the signature for receipt as entered on the acknowledgement of service by the person served shall be the date of service.

Article 85 A procedural document shall be served directly on the person to be served. If the person to be served is a citizen, the document shall, in case of his or her absence, be delivered to an adult member of his or her family living with him or her, who shall sign for the same. If the person to be served is a legal person or other organizations, the document shall be signed for receipt by the legal representative of the legal person or by the officer in charge of the organization, or by the legal person's or organization's person in charge of receiving documents. If the person to be served has an agent ad litem, the document may be served on his or her agent ad litem who shall sign for the same. If the person to be served has notified the people's court of his or her designation of an agent to receive documents on his or her behalf, the document may be served on the agent, who shall sign for the same.

The date of the signature for receipt as entered on the acknowledgement of service by an adult family member of the person to be served who is living with such person, by the legal person's or organization's person in charge of receiving documents, by the agent ad litem or the agent designated to receive documents shall be the date of service.

Article 86 If a party on which a procedural document is served or any of his or her adult family members living with such party refuses to accept the document, the person serving the document may invite representatives of the relevant basic-level organization or the unit of the party to come to the scene, explain the situation to them, and record the date and reasons of the refusal on the acknowledgement of service. After the person serving the document and the witnesses affixed their signatures or seals on the acknowledgement of service, the document may be left at the domicile of the party and the service process shall be recorded by means such as photography or video-taping, after which the service shall be deemed served.

Article 87 Subject to the consent of the person on which a procedural document is to be served, the document may be served by way of facsimile, electronic mail or any other means through which the receipt of the document may be acknowledged, with the exception of judgments, rulings and mediation statements.

Where a procedural document is served by any of the means listed in the preceding paragraph, the date the faxed or e-mailed document reached the designated system of the party shall be deemed the date of service.

Article 88 If direct service of a procedural service proves difficult, service of the document may be entrusted to another people's court or effected by post. If a document is served by post, the date as stated on the receipt shall be the date of service.

Article 89 If the person to be served is a military person, the document shall be forwarded to him or her by the political organ of or above his or her regiment.

Article 90 Where a person on whom a document is to be served is imprisoned, the document shall be sent to the prison authority in which the person is held for onward transmission to the recipient.

Where the person on whom a document is to be served is undergoing compulsory correction, the document shall be sent to the compulsory correctional facility in which the person is situated for onward transmission to the person.

Article 91 A forwarding authority or unit must, immediately upon receiving a procedural document, deliver the document to the person to be served, who shall sign the same. The date of signature for receipt as entered on the acknowledgement of service shall be the date of service.

Article 92 If the whereabouts of the person to be served are unknown, or if a document cannot be served by any other method provided for in this Section, the document shall be served by public announcement. The document shall be deemed to have been served when 60 days have elapsed since the date of the public announcement.

Where service is effected by public announcement, the reason for doing so and the steps taken shall be recorded in the case file.

Chapter VIII Mediation

Article 93 In trying civil cases, a people's court shall distinguish right from wrong and conduct mediation in accordance with the principle of voluntary participation of the parties and on the basis of clear facts.

Article 94 Mediation conducted by a people's court may be presided over by a single judge or by a collegiate bench. Mediation shall be conducted locally whenever possible.

When conducting mediation, a people's court may use a simplified method to notify the parties and witnesses to appear in court.

Article 95 When conducting mediation, a people's court may request for the assistance of relevant units or individuals. The units and individuals invited shall assist the people's court in the mediation.

Article 96 A mediation agreement shall be reached by the parties voluntarily, and shall not be coerced. The contents of a mediation agreement shall not violate the law.

Article 97 When a mediation agreement is reached, the people's court shall prepare a written mediation statement,

stating the claims, the facts of the case and the result of the mediation.

The written mediation statement shall be signed by the judicial officers and the court clerk, be affixed with the seal of the people's court and shall be served on both parties.

A written mediation statement shall come into force immediately upon signatures by both parties.

Article 98 The people's court need not prepare a written mediation statement in the following types of cases when an agreement is reached through mediation:

1. divorce cases in which the parties have become reconciled through mediation;

2. cases in which an adoptive relationship has been maintained through mediation;

3. cases in which the agreements can be performed immediately; and

4. other cases that do not require written mediation statements.

An agreement that does not require a written mediation statement shall be set down in the written record and shall come into force immediately upon signatures or seals by both parties, the judicial officers and the court clerk.

Article 99 If no agreement is reached through mediation or if one party repudiates the agreement prior to service of the mediation settlement, the people's court shall promptly make a judgment.


Chapter IX Preservation and Preliminary Execution

Article 100 In the event that the judgment on the case may become impossible to enforce or such judgment may cause damage to a party because of the conduct of the other party to the case or because of any other reason, the people's court may, upon the request of the said party, order the preservation of the property of the other party, specific performance or injunction; in the absence of such request, the people's court may, where it deems necessary, may also order property preservation measures.

When a people's court adopts any preservation measure, it may order the applicant to provide security; where the party refuses to provide such security, the court shall reject the application.

When a people's court receives an application for preservation in an emergency, it shall decide within 48 hours after the receipt of the application; if the court accepts the application, such measures shall come into force immediately.

Article 101 Where an interested party whose legitimate rights and interests, due to an emergency, would suffer irreparable damage if the party fails to petition for property preservation promptly, may, before instituting a lawsuit or applying for arbitration, apply to the people's court at the locality of the property, the domicile of the party on which the application is made, or the people's court with jurisdiction over the case, for the property preservation measures. The applicant shall provide security for such application; where the party fails to provide such security, the court shall reject the application.

When a people's court receives an application for preservation, it shall decide within 48 hours after the receipt of the application; if the court accepts the application, the preservation measures shall come into force immediately.

Where the applicant fails to institute lawsuit or apply for arbitration in accordance with the law within 30 days after the people's court adopts preservation measures, the people's court shall revoke the preservation order.

Article 102 Preservation shall be limited to the scope under the application or to the property related to the case in question.

Article 103 Property preservation may be in the form of seizure, detainment, freezing of property or by any other means prescribed by the law. When a people's court grants property preservation, it shall promptly notify the party whose property is subject to preservation.

Property that has already been seized or frozen may not be seized or frozen again.

Article 104 If the person against whom the application is made provides security in a case concerning property dispute, the people's court shall cease the preservation order.

Article 105 If an application is made wrongfully, the applicant shall compensate the person against whom the application is made for any loss incurred as a result of the preservation of property.

Article 106 Upon the request of a party, a people's court may make a ruling for preliminary execution in the following cases:

1. those involving claims for overdue alimony, maintenance, child support, pensions for the disabled or the family of the deceased, or medical expenses;

2. those involving claims for remuneration for labour; and

3. those involving urgent circumstances that require preliminary execution.

Article 107 Cases in which a people's court makes a ruling for preliminary execution shall meet the following conditions

1. The relationship of rights and obligations between the parties is evident and, without preliminary execution, the life, production activities or business operations of the applicant would be seriously affected; and

2. The person against whom the application is made is capable of performing the ruling for preliminary execution.

The people's court may order the applicant to provide security. If the applicant fails to provide security, his application shall be rejected. The applicant losing the action shall compensate the person against whom the application is made for any loss of property incurred from the preliminary execution.

Article 108 If a party is dissatisfied with a ruling for preservation of property or preliminary execution, he may apply once for review. Execution of the ruling shall not be suspended during the period of review.


Chapter X Compulsory Measures against Obstruction of Civil Actions

Article 109 If a defendant who shall appear in court has been served a summons twice but refuses to appear in court without proper causes, the people's court may summon him by means of arrest.

Article 110 Participants in actions and other persons shall comply with court rules.

Persons who violate court rules may be reprimanded, ordered to leave the court, fined or detained by the people's court.

Persons who seriously disrupt court order by making noises or creating uproar in the courtroom, or by insulting, slandering, threatening, or battering judicial officers, shall be prosecuted by the people's court in accordance with the law. If the offence is minor one, such offender may be fined or detained.

Article 111 If a participant in an action or another person commits any of the following acts, the people's court may fine him or detain him according to the seriousness of the case; if the act constitutes a crime, the person shall be prosecuted in accordance with the law:

1. forging or destroying important evidence, thereby obstructing the trial of the case by the people's court;

2. using violence, threats or subornation to prevent a witness from giving testimony, or instigating, suborning, or coercing others to commit perjury;

3. concealing, removing, selling off or destroying property that has been sealed up or distrained, or that has been inventoried and placed in his custody by order, or moving assets that have been frozen;

4. insulting, slandering, framing, beating, threatening, insulting or retaliating against judicial personnel, parties to an action, witnesses, interpreters, inspectors, or personnel assisting in execution;

5. using violence, threats or other methods to obstruct judicial personnel from performing their duties; or

6. refusing to perform a legally effective judgment or ruling of the people's court.

Where a unit commits any of the acts listed in the preceding paragraph, the people's court may impose a fine or period of detention on the head of the unit or the person directly responsible for the act. If the act constitutes a criminal offence, such person shall be prosecuted according to law.

Article 112 Where more than two parties to a case maliciously collaborate among themselves for the purpose of infringing the legitimate rights and interests of any other party by making use of initiating lawsuits or mediation, the people's court may reject the claims of such parties and order a fine or detention against such parties depending on the circumstances; where the violation on the part of the parties is suspected to constitute a crime, such parties shall be subject to criminal prosecution in accordance with the law.

Article 113 Where the party subject to enforcement maliciously collaborates with any other party to evade any of its legal obligations specified in the legal documents by way of lawsuit, arbitration or mediation, the people's court shall order a fine or detention against such parties depending on the circumstances; where the violation of the parties is suspected of constituting a crime, such parties shall be subject to criminal prosecution in accordance with the law.

Article 114 If any of the following units under an obligation to assist in investigation and execution commits any of the listed acts, the people's court may, in addition to ordering it to perform its assistance obligation, impose a fine:

1. relevant units that refuse to cooperate with or that obstruct the investigation or collection of evidence by the people's court;

2. where units concerned refuse to provide assistance in connection with the inquiry, seizure, freeze, transfer or appraisal of property after receiving the notice of the people's court requiring such assistance;

3. relevant units that, after receiving a notice from the people's court to assist in execution, refuse to assist in withholding the revenue of the person subject to execution, or in transferring the relevant title deeds, or in passing on the relevant negotiable instruments, certificates, or other property; or

4. other units that refuse to assist in execution.

A people's court may fine the principally responsible person or any other person directly responsible for an unit that commits any of the acts described in the preceding paragraph; the people's court may detain any person that refuses to carry out his duty to assist and submit a judicial proposal to the supervisory authorities or other relevant authorities suggesting the imposition of disciplinary sanctions.

Article 115 A fine imposed against an individual shall be less than CNY100,000. A fine imposed against a unit shall be more than CNY50,000 and less than CNY1 million.

A period of detention shall not be longer than 15 days.

The people's court shall deliver detainees to the custody of the public security authority. If a detainee admits and corrects his wrongdoings during the period of detention, the people's court may decide to grant an early release.

Article 116 Summoning a person by means of arrest, the imposition of a fine and detention shall be subject to approval by the court presidents.

Summoning a person by means of arrest shall require the issue of an arrest warrant.

Written decisions shall be issued for the imposition of fines and detention. If an offender is dissatisfied with a decision, he may apply once to the immediate superior people's court for review. Execution of the decision shall not be suspended during the period of review.

Article 117 Decisions on the adoption of compulsory measures against obstruction of civil actions must be made by the people's court. Any unit or individual that seeks performance of an obligation by illegal detention of a person or by illegal, private distrainment of another's property shall be prosecuted in accordance with the law, or shall be detained or fined.

### Chapter XI Litigation Costs

Article 118 Parties engaged in civil litigation shall pay a case acceptance fee in accordance with regulations. In property cases, the parties shall also pay other litigation costs in addition to the case acceptance fee.

If a party truly has difficulty in paying litigation costs, it may, in accordance with regulations, apply to the people's court for deferment, reduction or exemption of payment.

The methods for charging costs shall be formulated separately.

### Part Two Trial Procedure

Chapter XII Ordinary Procedure at First Instance

Section 1 Institution and Acceptance of Actions

Article 119 To institute an action, the following conditions must be satisfied:

1. the plaintiff must be a citizen, legal person or other organization with a direct interest in the case;

2. there must be a specific defendant;

3. there must be a specific claim and a specific factual basis and grounds; and

4. the action must fall within the range of civil actions accepted by the people's courts and within the jurisdiction of the people's court with which it is filed.

Article 120 When instituting an action, a statement of claim shall be submitted to the people's court, copies of which shall be provided according to the number of defendants.

If a plaintiff truly has difficulty in writing a statement of claim, he may lodge the claim verbally. The people's court shall transcribe such verbal complaint and notify the opposing party.

Article 121 A statement of claim shall specify the following:

1. the plaintiff's name, gender, age, ethnicity, occupation, employer, domicile and contact information; in the event that the plaintiff is a legal person or an organization of any other form, the name and domicile of the legal person or organization, the name, title and contact information of the legal representative or principally responsible person thereof shall be provided;

2. the defendant's name, gender, employer and domicile; in the event that the defendant is a legal person or an organization of any other form, its name and domicile shall be provided;

3. the claim and its supporting facts and grounds; and

4. evidence and the source thereof, and the names and domiciles of witnesses.

Article 122 Where mediation is appropriate in a civil lawsuit instituted by a party to a people's court, the parties should first go through mediation, provided that the parties to the dispute rejects mediation.

Article 123 The people's courts shall guarantee the right of parties to institute actions in accordance with the law. For an action which meets the conditions prescribed in Article 119 of the Law. If the people's court finds it satisfies the conditions for the institution of actions, the people's court shall place the action on its trial docket within seven days and notify the parties. If the people's court finds it does not satisfy the conditions for the institution of actions, the people's court shall rule within seven days not to accept the action. The plaintiff may appeal against such ruling if he is dissatisfied with the ruling.

Article 124 The people's courts shall handle the following actions according to the specific circumstances of the individual case:

1. where an action falls within the scope of cases that may be accepted as administrative actions under the Law of the People's Republic of China on Administrative Proceedings, the plaintiff shall be notified that he should institute administrative action;

2. if the parties to a contract dispute have voluntarily and lawfully concluded a written arbitration agreement stipulating that disputes must be taken to an arbitration institution and that an action may not be initiated in the people's court, the plaintiff shall be notified that he should apply for arbitration to the arbitration institution;

3. if the law provides that the dispute shall be handled by another authority, the plaintiff shall be notified that he should apply for settlement of the dispute to the relevant authority;

4. if the action does not come under the jurisdiction of the court with which it is filed, the plaintiff shall be notified that he should file the action with the people's court with jurisdiction;

5. if a party to a case in which the judgment or ruling has become legally effective files a new action for the same case, the plaintiff shall be notified that the case will be handled as a petition for a review, provided that the ruling in question is a ruling by the people's court permitting withdrawal of the action;

6. if the law provides that no actions may be filed within a specified period and the action is filed within such period, it shall not be accepted; and

7. in divorce cases, where a judgment has been made denying divorce or where the parties have become reconciled after mediation, and in cases where a judgment has been made to maintain an adoptive relationship or an adoptive relationship is maintained upon mediation, a new action filed for the same case by the plaintiff within six months shall not be accepted without new developments or grounds.

Section 2 Pretrial Preparations

Article 125 The people's court shall deliver a copy of a statement of claim to the defendant within five days after the claim is filed; the defendant shall file a statement of defence within 15 days after receiving the copy of the statement of claim. The statement of defence shall contain the name, gender, age, ethnicity, occupation, employer, domicile and contact information of the defendant; in the event that the defendant is a legal person or an organization of any other form, the name and domicile of the legal person or organization, the name, title and contact information of the legal representative or principally responsible person thereof shall also be specified; The people's court shall deliver a copy of the statement of defence to the plaintiff within five days from the date when it receives the same.

Failure by the defendant to provide a statement of defence does not affect the hearing of the case by the people's court.

Article 126 In cases that it has decided to accept, a people's court shall advise the parties orally, or in the notice of acceptance of the case and the notice of response to the action, of their procedural rights and obligations.

Article 127 If a party objects to the jurisdiction over a case after its acceptance by a people's court, the party shall raise the objection during the time limit for filing the statement of defence. The people's court shall examine such objection. If the objection is tenable, the people's court shall rule that the case be referred to the people's court with jurisdiction over the case; if the objection is untenable, it shall be overruled.

Where the party does not raise any objection to the jurisdiction of the case and responds to the claim and enters defense, the party shall be deemed to have agreed that the people's court accepting the case has jurisdiction over the case, unless it is in violation of the provisions regarding jurisdiction by level and exclusive jurisdiction.

Article 128 The parties shall be notified within three days after the members of the collegiate bench have been determined.

Article 129 Judicial officers must conscientiously examine the materials relating to the action and investigate and collect the necessary evidence.

Article 130 Personnel sent by a people's court to conduct an investigation shall show their credentials to the person under investigation.

The written record of the investigation shall be checked by the person under investigation, which shall be signed or sealed by the person under investigation and the investigator.

Article 131 When necessary, a people's court may entrust a people's court in another locality with an investigation.

When entrusting such other people's court, the entrusting people's court must clearly set out the matter to be investigated and its requirements. The entrusted people's court may conduct supplementary investigations on its own initiative.

An entrusted people's court shall complete its investigation within 30 days after receipt of the letter of entrustment. If it cannot complete the investigation for reasons, it shall notify the entrusting people's court in writing within the above time limit.

Article 132 If a party who must participate in a joint action fails to participate in the same, the people's court shall notify him of participation in the action.

Article 133 The people's courts shall handle the accepted cases according to the specific circumstances of the individual case:

1. If the parties do not raise any objection, and the case meets the requirements prescribed in procedure for the recovery of debts, the procedure for the recovery of debts may be initiated on the case;

2. If mediation is appropriate for a case before the hearing of the case begins, the dispute shall be settled through mediation in a timely manner;

3. Based on the circumstances of the case, determine whether to apply the summary procedure or ordinary procedure; and

4. If it is necessary to hold a hearing, the focus of dispute in the case shall be determined by ordering the parties to exchange evidence.

Section 3 Trial in Court

Article 134 People's courts shall try civil cases in public, except for those involving State secrets or private matters of individuals or otherwise stipulated in the law.

Divorce cases and cases that involve trade secrets may be tried in camera if a party so requests.

Article 135 In trying civil cases, the people's courts shall conduct circuit trials to handle cases on the spot when necessary.

Article 136 When trying a civil case, the people's court shall notify the parties and other participants in the action three days prior to a trial hearing. If the case is publicly tried, the names of the parties, the cause of action and the time and place of the hearing shall be publicly announced.

Article 137 Before holding a trial hearing, the court clerk shall ascertain the presence of the parties and the other participants in the action and announce the discipline of the court.

At the opening of a trial hearing, the presiding judge shall check the parties present, announce the cause of action, the names of the judicial officers and the name of the court clerk, advise the parties of their procedural rights and obligations and inquire whether the parties wish to challenge any judicial officers.

Article 138 Investigation in court shall be conducted in the following order:

1. presentation of statements by the parties;

2. advising witnesses of their rights and obligations, giving testimony by the witnesses and reading out the depositions of absent witnesses;

3. presentation of documentary evidence, physical evidence, audio-visual data and electronic data;

4. reading out expert opinions; and

5. reading out the record of the inquest.

Article 139 The parties may produce new evidence in court.

With the permission of the court, the parties may question the witnesses, experts and inspectors.

Any request by the parties for a new investigation, expert examination or inquest shall be subject to the approval by the people's court.

Article 140 If the plaintiff presents an additional claim, or the defendant brings a counterclaim or a third party presents a claim related to the case, such claim or counterclaim may be tried together.

Article 141 Court debates shall be conducted in the following order:

1. presentation of oral statements by the plaintiff and his agent ad litem;

2. presentation of oral response by the defendant and his agent ad litem;

3. presentation of oral statement or response by the third party and his agent ad litem;

4. debate between the parties.

At the conclusion of the court debate, the presiding judge shall first ask the plaintiff, then the defendant and finally the third party to make their final comments.

Article 142 At the conclusion of the court debate, a judgment shall be made according to law. If possible, mediation may be conducted prior to making a judgment. If mediation is unsuccessful, a judgment shall promptly be made.

Article 143 If a plaintiff has been served a summons but refuses without proper cause to appear in court, or if a plaintiff leaves the courtroom during the trial without the court's permission, he may be deemed to have withdrawn his suit and, if the defendant has brought a counterclaim, a judgment by default may be made.

Article 144 If a defendant has been served a summons, but refuses without proper cause to appear in court or if a defendant leaves the courtroom during the trial without the court's permission, a judgment by default may be made.

Article 145 If a plaintiff applies for withdrawal of action before judgment is pronounced, the people's court shall decide on whether or not to grant approval.

If the withdrawal of action has been denied by an order of the people's court, and the plaintiff, having been served a summons, refuses without proper cause to appear in court, a judgment by default may be made.

Article 146 A trial hearing may be adjourned in any of the following circumstances:

1. the parties or other participants in the action required to appear in court fail to do so with proper cause;

2. a party extemporarily challenges judicial officers;

3. it is necessary to summon new witnesses to court, collect new evidence, make a new expert examination or inquest, or make a supplementary investigation; or

4. other circumstances that require adjournment have arisen.

Article 147 The court clerk shall make a written record of all the activities during a trial hearing, which shall be signed by him and the judicial officers.

The court record shall be read out in court or the parties and other participants in the action may be notified to read the court record in court or within five days. If the parties or other participants in the action consider that there are omissions or errors in the record of their statements, they shall have the right to apply for addition or correction. If such addition or correction is not made, the application shall be recorded in the case file.

The court record shall be signed or sealed by the parties and other participants in the action. Any refusal to do so shall be recorded in a note to be attached to the file.

Article 148 People's courts shall publicly pronounce their judgments in all cases, whether tried in public or in camera.

If a judgment is pronounced in court, the written judgment shall be dispatched within ten days. If a judgment is pronounced on a fixed date, the written judgment shall be issued immediately after the pronouncement.

Upon pronouncement of a judgment, the parties must be advised of their right to appeal, the time limit for appeal and the court with which an appeal should be lodged.

Upon pronouncement of a divorce judgment, the parties must be advised that they may not remarry before the judgment becomes legally effective.

Article 149 when handling a case to which ordinary procedure is applicable, a people's court shall conclude the case within six months from the date of placing the case on file. Where an extension is required under special circumstances, a six-month extension may be given subject to the approval of the president of the court. Any further extension shall be reported to the people's court of higher level for approval.

Section 4 Suspension and Termination of Actions

Article 150 An action shall be suspended in any of the following circumstances:

1. one of the parties dies and it is necessary to wait for his successor to state whether he wishes to participate in the action;

2. one of the parties has lost the capacity to engage in litigation, and his statutory agent has not been determined yet;

3. the legal person or other organization acting as one of the parties has terminated, and the successor to its rights and obligations has not been determined yet;

4. one of the parties is unable to participate in the action due to an event of force majeure;

5. the case in question is dependent upon the outcome of the trial of another case that has not been concluded; or

6. other circumstances require the suspension of proceedings.

Proceedings shall be resumed after the cause of suspension has been eliminated.

Article 151 Actions shall be terminated under the following circumstances:

1. the plaintiff dies without a successor, or the successor waives his procedural rights;

2. the defendant dies without estate and without a person to succeed to his obligations;

3. one of the parties in a divorce case dies; or

4. one of the parties in a case involving claims for overdue alimony, maintenance, child support or the termination of an adoptive relationship dies.

Section 5 Judgment and Ruling

Article 152 A written judgment shall clearly state the decision and the reasons supporting the judgment. The contents of the written judgment shall include:

1. the cause of action, the claims, the facts and grounds of the dispute;

2. the facts and grounds as found in the judgment, and the applicable laws and reasons;

3. the result of the judgment and the apportionment of litigation costs; and

4. the time limit for appeal and the court with which an appeal should be lodged.

A written judgment shall be signed by the judicial officers and the court clerk, and the seal of the people's court shall be affixed to it.

Article 153 If some of the facts of a case being tried are evident already, the people's court may make a judgment on those facts first.

Article 154 Rulings shall be applicable to the following:

1. refusal to entertain a case;

2. objection to the jurisdiction of a court;

3. dismissal of a complaint;

4. preservation and preliminary execution;

5. approval or disapproval of withdrawal of an action;

6. suspension or termination of an action;

7. correction of clerical errors in a written judgment;

8. suspension or termination of execution;

9. cancellation of or refusal to enforce an arbitration award;

10. refusal to enforce a document on creditor's rights that has been rendered enforceable by a notary agency; and

11. other matters to be settled by a ruling.

An appeal may be filed against a ruling on the matters under Item 1 to Item 3 of the preceding paragraph.

A written ruling shall specify the results and the reasons for the ruling. The written ruling shall be signed by the adjudicatory personnel and the court clerk, and affixed with the seal of the people's court. An oral ruling shall be entered into the written records.

Article 155 Judgments and rulings made by the Supreme People's Court, and judgments and rulings that may not be appealed against according to the law or that have not been appealed against within the prescribed time limit, shall be legally effective.

Article 156 The general public may have access to the effective written legal judgments and rulings, except for those involving state secrets, trade secrets or personal privacy.

Chapter XIII Summary Procedure

Article 157 Where a basic people's courts and a tribunal dispatched by it try simple civil cases in which the facts are evident, the relationship of rights and obligations is definite and the disputes are minor, the provisions of this Chapter shall apply.

Where a basic people's court or a tribunal dispatched by it hears civil cases other than those stipulated under the preceding paragraph, the parties may also agree on the application of summary procedure.

Article 158 In simple civil cases, the plaintiff may institute actions verbally.

Both parties may simultaneously appear before a basic people's court or a tribunal dispatched by it to request settlement of their dispute. The basic people's court or the tribunal dispatched by it may try the case immediately or set a date for trial.

Article 159 When trying a simple civil case, a basic people's court or a tribunal dispatched by it may adopt a simplified and convenient method to summon the parties and witnesses, serve the lawsuit documents and conduct the trial, provided that the parties' rights to be heard shall be protected.

Article 160 Simple civil cases shall be tried by a single judge alone, which shall not be subject to the restriction of Articles 136, 138 and 141 of the Law.

Article 161 When trying a case by applying summary procedure, a people's court shall conclude the case within three months from the date of placing it on the docket.

Article 162 When trying a simple civil case prescribed in Item 1 of Article 157 of the Law, the subject amount of which is below thirty percent of the average annual salary of the employees of all provinces, autonomous regions, municipalities directly under the Central Government in the previous year, the basic people's court or the tribunal dispatched by it may apply the system under which the ruling in the first instance shall be final.

Article 163 Where in hearing a case, the people's court finds that it is inappropriate to apply the summary procedure to the case, it may rule to evoke the regular procedure.

Chapter XIV Procedure at Second Instance

Article 164 If a party disagrees with a first instance judgment made by a local people's court, the party shall have the right to lodge an appeal with the immediate superior people's court within 15 days from the date on which the written judgment was served.

If a party disagrees with a first instance ruling made by a local people's court, the party shall have the right to lodge an appeal with the immediate superior people's court within ten days from the date on which the written ruling was served.

Article 165 To lodge an appeal, an appeal petition shall be submitted. The contents of an appeal petition shall include the names of the parties, the names of the legal persons and their legal representatives or the names of other organizations and their principally responsible persons; the name of the people's court that originally tried the case, the file number of the case and the cause of action; and the claims and grounds of the appeal.

Article 166 An appeal petition shall be submitted through the people's court that originally tried the case, copies of which shall be provided according to the number of persons in the other party or of the representatives thereof.

If a party appeals directly to a people's court of second instance, such court shall transfer the appeal petition to the people's court that originally tried the case within five days.

Article 167 Within five days after receiving an appeal petition, the people's court that originally tried the case shall serve the copy of the appeal petition on the other party, who shall, within 15 days from the date of receipt, submit a statement of defence. The people's court shall, within five days after receiving the statement of defence, serve a copy of the statement on the appellant. Failure on the part of the other party to submit a statement of defence shall not affect the trial of the case by the people's court.

Within five days after receiving the appeal petition and the statement of defence, the people's court that originally tried the case shall deliver the same to the people's court of second instance together with the entire case file and all the evidence.

Article 168 A people's court of second instance shall investigate the relevant facts and the applicable law pertaining to the appeal.

Article 169 During the hearing of an appeal, the people's court of the second instance shall form a collegiate bench for the hearing. Where, upon reviewing the case files, conducting investigations and questioning the parties, no new facts, evidences or reasons are submitted, the collegiate bench may decide not to hold a hearing if it deems unnecessary.

A people's court of second instance may try an appeal case in its own court or in the place where the case originated or where the people's court that originally tried the case is located.

Article 170 After an appeal hearing, a people's court of the second instance shall decide according to the following circumstances:

1. where the original judgment or ruling is supported by clear facts and correct application of law, a judgment or ruling shall be made to dismiss the appeal and uphold the original judgment or ruling;

2. where the verification of facts or application of law is erroneous in the original judgment or ruling, a judgment or ruling amending, revoking or modifying the original judgment or ruling shall be made in accordance with law;

3. where the verification of fundamental facts is not clearly ascertained in the original judgment, a ruling shall be made to revoke the original judgment, return the case to the people's court that originally tried the case for retrial, or amend the judgment after the facts have been clearly ascertained; and

4. where the original judgment seriously violates the statutory procedure, such as omitting a party or illegally entering a default judgment, a ruling shall be made to dismiss the original judgment and return the case to the original people's court for retrial.

Where, after the original judgment makes a judgment for the case remanded for retrial, any of the parties thereto files an appeal, the people's court of the second instance may not remand the case again for retrial.

Article 171 In handling an appeal against a ruling made by a people's court of first instance, the people's court of second instance shall in all cases use rulings.

Article 172 In trying an appeal case, a people's court of second instance may conduct mediation. If an agreement is reached upon mediation, a written mediation statement shall be prepared. Such written mediation statement shall be signed by the judicial officers and the court clerk, and the seal of the people's court shall be affixed to it. Immediately upon service of the written mediation statement, the judgment of the people's court that originally tried the case shall be deemed to have been quashed.

Article 173 If an appellant applies for withdrawal of his appeal prior to the pronouncement of judgment by the people's court of second instance, the people's court of second instance shall make a ruling on whether to approve the application.

Article 174 In trying an appeal case, the people's court of the second instance shall, in addition to complying with the provisions of this Chapter, apply the ordinary procedure at first instance.

Article 175 The judgments and rulings of the people's court of second instance shall be final.

Article 176 In trying a case of an appeal against a judgment, a people's court shall conclude the case within three months from the date of putting it on its trial docket as a case of the second instance. Any extension of the time limit necessitated by special circumstances shall be subject to approval by the president of the court.

In trying a case of an appeal against a ruling, the people's court shall make a final ruling within 30 days from the date of putting it on its trial docket as a case of the second instance.

Article 177 When the people's court tries cases concerning voter's qualification, declaration of a person as missing or dead, determination of a citizen as having no capacity for civil acts or as having limited capacity for civil acts, or determination of ownerless property, confirmation of mediation agreement and the enforcement of real rights for security, this Chapter shall apply. Regarding matters not covered in this Chapter, the relevant provisions of the Law and other laws shall apply.

Article 178 Where a case is tried in accordance with the procedure set forth in this Chapter, the judgment of first instance shall be the final judgment. The trial of cases concerning voter qualifications or major or difficult cases shall be conducted by a collegiate bench of judges. Other cases shall be tried by a single judge alone.

Article 179 If, in the course of trying a case in accordance with the procedure set forth in this Chapter, a people's court discovers that the case involves a dispute over civil rights and interests, it shall rule to terminate the special procedure, and inform the interested parties that they may institute a separate action.

Article 180 A people's court shall conclude a case tried according to special procedure within 30 days from the date of entering it on its trial docket or within 30 days from the expiration of the time limit set forth in the public notice. Any extension of the time limit necessitated by special circumstances shall be subject to approval by the president of the court in question, except for cases concerning voter qualifications.

Section 2 Cases Concerning Voter Qualifications

Article 181 If a citizen disagrees with the decision of an election committee on his petition concerning his qualifications to be a voter, he may institute an action at the basic people's court of his election district five days before election day.

Article 182 After accepting a case concerning voter qualifications, a people's court must conclude the trial before election day.

The suitor, representatives of the election committee and the citizens concerned must attend the trial.

The written judgment of the people's court shall be served on the election committee and the suitor before election day, and the citizens concerned shall be notified of the judgment.

Section 3 Cases Concerning the Declaration of a Person as Missing or Dead

Article 183 Where the whereabouts of a citizen has been unknown for two years, and an interested party applies for declaration of the citizen to be missing, the application shall be filed with the basic people's court of the place where the missing person is domiciled.

The application shall clearly state the facts and time of the disappearance and the request, which shall be accompanied by a written certificate concerning the disappearance of the said citizen issued by a public security authority or other relevant authorities.

Article 184 Where the whereabouts of a citizen has been unknown for four years, or has been unknown for two years as a result of an accident, or has been unknown as a result of an accident which, as certified by the relevant authorities, the citizen could not have survived, an interested party applies for declaration of the citizen to be dead, the people's court shall, based on the facts and circumstances, determine whether the citizen is dead or not.

The application shall clearly state the facts and time of the disappearance and the request, which shall be accompanied by a written certificate concerning the disappearance of the said citizen issued by a public security authority or other relevant authorities.

Article 185 After accepting a case concerning the declaration of a citizen as missing or dead, a people's court shall issue a public notice in search of the citizen whose whereabouts is unknown. The period for the notice of declaration of a person as missing shall be three months, and the period for the notice of declaration of a person as dead shall be one year. If the whereabouts of a citizen is unknown as a result of an accident which, as certified by the relevant authorities, the citizen could not have survived, the period of notice for the declaration of the citizen as death shall be three months.

Upon the expiration of the time limit of the public notice, the people's court shall, depending on whether the facts about the disappearance or death of the person have been confirmed, make a judgment declaring the person missing or dead or make a judgment to reject the application for such a declaration.

Article 186 If a citizen who has been declared missing or dead reappears, the people's court shall, upon the application of that person or an interested party, make a new judgment to quash the original judgment.

Section 4 Cases Concerning the Determination of a Citizen as Having No Capacity for Civil Acts or as Having Limited Capacity for Civil Acts

Article 187 An application for determining a citizen as having no capacity for civil acts or as having limited capacity for civil acts shall be filed by a close relative of the citizen or another interested party with the basic people's court of the place where the citizen is domiciled.

The application shall clearly state the facts and grounds on which the citizen's incompetence for civil acts or limited capacity for civil acts is asserted.

Article 188 After accepting such an application, the people's court shall, when necessary, carry out an expert examination of the citizen who is requested to be declared as having no capacity for civil acts or having limited capacity for civil acts. If the applicant has already provided an expert opinion, the people's court shall examine such expert opinion.

Article 189 When a people's court tries a case for determining a citizen as having no capacity for civil acts or as having limited capacity for civil acts, a close relative of the citizen, with the exception of the applicant, shall be his agent ad litem. If the close relatives shift onto one another the responsibility to act as agent ad litem, the people's court shall appoint one of them as the agent ad litem. If the health of the citizen permits, his opinion shall also be solicited.

If, by trying the case, the people's court determines that the application is based on facts, it shall make a judgment determining the citizen to have no capacity for civil acts or to have limited capacity for civil acts. If the people's court determines that the application is not based on facts, it shall make a judgment to reject the application.

Article 190 If, upon the application of a citizen who has been determined to have no capacity for civil acts or to have limited capacity for civil acts or upon the application of such citizen's guardian, a people's court verifies that the cause of such citizen's incompetence for civil acts or limited capacity for civil acts has been eliminated, it shall make a new judgment to quash the original judgment.

Section 5 Cases Concerning the Determination of Property as Ownerless

Article 191 An application for determining a property as ownerless shall be filed by a citizen, legal person or other organization with the basic people's court of the place where the property is located.

The application shall clearly state the type and quantity of the property and the grounds on which the request for determination of the property as ownerless is made.

Article 192 After accepting such an application, the people's court shall, upon examination and verification, issue a public notice requesting that the property be claimed. If no one claims the property within one year from the issue of the public notice, the people's court shall make a judgment determining that the property is ownerless, whereupon the property shall become the property of the State or the collective.

Article 193 If, after a property has been determined ownerless by judgment, the owner of the property or the successor thereto appears, the owner or the successor may file a claim to the property within the limitation of action as specified in the General Principles of Civil Law of the People's Republic of China. The people's court shall, after examination and verification, make a new judgment to quash the original judgment.

Section 6 Cases Concerning the Confirmation of Mediation Agreement

Article 194 For an application for judicial confirmation of a mediation agreement, the parties shall, in accordance with the People's Mediation Law and other applicable laws and within 30 days upon effectiveness of the material mediation agreement, jointly file an application with the basic people's court where the mediation institution is located.

Article 195 After the acceptance of the application, if the application complies with the legal requirements upon examination, the people's court shall affirm that the mediation agreement is valid; if any party thereto refuses to perform or fails to fully perform the agreement, the other parties thereto may apply to the people's court for enforcement; if the application fails to comply with the legal requirements, the court shall reject the application, and the parties thereto may modify the original mediation agreement by way of mediation or draft a new mediation agreement; they may also file a lawsuit with the people's court.

Section 7 Cases Concerning Enforcement of Real Rights for Security

Article 196 For the application for enforcement of real rights for security, the owner of real rights and other parties with the enforcement rights may, in accordance with the Real Rights Law and other laws, file an application with the basic people's court where the secured property is located or the secured real rights is registered.

Article 197 After the acceptance of the application, if the application complies with the legal requirements upon examination, the people's court may issue a ruling to the auction or sale of the secured property, and the parties thereto may apply to the people's court for enforcement pursuant to the ruling. If the application fails to comply with the legal requirements, the court shall reject the application, and the parties thereto may file a lawsuit with the people's court.


Chapter XVI Procedure for Trial Supervision

Article 198 If the presidents of people's courts at any level finds any verified error in a legally effective judgment, ruling or mediation statement and deems it necessary to have the case retried, they shall refer the case to the judicial committee for discussion and decision.

If the Supreme People's Court discovers any verified error in a legally effective judgment, ruling or mediation statement issued by a local people's court at any level, or if a people's court at a higher level finds any verified error in a legally effective judgment, ruling or mediation statement issued by a subordinate people's court, it shall have the right to bring up the case for trial or instruct a subordinate people's court to conduct a retrial of the case.

Article 199 Any party that considers a legally effective judgment or ruling to be wrong may apply to the immediate

superior people's court for retrial, as for the case where one party comprises of a large number of citizens, or both parties thereto are citizens, the parties may apply for retrial of the case to the original people's court. Nevertheless, the application for retrial does not mean that the enforcement of the judgment or ruling is suspended.

Article 200 Where the people's court, after reexamining an application of a party, finds any of the following, it shall conduct a retry:

1. there is new evidence that is sufficient to overturn the original judgment or ruling;

2. the evidence used as a basis for ascertaining the essential facts in the original judgment or ruling was insufficient;

3. the main evidence used as a basis for ascertaining the facts in the original judgment or ruling was falsified;

4. the main evidence used as a basis for ascertaining the facts in the original judgment or ruling was not cross-examined;

5. With regard to the main evidence necessary for the trial, if the party concerned is unable to collect the evidence personally due to objective reasons, and the people's court fails to investigate or collect such evidence after the party submits a written application to the people's court to investigate and collect such evidence;

6. an error was found in the application of the law in the original judgment or ruling;

7. the judicial organization was not composed in accordance with the law or a member of the judicial officers who should have withdrawn in accordance with the law did not do so;

8. in the event that the statutory agent of a party with no capacity to bring a case failed to act as an agent in the relevant case or where a party required to participate in the case failed to do so for reasons for which the party or his or her litigation agent is not responsible;

9. where the party was deprived of his or her right to argue the case in breach of the law;

10. where a default judgment was entered without serving a summons;

11. where the original judgment or ruling omitted or exceeded the claims sought in the case;

12. the legal documentation on which the original judgment or ruling is based has been cancelled or amended; or

13. where any member of the judicial officers commits malpractice in trying a case, such as embezzlement, bribery, engagement in malpractice for personal benefits, or rendering of a judgment that perverts the law.

Article 201 For a legally effective mediation statement, a party may apply for a retrial if it can present evidence that the mediation violates the principle of voluntary participation or that the content of the mediation agreement violates the law. If the people's court finds the evidence to be true upon examination, it shall retry the case.

Article 202 A party may not apply for retrial of a case where a legally effective judgment or mediation statement has been made to dissolve a marriage.

Article 203 Any party that applies for a retrial shall submit retrial request and other relevant materials. The people's court shall give a copy of the retrial request to the other party within five days from the date on which it is received. The other party shall submit a written response within 15 days from the date on which it receives the copy of the retrial request; the other party's failure to submit a written response shall not affect the review of the case by the people's court. The people's court may require the applicant and the other party to submit additional relevant materials and may inquire about relevant issues.

Article 204 The people's court shall carry out the examination within three months upon receipt of the retrial request. Where the circumstances of the case meet the applicable provisions of the Law, a retrial shall be ordered; where the circumstances of the case fail to meet the applicable provisions herein, the application shall be rejected. Any extension of time limit due to special circumstances shall be subject to the approval by the president of the court.

A case that is to be retried upon the application by a party thereto shall be tried by an intermediate people's court or by a people's court at a higher level, unless the party opts to apply to the basic people's court for retrial in accordance with the provisions in Article 199 herein. Where the Supreme People's Court or the Higher People's Court finds that the case should be retried, the case may be retried by that court or assigned to another people's court or returned to the people's court that made the original judgment or ruling for retrial.

Article 205 A party shall apply for a retrial within six months after the date on which the judgment or ruling becomes legally effective; in any of the circumstances described in Items 1, 3, 12 and 13 of Article 200 of the Law, a retrial application may be submitted within six months after the date on which the party becomes aware or is reasonably believed to become aware of the relevant facts.

Article 206 When an order is made to retry a case in accordance with the procedure for trial supervision, a ruling shall be made to suspend the enforcement of the original judgment, ruling or mediation statement, with the exception of cases of claims of alimony, maintenance fee, child support, pension, medical expenses, and labor remuneration.

Article 207 Where a case is to be retried by a people's court in accordance with the procedure for trial supervision, if the legally effective judgment or ruling was made by a court of first instance, the case shall be retried in accordance with the procedure at first instance, and the parties may appeal against the judgment or ruling made. If the legally effective judgment or ruling was made by a court of second instance, it shall be retried in accordance with the procedure at second instance, and the judgment or ruling made shall be legally effective. If the case was removed for trial by a people's court at a higher level in accordance with the procedure for trial supervision, it shall be tried in accordance with the procedure at second instance, and the judgment or ruling made shall be legally effective.

When retrying cases, the people's court shall form a new collegiate bench.

Article 208 Where the Supreme People's Procuratorate finds that a legally effective judgment or ruling made by a people's court at any level falls under any of the circumstances described in Article 200 of the Law or where a superior people's procuratorate finds that a legally effective judgment or ruling made by a subordinate people's court falls under any of the circumstances described in Article 200 of the Law; or the Supreme People's Procuratorate or a superior people's procuratorate finds that a mediation statement is against the interests of the State or the public, the Supreme People's Procuratorate or the superior people's procuratorate shall lodge an objection thereto.

Where a local people's procuratorate at any level finds that a legally effective judgment or ruling made by the people's court at the same level falls under any of the circumstances described in Article 200 of the Law, or finds that a mediation statement is against the interests of the State or the public, it shall lodge a procuratorial proposal to the people's court at the same level and file the proposal to its immediate superior people's procuratorate for record, or refer the case to its immediate superior people's procuratorate to lodge an objection with the people's court at the same level.

Where a people's procuratorate at any level discovers that a member of the judicial officers commits any violation during the trial procedure that is beyond the scope of the trial supervision procedure, it could submit a procuratorial proposal to the people's court at the same level.

Article 209 Under any one of the following circumstances, a party may apply to the competent people's procuratorate for a procuratorial proposal or objection:

1. where the people's court rejects the retrial application;

2. where the people's court does not issue a ruling over the retrial application within the specified time limit; or

3. where the judgment or ruling of the retrial is obviously erroneous.

The people's procuratorate shall examine the retrial application within three months after the receipt thereof and decide whether to make a procuratorial proposal or objection, after which the parties are not allowed to apply to the

decide whether to make a procuratorial proposal or objection, and when the parties are not allowed to apply to the people's procuratorate for a procuratorial proposal or objection again.

Article 210 Where a people's procuratorate in exercising legal supervision lodges a procuratorial proposal or objection, it may investigate the case by means of accessing case files, questioning the parties concerned and the persons, and verifying the relevant facts.

Article 211 In the event that a people's procuratorate files an objection, the people's court that accepts the objection shall order a retrial within 30 days after the date on which it receives the Objection Letter; under any of the circumstances described in Items 1 to 5 of Article 200 of the Law, the people's court shall transfer the case to a competent immediate subordinate people's court, unless the case has been retried by the immediate subordinate people's court.

Article 212 When a people's procuratorate decides to lodge an objection against a judgment, ruling or mediation statement made by a people's court, it shall prepare a written objection.

Article 213 When retrying a case that is protested against by a people's procuratorate, a people's court shall notify the people's procuratorate that it should send personnel to appear in court.


Chapter XVII Procedure for the Recovery of Debts

Article 214 When a creditor requests payment of money or delivery of a negotiable instrument from a debtor, he may apply to the basic people's court with jurisdiction for a payment order provided that:

1. the creditor and the debtor are not involved in any other dispute over obligations; and

2. the payment order can be served on the debtor.

The written application shall clearly state the requested amount of money or quantity of the negotiable instruments and the facts and evidence on the basis of which the application is made.

Article 215 A people's court shall, within five days after a creditor has submitted his application, notify the creditor whether it has accepted the case.

Article 216 After accepting an application for a payment order, a people's court, having found the relationship of debtor and creditor to be definite and lawful upon examination of the facts and evidence presented by the creditor, shall issue a payment order to the debtor within 15 days from the date of acceptance of the application. If the application is untenable, a ruling shall be made to reject it.

The debtor shall, within 15 days from the date of receipt of the payment order, settle his debt or submit a written objection to the people's court.

If the debtor neither submits an objection nor performs the payment order within the time limit specified in the preceding paragraph, the creditor may apply to the people's court for execution.

Article 217 After receiving a written objection submitted by the debtor, if the objection is tenable upon examination, the people's court shall issue a ruling to terminate the procedure for debt recovery, whereupon the payment order shall automatically become null and void.

Where the payment order becomes null and void, the case shall enter the litigation procedure, unless the party applying for the payment order disagrees to institute an action.


Chapter XVIII Procedure for Public Invitation to Assert Claims

Article 218 The holder of a negotiable instrument transferable by endorsement may, if the instrument is stolen, lost, or destroyed, apply for a public invitation to assert claims to the basic people's court of the place where payment on the negotiable instrument is to be made. This Chapter shall apply to other matters for which, according to the law, applications may be submitted for a public invitation to assert claims.

An applicant shall submit to the people's court a written application, clearly stating the main particulars of the negotiable instrument such as its face amount, drawer, holder and endorser, and the reasons and facts pertaining to the application.

Article 219 When a people's court decides to accept an application, it shall simultaneously notify the drawee that he should suspend payment, and within three days issue a public notice to invite interested parties to assert their claims. The period of the public invitation to assert claims shall be decided by the people's court according to the circumstances, provided that it shall not be less than 60 days.

Article 220 Upon receipt of a notice from the people's court to suspend payment, the drawee shall act accordingly until the conclusion of the procedure for public invitation to assert claims.

During the period of the public invitation to assert claims, any act relating to the assignment of rights in the negotiable instrument shall be invalid.

Article 221 Interested parties as claimants shall submit an application to the people's court during the period of the public invitation to assert claims.

After receiving an application from an interested party, the people's court shall rule to conclude the procedure for public invitation to assert claims, and shall notify the applicant and the drawee.

The applicant or the claimant may institute an action in the people's court.

Article 222 If no one asserts claims, the people's court shall make a judgment to declare the negotiable instrument void according to the application of the applicant. Judgment shall be announced in a public notice, and the drawee shall be notified of it. From the date of public pronouncement of the judgment, the applicant shall have the right to claim payment from the drawee.

Article 223 If an interested party was unable for proper cause to report to the people's court prior to judgment, he shall, within one year from the day he knew or ought to have known of the public announcement of the judgment, institute an action at the people's court that made the judgment.


Part Three Execution Procedures

Chapter XIX General Provisions

Article 224 A legally effective civil judgment or ruling, or that portion of a legally effective criminal judgment or ruling that pertains to property, shall be enforced by the people's court of first instance or the people's court at the same level as the people's court where the property subject to execution is located.

Other legal documents that shall be enforced by the people's courts as provided for by law shall be enforced by the people's court of the place where the person subject to execution is domiciled or where the property subject to execution is located.

Article 225 Any party or interested party may submit a written objection to the people's court responsible for executing a judgment if he or she considers execution of the judgment to be contrary to the provisions of the law. Where any party or interested party raises a written objection, the people's court shall examine the circumstances of the case within 15 days from the date on which it receives the written objection. Where the objection is tenable, a ruling shall be made that the judgment be quashed or amended; where the objection is untenable, it shall be overruled. Where the

party or interested party concerned disagrees with the ruling, he or she may make an application for review to the immediate superior people's court within ten days from the date on which he or she receives the ruling.

Article 226 Where the people's court does not execute a judgment within six months from the date on which it receives the application, the party applying for execution may apply for execution by the immediate superior people's court. After examining the case, the immediate superior court may order the original people's court to execute the judgment within a specified period of time, may determine to execute the judgment itself, or may instruct another people's court to execute the judgment.

Article 227 Where, in the course of executing a judgment, a person who is not a party to the case raises a written objection to the execution of the judgment against the subject matter, the people's court shall examine the objection within 15 days after receiving it. Where the objection is tenable, the court shall rule that execution be suspended; where the objection is untenable, the court shall rule that it be rejected. Where the person who is not a party to the case or any party to the case is not satisfied with the ruling and considers the original judgment or ruling to be erroneous, the case shall be handled in accordance with the procedure for trial supervision; where the original judgment or ruling is considered to be irrelevant, the relevant party may lodge a case with the people's court within 15 days after receiving the ruling.

Article 228 Execution shall be carried out by execution officers.

An execution officer shall show his credentials when taking enforcement measures. After execution is completed, a record shall be made of its particulars, which shall be signed or sealed by the persons present.

The people's court may establish execution authorities as needed.

Article 229 If the person or the property subject to execution is in another locality, the people's court of that locality may be entrusted with execution. The entrusted people's court must commence execution within 15 days after receipt of the letter of entrustment and shall not refuse to comply. After execution is completed, the entrusted people's court shall promptly reply to the entrusting people's court by letter, setting forth the result of the execution. If execution is not completed within 30 days, the entrusted people's court shall also inform the entrusting people's court by letter of the particulars of execution.

If the entrusted people's court does not execute the judgment or ruling within 15 days from the date of receipt of the letter of entrustment, the entrusting people's court may request the immediate superior people's court than the entrusted people's court to instruct it to execute the judgment or ruling.

Article 230 Where, in the course of execution, the parties reach an agreement upon mediation at their own initiative, the execution officer shall make a record of the contents of the agreement and both parties shall sign or seal such record.

Where the person applying for enforcement reaches an agreement upon mediation with the person subject to the enforcement due to deception or coercion, or if a party fails to perform the mediation agreement, the people's court may, upon application by the other party, resume the enforcement of the original effective legal document.

Article 231 Where, in the course of execution, the person subject to execution provides security to the people's court, the people's court may decide to suspend the execution and decide the term of such suspension, subject to the consent of the person applying for execution. If the person subject to execution fails to perform within the specified term, the people's court shall have the power to execute the judgment or ruling against the property provided as security by the person subject to execution or the property of his guarantor.

Article 232 When a citizen subject to execution dies, his debts shall be repaid from his estate. When a legal person or another organization subject to execution is terminated, the successor to the rights and obligations of the legal person or organization shall perform the obligation.

Article 233 Where, after execution is completed, an error is discovered in a judgment, ruling or other legal document on which execution is based and such judgment, ruling or other legal document is quashed by the people's court, the people's court shall make a ruling ordering the person who has obtained property subject to execution to return the property. If such person refuses to return the property, the ruling ordering the return of the property shall be enforced.

Article 234 This Part shall apply to the execution of written mediation statements prepared by a people's court.

Article 235 The people's procuratorates shall have the right to exercise legal supervision over civil enforcement.

Chapter XX Application for and Referral of Execution

Article 236 The parties must perform civil judgments or rulings that have become legally effective. Where a party refuses to perform a ruling or judgment, the other party may apply to the people's court for execution. Alternatively, a judge may refer such judgment or ruling to an execution officer for execution.

The parties must perform any written mediation agreement or other legal document that is enforceable by the people's courts. Where a party refuses to perform such a document, the other party may apply to the people's court for execution.

Article 237 Where a party fails to perform an award of an arbitration institution established according to law, the other party may apply for execution to the people's court with jurisdiction. The people's court to which an application is made shall execute the award.

Where the party against whom the application is made presents evidence that the arbitral award falls under any of the following circumstances, the people's court shall, after examination and verification by a collegiate bench formed by the people's court, rule to deny execution:

1. the parties have neither included an arbitration clause in their contract, nor subsequently reached a written arbitration agreement;

2. the matters decided in the award exceed the scope of the arbitration agreement or are beyond the arbitral authority of the arbitration institution;

3. the composition of the arbitral tribunal or the arbitration procedure did not conform to statutory procedure;

4. the evidence used as a basis for rendering an award is fabricated;

5. the other party to the case conceals important evidence, which is substantial enough to affect the impartial ruling by the arbitration institution; or

6. one or several arbitrators acts corruptly, accepts bribes or engages in malpractice for personal benefits or made an award that perverted the law.

Where the people's court determines that the execution of the award would be against the public interest, it shall rule to deny execution.

The written ruling shall be served on both parties and on the arbitration institution.

Where a people's court rules to deny execution of an arbitral award, a party may, in accordance with the written arbitration agreement between the two parties, re-apply to the arbitration institution for arbitration or institute an action in a people's court.

Article 238 Where a party fails to perform its obligations pursuant to a document that has been lawfully rendered enforceable by a notary public, the other party may apply to the people's court with jurisdiction for execution. The people's court to which the application is made shall execute the document.

a notarized document of obligation contains an error, the people's court shall rule to deny execution and shall serve the written ruling on both parties and on the notary public.

Article 239 The time limit applicable to applications to execute a judgment is two years. The provisions relating to the suspension and resumption of the limitation period shall be applicable to the suspension or resumption of the limitation period for applications to execute a judgment.

The time limit referred to in the preceding paragraph shall commence from the last day of the time limit for satisfaction of the judgment specified in the legal documentation; where the legal documentation provides for satisfaction of the judgment in stages, the time limit shall commence from the last day of the period for satisfaction of the judgment at each stage; where the legal documentation does not provide a time limit for satisfaction of the judgment, the time limit shall commence from the effective date of the legal documentation.

Article 240 Upon receiving an application for enforcement or a document for the handover of property, an enforcement officer shall send a notice of enforcement to the person subject to execution and may immediately proceed to execute the enforcement measures.

Chapter XXI Execution Measures

Article 241 Where the person subject to execution fails to perform the obligation specified in the legal documentation in accordance with the execution notice, he or she shall provide a report on the circumstances relating to the assets concerned during the current period or in the year prior to the date on which he receives the execution notice. Where the person subject to execution refuses to provide such a report or makes a false report, the people's court may fine or detain that person subject to execution, its statutory agent, principally responsible person or the directly responsible person in the relevant work unit, according to the seriousness of the case.

Article 242 Where a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the people's court shall have the power to direct inquiries to the relevant units about the property of deposits, bonds, stocks and funds of the person subject to execution, and shall have the power to distrain, freeze, transfer or sell the property of such person, provided that such inquiries, distraint, freezing, transfer or sale does not exceed the scope of the obligation to be performed by the person subject to execution.

For distraint, freezing, transfer or sale of deposits, a people's court shall make a ruling and issue a notice requesting for assistance for enforcement, which must be complied with by relevant units.

Article 243 If a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the people's court shall have the power to withhold or garnish a portion of the revenue of the person subject to execution that is sufficient to cover the obligation he should perform, provided that such measures leave enough revenue to cover the necessary living expenses of the person subject to execution and of his dependants.

When deciding to withhold or garnish revenue, a people's court shall make a ruling and issue a notice requesting assistance with execution. Such notice must be complied with by the work unit of the person subject to execution, banks, credit cooperatives and other savings units.

Article 244 If a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the people's court shall have the power to seal up, distrain, freeze, auction off or sell off a portion of the property of the person subject to execution sufficient to cover the obligation he should perform, provided that such action does not deprive the person subject to execution and his dependents of daily necessities.

When adopting any of the foregoing measures, a people's court shall make a ruling.

Article 245 When a people's court seals up or distrains property and the person subject to execution is a citizen, the court shall notify the person subject to execution or an adult member of his family that he should come to the scene. If the person subject to execution is a legal person or another organization, the court shall notify the legal representative or principally responsible person of the person subject to execution that he should come to the scene. Their refusal to come to the scene shall not affect the execution. If the person subject to execution is a citizen, his work unit or the basic-level organization in the place where his property is located shall send representatives to attend the execution.

An execution officer must prepare a list of the sealed-up or distrained property. A copy of the list shall be delivered to the person subject to execution after the persons present at the scene have signed or sealed the list. If the person subject to execution is a citizen, his copy may alternatively be delivered to an adult member of his family.

Article 246 An execution officer may designate the person subject to execution to take custody of the sealed-up property. The person subject to execution shall bear any losses incurred due to his fault.

Article 247 After the property has been sealed up or distrained, the enforcement officer(s) shall order the person subject to execution to perform the obligation specified in the legal document within the specified time limit. If such person does not perform the obligation within the specified time limit, the people's court shall auction off the sealed-up or distrained property; if the property is unfit for auction or the parties agree not to conduct such auction, the court may on its own accord or engage the relevant units to sell the property. Goods that the State has prohibited to be traded freely shall be delivered to the relevant units to be purchased at the prices stipulated by the State.

Article 248 Where a person subject to execution fails to perform the obligations specified in the legal document and conceals property, the people's court shall have the power to issue a search warrant to search the place of residence of the person subject to execution or the place where the property is concealed.

The court presidents shall issue a search warrant when adopting any of the foregoing measures.

Article 249 Where a legal document stipulates that property or a negotiable instrument must be delivered, the execution officer shall either summon both parties before him to effect delivery or deliver the item himself. The person taking delivery shall sign for the same.

If the relevant work unit is holding such property or negotiable instrument, it shall deliver the item in accordance with the notice requesting assistance with execution issued by the people's court and the person taking delivery shall sign for the same.

If the citizen concerned is holding such property or negotiable instrument, the people's court shall order him to release the item. If he refuses to do so, the people's court shall enforce such release.

Article 250 To evict a person subject to execution from a house or a piece of land, the court president shall issue a public notice to order him to perform within the specified time limit. If the person subject to execution fails to perform within the specified time limit, an execution officer shall enforce the order.

At the time of eviction, if the person subject to execution is a citizen, he or an adult member of his family shall be notified that he should come to the scene. If the person subject to execution is a legal person or another organization, the legal representative or the principally responsible person of the organization subject to execution shall be notified that he should come to the scene. Their refusal to come to the scene shall not affect the execution. If the person subject to execution is a citizen, his work unit or the basic-level organization of the place where the house or land is located shall send representatives to attend the execution. The execution officer shall make a record of the particulars of the execution, which shall be signed or sealed by the persons at the scene.

The people's court shall send personnel to transport the property removed from the house from which the person subject to execution was evicted to a designated location for delivery to the person subject to execution. If the person subject to execution is a citizen, such property and belongings may also be delivered to an adult member of his family. The person subject to execution shall bear any losses arising from the refusal to accept the property and belongings on the party of himself or the adult member of his family.

Article 251 If procedures for the transfer of title deeds must be carried out in the course of execution, the people's court may issue a notice requesting assistance with execution to the relevant work units, which must comply with such notice.

Article 252 If a person subject to execution fails to perform the act specified in a judgment, ruling or other legal document in accordance with the notice of execution, the people's court may compel performance or entrust a relevant work unit or other person with such performance, at the expense of the person subject to execution.

Article 253 If a person subject to execution fails to perform his obligations to pay within the time limit specified in a judgment, ruling or other legal document, he shall pay twice the amount of interest on the debt for the period during which the performance is deferred. If a person subject to execution fails to perform any other obligations within the time limit specified in a judgment, ruling or other legal document, he shall pay a fine for deferred performance.

Article 254 If a person subject to execution is still unable to repay his debts after a people's court has adopted any of the execution measures provided for in Articles 242, 243 and 244 of the Law, he shall continue to perform his obligation. If a creditor finds that the person subject to execution has other property, he may request execution by the people's court at any time.

Article 255 Where any person fails to perform the obligation specified in the legal documentation, the people's court may take steps towards or seek the assistance of his employer in the imposition of restrictions on him leaving the country, record in the public credit system or publicize through the media the fact that he has failed to perform his obligation, or adopt other measures provided by the law.

### Chapter XXII Suspension and Termination of Execution

Article 256 Under any of the following circumstances, the people's court may rule to suspend execution:

1. the applicant indicates that the execution may be deferred;

2. a person who is not a participant in the case raises an objection on reasonable grounds with respect to the object of execution;

3. a citizen, being one of the parties, dies and it is necessary to wait for his successor to succeed to his rights or to assume his obligations;

4. a legal person or another organization, being one of the parties, is terminated and the person that will succeed to its rights and obligations has not yet been determined; or

5. other circumstances which the people's court deems to call for suspension of execution.

Execution shall be resumed when the circumstances calling for suspension of execution cease.

Article 257 Under any of the following circumstances, a people's court shall rule to terminate execution:

1. the applicant withdraws his application;

2. the legal document on which the execution is based is quashed or revoked;

3. the person subject to execution is a citizen, who dies without an estate against which execution can be effected and without a person to assume his obligations;

4. the person who has the right to claim payment of overdue alimony, maintenance or child support dies;

5. the person subject to execution is a citizen who has lost his ability to work and is unable to repay a loan due to poor financial circumstances and lack of a source of revenue; or

6. other circumstances occur that the people's court deems to require the termination of execution.

Article 258 A ruling of suspension or termination of execution shall become effective immediately after it has been served on the parties.

## Part Four Special Provisions on Civil Actions Involving Foreign Parties

### Chapter XXIII General Provisions

Article 259 This Part shall apply to civil actions within the territory of the People's Republic of China involving foreign parties. For matters not addressed in this Part, the other relevant provisions of the Law shall apply.

Article 260 If an international treaty that the People's Republic of China has concluded or acceded to contains provisions that are inconsistent with the Law, the provisions of the international treaty shall prevail, except for those provisions to which the People's Republic of China has declared its reservations.

Article 261 Civil actions instituted against foreigners, foreign organizations or international organizations that enjoy diplomatic privileges and immunities shall be handled in accordance with the relevant laws of the People's Republic of China and the relevant international treaties concluded or acceded to by the People's Republic of China.

Article 262 In trying civil cases involving foreign parties, a people's court shall use the written and spoken language commonly used in the People's Republic of China. At the request of a party, translation may be provided at the expense of such party.

Article 263 An alien, stateless person or foreign enterprise or organization that needs to be represented by a lawyer as his or its agent ad litem in instituting and responding to an action in a people's court shall appoint a lawyer of the People's Republic of China.

Article 264 When an alien, stateless person or foreign enterprise or organization without a domicile within the territory of the People's Republic of China appoints a lawyer or another person of the People's Republic of China as his or its agent ad litem, the power of attorney sent or forwarded from outside the territory of the People's Republic of China shall become effective only after it has been notarized by a notary public of his or its state and either has been authenticated by the embassy or a consulate of the People's Republic of China in that state or certification procedures provided for in the relevant treaty between the People's Republic of China and that state have been carried out.

### Chapter XXIV Jurisdiction

Article 265 Where an action is instituted against a defendant without a domicile within the territory of the People's Republic of China concerning a dispute over a contract or rights and interests in property, if the contract was executed or performed within the territory of the People's Republic of China, or the subject matter of the action is located within the territory of the People's Republic of China, or the defendant has distrainable property within the territory of the People's Republic of China, or the defendant maintains a representative office within the territory of the People's Republic of China, the action may come under the jurisdiction of the people's court of the place where the contract was executed, the place where the contract was performed, the place where the object of action is located, the place where the distrainable property is located, the place where the tort was committed or the place where the representative office is domiciled.

Article 266 An action instituted for a dispute arising from the performance in the People's Republic of China of a Sino-foreign equity joint venture contract, a Sino-foreign cooperative joint venture contract or a contract for Sino-foreign cooperative exploration and development of natural resources shall come under the jurisdiction of the people's courts of the People's Republic of China.

the 2nd paragraph, serve litigation documents on a party who has no domicile within the territory of the People's Republic of China in the following ways:

1. service in the way specified in an international treaty concluded between or acceded to by the state of the person to be served and the People's Republic of China;

2. service through diplomatic channels;

3. if the person to be served is a national of the People's Republic of China, entrustment of the embassy or a consulate of the People's Republic of China in the state where such person is located with service on its behalf;

4. service on the agent ad litem appointed by the person to be served and authorized to accept service on his behalf;

5. service on the representative office, or the branch or business agent authorized to accept service, established within the territory of the People's Republic of China by the person to be served;

6. Service shall be made by post if it is permitted by the law of the State of the person to be serviced. If the acknowledgment of service is not returned within three months after the date of posting, and various circumstances justify the assumption that the document has been served, the document shall be deemed to have been served on the date of expiry of the time limit;

7. Service by facsimile, e-mail and any other means through which the receipt of the document may be acknowledged;

8. If a document cannot be served by any of the above means, it shall be served by public announcement. The documents shall be deemed to have been served after three months from the date of the public announcement.

Article 268 If a defendant does not have a domicile within the territory of the People's Republic of China, the people's court shall serve a copy of the statement of claim on the defendant and notify the defendant that he should submit a statement of defence within 30 days from receipt of the copy of the statement of claim. If the defendant applies for an extension of the time limit, the people's court shall decide on the application.

Article 269 If a party without a domicile within the territory of the People's Republic of China disagrees with the judgment or ruling rendered by the people's court of first instance, he shall have the right to lodge an appeal within 30 days from the date on which the judgment or ruling is served. The respondent shall file a statement of defence within 30 days after the date of receipt of the copy of the appeal petition. If a party is unable to lodge an appeal or to submit a defence within the statutory time limit and applies for an extension of the time limit, the people's court shall decide on the application.

Article 270 The period for the trial by the people's court of civil cases involving foreign parties shall not be subject to the restrictions of Articles 149 and 176 of the Law.


Chapter XXVI Arbitration

Article 271 Where disputes arising from economic, trade, transport or maritime activities involve foreign parties, if the parties have included an arbitration clause in their contract or subsequently reach a written arbitration agreement that provides that such disputes shall be submitted for arbitration to an arbitration institution of the People's Republic of China for foreign-related disputes or to another arbitration institution, no party may institute an action in a people's court.

If the parties have neither included an arbitration clause in their contract nor subsequently reached a written arbitration agreement, an action may be instituted in a people's court.

Article 272 If a party applies for preservation, the arbitration institution of the People's Republic of China for foreign-related disputes shall submit the application to the intermediate people's court of the place where the domicile of the person against whom the application is made is located or where the property is located.

Article 273 After an award has been made by an arbitration institution of the People's Republic of China for foreign-related disputes, no party may institute an action in a people's court. If a party fails to perform the arbitral award, the other party may apply for execution to the intermediate people's court of the place where the domicile of the person against whom an application is made is located or where the property is located.

Article 274 If the person against whom the application is made presents evidence that the arbitral award made by an arbitration institution of the People's Republic of China for foreign-related disputes falls under any of the following circumstances, the people's court shall, after examination and verification by a collegiate bench formed by the people's court, rule to deny execution of the award:

1. the parties have neither included an arbitration clause in their contract nor subsequently reached a written arbitration agreement;

2. the person against whom the application is made was not requested to appoint an arbitrator or take part in the arbitration proceedings or the person was unable to state his opinions due to reasons for which he is not responsible;

3. the composition of the arbitration tribunal or the arbitration procedure was not in conformity with the rules of arbitration; or

4. matters decided in the award exceed the scope of the arbitration agreement or are beyond the arbitral authority of the arbitration institution.

If the people's court determines that the execution of the said award would be against public interest, it shall rule to deny execution.

Article 275 If a people's court rules to deny execution of an arbitral award, a party may, in accordance with a written arbitration agreement between the two parties, re-apply to the arbitration institution for arbitration, or institute an action in a people's court.


Chapter XXVII Judicial Assistance

Article 276 Pursuant to international treaties concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity, people's courts and foreign courts may request mutual assistance in the service of legal documents, investigation, collection of evidence, and other acts in connection with litigation, on each other's behalf.

If any matter in which a foreign court requests assistance would harm the sovereignty, security or public interest of the People's Republic of China, the people's court shall refuse to comply with the request.

Article 277 The request for and provision of judicial assistance shall be conducted through the channels stipulated in the international treaties concluded or acceded to by the People's Republic of China. Where no treaty relations exist, the request for and provision of judicial assistance shall be conducted through diplomatic channels.

The embassy or a consulate in the People's Republic of China of a foreign state may serve documents on, investigate, and take evidence from its citizens, provided that the law of the People's Republic of China is not violated and that no compulsory measures are adopted.

Except for the circumstances set forth in the preceding paragraph, no foreign agency or individual may, without the consent of the competent authorities of the People's Republic of China, serve documents, carry out an investigation or

collect evidence within the territory of the People's Republic of China.

Article 278 The letter of request for judicial assistance and its annexes submitted to a people's court by a foreign court shall be accompanied by a Chinese translation or a text in another language as specified in the relevant international treaty.

The letter of request for judicial assistance and its annexes submitted to a foreign court by a people's court shall be accompanied by a translation in the language of that state or a text in another language as specified in the relevant international treaty.

Article 279 The judicial assistance provided by a people's court shall be carried out in accordance with the procedure prescribed by the law of the People's Republic of China. If a special method is requested by a foreign court, judicial assistance may also be provided using the special method requested, provided that such special method shall not violate the law of the People's Republic of China.

Article 280 If a party applies for execution of a legally effective judgment or ruling made by a people's court and the party subject to execution or his property is not located within the territory of the People's Republic of China, the applicant may directly apply for recognition and execution to the foreign court with jurisdiction. Alternatively, the people's court may, pursuant to an international treaty concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity, request the foreign court to recognize and execute the judgment or ruling.

If a party applies for execution of a legally effective arbitral award made by an arbitration institution of the People's Republic of China for foreign-related disputes and the party subject to execution or its property is not located within the territory of the People's Republic of China, it shall directly apply for recognition and execution to the foreign court with jurisdiction.

Article 281 If a legally effective judgment or ruling made by a foreign court requires recognition and execution by a court of the People's Republic of China, the party concerned may directly apply for recognition and execution to the intermediate people's court with jurisdiction of the People's Republic of China. Alternatively, the foreign court may, pursuant to the provisions of an international treaty concluded between or acceded to by the foreign state and the People's Republic of China, or in accordance with the principle of reciprocity, request the people's court to recognize and execute the judgment or ruling.

Article 282 Having received an application or a request for recognition and execution of a legally effective judgment or ruling of a foreign court, a people's court shall review such judgment or ruling pursuant to international treaties concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity. If, upon such review, the people's court considers that such judgment or ruling neither contradicts the basic principles of the law of the People's Republic of China nor violates State sovereignty, security and the public interest, it shall rule to recognize its effectiveness. If execution is necessary, it shall issue an order of execution, which shall be implemented in accordance with the relevant provisions of the Law. If such judgment or ruling contradicts the basic principles of the law of the People's Republic of China or violates State sovereignty, security or the public interest, the people's court shall refuse to recognize and execute the judgment or ruling.

Article 283 If an award made by a foreign arbitration institution must be recognized and executed by a people's court of the People's Republic of China, the party concerned shall directly apply to the intermediate people's court of the place where the party subject to execution is domiciled or where his property is located. The people's court shall handle the matter pursuant to international treaties concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity.

Article 284 The Law shall be implemented as of the date of promulgation. The Civil Procedure Law of the People's Republic of China (for Trial Implementation) shall be repealed simultaneously.

Source : https://www.globalchinalaw.com

Related Links:
中华人民共和国民事诉讼法

*The original text is Chinese and has been translated into English for reference only. If there is any inconsistency or ambiguity between the Chinese version and the English version, the Chinese version shall prevail.

About the CICC  |  Contact Us  |  Terms of Use
Address: No.27, Jiao Min Xiang, DongCheng District, Beijing 100745 Operator: 67550114 Report tel: 67556131
Copyright©Supreme People's Court of the People's Republic of China     京ICP备 05023636号