**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| THE NAUGHTYS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DOES 1-580,<br><br>        Defendants. | Civil Action No. 4:21-cv-00492-O |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF SUPPORTING PERSONAL JURISDICTION

Defendants sesongs (Doe No. 535), differhand (Doe No. 536), ZhouXiaoyang (Doe No. 550), alldriey (Doe No. 537), chenxu (Doe No. 546), Zydcl0317@163.com (Doe No. 548), weidada (Doe No. 545), dongmaodong (Doe No. 549), 6hk0285 (Doe No. 385), clother_trade (Doe No. 403), ditqkyg_6 (Doe No. 408), fygvyh8 (Doe No. 419), guodhshop (Doe No. 428), niubi11 (Doe No. 463), shalaqi988 (Doe No. 478), th-trade (Doe No. 490), and Daniel House Store (Doe No. 124) are operated by Shanghai Epean Trading Co. Ltd. (collectively, the "Epean Defendants") while Defendants leihuyoumechenger (Doe No. 453), twentyfoursevenzing(Doe No. 497), midoudou966 (Doe No. 458), crystaltreq (Doe No. 405), topwardrobe2014 (Doe No. 494), xubo1234567 (Doe No. 534), zhanghuihui8968 (Doe No. 543), Shanghai Yiyuan Materia Co. Ltd (Doe No. 529), laptopallfor87 (Doe No. 452), kiwi4fruit0 (Doe No. 445), thatkey (Doe No. 491), excellbuying (Doe No. 415), qb.studio (Doe No. 467), rearrange518 (Doe No. 470), yhxclx2010 (Doe No. 513), shanghai.vzu (Doe No. 480), supermarket8882016 (Doe No. 485), shibaynu (Doe No. 483), fastdealblast (Doe No. 418), dongmakjhg (Doe No. 409), gracefulvara (Doe No. 425), kunjiadaren (Doe No. 449), abala.coco (Doe No. 387), nau34ghty (Doe No. 461), balaco.2u (Doe

1

No. 392), modecathy (Doe No. 459), shanghai.box (Doe No. 479), whis3persing5 (Doe No. 504),

lilybeibei (Doe No. 455), dr3ag8on (Doe No. 410), oneshot77-7 (Doe No. 464), 1st.ing (Doe No.

384), wannaaone11 (Doe No. 500), waldpcraik6868 (Doe No. 499), lzhlds2010_6 (Doe No. 457),

tiger.vzu (Doe No. 493), tdcq888 (Doe No. 487), barrylyle (Doe No. 393), 5073283 (Doe No.

383), jilikejien (Doe No. 440), fashion group (Doe No. 524), eovk9015mv (Doe No. 571),

zhuhong2374 (Doe No. 547), Denlezhi Skirts (Doe No. 579), zengshop2020 (Doe No. 517),

Shanghai North Import & Export Co., Ltd (Doe No. 530), xuannyin (Doe No. 508), newmcx2016-

8 (Doe No. 462), ladysun889 (Doe No. 450), chenrenz (Doe No. 400), thsix1666 (Doe No. 492),

heyuanken (Doe No. 519), wangdaoyuenkl (Doe No. 577), yangshuiyashi (Doe No. 578), rianbox

(Doe No. 473), usewith (Doe No. 498), shenghuocon (Doe No. 482), qiaonews_14 (Doe No. 468),

and teanaf (Doe No. 488) are operated by Shanghai Yinqiang E-Commerce Co., Ltd. (collectively,

the "Li Defendants") (the Epean and Li Defendants are collectively referred to as "Defendants").

Defendants respectfully submit this Response in Opposition to Plaintiff The Naughtys LLC's

Supplemental Brief Supporting Personal Jurisdiction (Dkt. No. 93).

## I.     INTRODUCTION

This Court cannot properly exercise jurisdiction over the Epean and Li Defendants.  The

Epean and Li Defendants are owned or operated by two Chinese entities and do not own or lease

any property within the United States.  They have no offices or employees within the United States.

Furthermore, they do not have any offices, property, or employees within the forum state.  Finally,

they do not regularly transact any business with the forum state.  As such, general jurisdiction does

not exist over either the Epean or Li Defendants in this matter.  In addition, the only infringing

acts identified by Plaintiff are the mere offering to ship to Texas or sales manufactured by

Plaintiff's purchase of the accused products from third party e-commerce platforms including

AliExpress, Amazon, DHgate, eBay, Walmart, and Wish.  Courts in this Circuit and this District have made clear that such manufactured sales cannot form the basis of either specific or general jurisdiction over a Defendant.  As such, there is no basis for personal jurisdiction over Defendants, either specific or general.  Finally, Plaintiff's attempt to conduct a jurisdictional fishing expedition must be denied as it is clear from the facts on record that there is no basis for jurisdiction over Defendants in this matter.

## II.    Arguments and Authorities

### a.  Legal Standard for Personal Jurisdiction

Federal courts follow the law of the forum state in determining the bounds of *in personam* jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). The Texas long-arm statute grants personal jurisdiction to the full extent allowed by federal due-process limits and, therefore, this inquiry becomes one of federal constitutional limits. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Due-process limitations dictate that a defendant is subject to personal jurisdiction only if it "has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG*, 571 U.S. at 126 (cleaned up). This inquiry has two parts.

The first part requires that the Defendant "'purposefully availed itself of the privilege of conducting business in the forum state and of 'the benefits and protections' of the forum's laws." *Viahart, LLC v. Arkview LLC*, No. 6:19-cv-00406, 2020 U.S. Dist. LEXIS 151205, at *5 (E.D. Tex. Aug. 20, 2020) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).  General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Lewis v.*

*Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).  In contrast, specific jurisdiction exits where "'the suit arises out of or relates to' the foreign defendant's 'minimum contacts' with the forum." *Viahart*, 2020 U.S. Dist. LEXIS 151205 at *6.  In either case,

> the contacts must be those of the defendant itself, rather than the unilateral act of some third party, and those contacts must be with the forum state, rather than with persons in the forum state. Second, the contacts must be purposeful, rather than random or fortuitous. Third, the defendant must seek some benefit or advantage by its contacts with the forum.

*Id.* (citations omitted).  "[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Guidecraft, Inc. v. OJCommerce*, LLC, No. 2:18-cv-1247, 2019 U.S. Dist. LEXIS 84471, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019).

In addition, the court must determine "whether the exercise of personal jurisdiction would 'offend traditional notions of fair play and substantial justice.'" *Coon v. Reveal Labs, Inc.*, No. A-13-CA-667 LY, 2013 U.S. Dist. LEXIS 194730, at *6 (W.D. Tex. Oct. 17, 2013) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987)).  The touchstone for this analysis is "that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980).

When dealing with cases where the sole allegations of jurisdiction depend on activities conducted over the Internet, the Fifth Circuit has adopted the *Zippo* test.  *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).  The *Zippo* test created three distinct categories of internet activities. The first is where "defendant clearly does business over the Internet by entering into contracts with residents of other states which "involve the knowing and repeated transmission of computer files

4

over the Internet…." *Id.* at 336 (citing *Zippo*, 952 F. Supp. At 1124).  The second is where "a defendant has a website that allows a user to exchange information with a host computer."  *Id.* The last is where "a defendant merely establishes a passive website that does nothing more than advertise on the Internet."  *Id.*  Jurisdiction is proper in the first case, lacking in the third case, and may be proper in the second depending on "the level of interactivity and commercial nature of the exchange".  *Id.* (citations omitted).  However, the court must "'ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.''" Viahart, 2020 U.S. Dist. LEXIS at *8-9 (quoting *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011).

### b.  Plaintiff Fails to Establish that Jurisdiction Exists

Plaintiff's arguments related to specific jurisdiction should fail as they rely entirely upon the possibility of defendant stores could ship to Texas or a single sale from some Defendants which was manufactured by Plaintiff from a third-party Internet sales platform which is neither owned nor operated by any of the Defendants.  As such, Plaintiff's argument that specific jurisdiction exists over Defendants is without merit.

First and foremost, Plaintiff's claims against Defendants are presaged upon alleged sales made over "various e-commerce platforms, such as AliExpress, Amazon, DHgate, eBay, Walmart, and Wish (the 'Marketplaces')."  Br. at 1.  Defendants do not own or control any of these e-commerce platforms as the associated e-commerce platforms are owned by their respective owners, *e.g.*, Amazon.com Inc., eBay Inc. etc.  As such, any allegations based on sales made via these platforms should fail as "the contacts must be those of the Defendant itself, rather than the unilateral act of some third party".  *Viahart*, 2020 U.S. Dist. LEXIS at * 6.  In *Viahart*, the Eastern District of Texas refused to find that an Amazon.com marketplace seller was subject to jurisdiction

in the Eastern District of Texas where all sales were made through the Amazon.com platform.  In making its decision, the *Viahart* Court noted that the plaintiff "fails to identify any intentional contacts with the forum that go beyond use of the generally accessible Amazon e-commerce platform." *Id.* at * 13.  The facts of this case are nearly identical to that of *Viahart* in that Defendants "similarly cannot control where Amazon stores their products or the location where any of the other fulfillment services are performed." *Id.* at *14.  Furthermore, "[n]either can Amazon's actions be attributed to them to establish jurisdiction." *Id.*  As such, Plaintiff's claims against Defendants must be dismissed as it has failed to show that the actions of any of the e-commerce platforms can be attributed to Defendants.

Second, Plaintiff attempts to hang its hat on defendant stores' mere offering to ship to Texas or sales Plaintiff itself manufactured. *See.* Br. at Ex. 1.  Importantly, courts in the Fifth Circuit have repeatedly held that a plaintiff cannot plausibly allege jurisdiction where the sole basis for such is sales of the accused products which were manufactured by the plaintiff or by the plaintiff's agent.  The Fifth Circuit has made it clear that the defendant must be "doing business over the Internet . . . *with residents of the forum state*". *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 337 (5th Cir. 1999) (emphasis added).  For example, in *QR Spex, Inc. v. Motorola, Inc.*, the Eastern District of Texas found specific jurisdiction did not exist where it was based on two sales to an investigator hired by the plaintiff.  507 F. Supp. 2d 650, 661 (E.D. Tex. 2007) ("Both sales consisted of the investigator. . .The Court finds it unnecessary to consider these purchases because they constitute QR Spex's unilateral acts."); *see also Monistere v. Losauro*, No. 13-22, 2013 U.S. Dist. LEXIS 171608, at *23 (E.D. La. Dec. 4, 2013) ("Defendants have only made one sale through the website to a Louisiana resident—Plaintiff.  For this one contact with Louisiana to constitute purposeful availment of this forum by Defendants, the contact must result from Defendants'

purposeful conduct, not merely from the unilateral activity of Plaintiff."); *see also Fabricators, Inc. v. Franklin Investment Corp.*, No. 3:15-CV-2854-B, 2016 U.S. Dist. LEXIS 80963, 2016 WL 3418974, at * 2 (N.D. Tex. June 22, 2016) (single internet sale to plaintiff's counsel in the forum could not be considered defendant's conduct and could not establish specific jurisdiction); *Tempur-Pedic*, 758 F.Supp.2d at 374-75 (recognizing reticence in Fifth Circuit to permit jurisdiction based on sales initiated by plaintiff); *First Fitness Int'l, Inc. v. Thomas*, 533 F. Supp. 2d 651, 659 (N.D. Tex. 2008) (noting that where the only sale was to "one 'manufactured' by [plaintiff's employee]" that "would likely not support personal jurisdiction on those grounds" and that "courts in other jurisdictions have failed to find minimum contacts on the basis of this sort of commercial activity."); *721 Bourbon*, 140 F.Supp.3d at 596-97 (single internet sale to plaintiff's private investigator did not establish purposeful minimum contacts sufficient to create specific jurisdiction); *Shamsuddin v. Vitamin Research Prods.*, 346 F.Supp.2d 804, 810, 813 (D.Md. 2004) (two internet sales into forum, which were made to and manufactured by plaintiff's acquaintances, could not create personal jurisdiction).

Plaintiff's Complaint offers no factual evidence of any infringing sales to any Texas residence. *See* Compl. at ¶ 3 ("on information and belief [each Defendant] has sold and continues to sell products that violate Plaintiff's intellectual property rights (the "Infringing Products") to consumers within the United States, including the State of Texas and Northern District of Texas."); ¶ 8 ("on information and belief, [each Defendant] has sold Infringing Products to residents of Texas."). In Exhibit 1 to its Brief Plaintiff brings screenshots of a single order at some of the Defendant stores to one of two Texas addresses. The first address is 1307 Vally View Drive, Arlington, TX 76010 to a "John Doe" with the same phone number listed on all of the orders. This is also the same address listed for Plaintiff and Plaintiff's registered agent with the Texas Secretary

of State. The second address is the address for a shipping warehouse owned by Viahart LLC at 21504 Interstate 20, Wills Point, TX 75169. Each of these alleged orders is addressed to different fictious individuals such as Beckham TN twosixtwo, Nicholas TN twosixthree, Peter TN twosixthree etc. Apparently, these orders, even if actually submitted and completed, were manufactured by Plaintiff with the sole reason to create the illusion of specific jurisdiction over Defendants. At least the Epean Defendants were able to confirm that their records show no sale or shipment to Texas at all. As such, all of the orders, if actually completed, were manufactured by Plaintiff or Plaintiff's agent and shipped to Plaintiff's address within the state of Texas. Such sales cannot form the basis for specific jurisdiction over a defendant. *See Fabricators*, 2016 U.S. Dist. LEXIS 80963, 2016 WL 3418974 at *2.

### c.   Plaintiff fails to establish that General Jurisdiction is Proper

For the same reasons as addressed above, this Court lacks personal jurisdiction over Defendants as there is no basis for general jurisdiction in this matter. Again, general jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Lewis*, 252 F.3d at 358. As was stated in Defendants' Response in Opposition to Plaintiff's Motion for Alternative Service of Process (Dkt. Nos. 87 and 88), the Epean Defendants are owned and/or operated by Shanghai Epean Trading Co. Ltd. which is a Chinese company. *See* Decl. of Jianping Huan at ¶ 1. Epean does not own or lease any real property within the United States. *Id.* at ¶ 4. Epean does not have any employees or agents within the United States. *Id.* at ¶ 5. Epean is not and never has been incorporated in, registered to do business in, or otherwise licensed or qualified to do business in any state in the United States. *Id.* at ¶ 6. Epean has never been required to pay any sales tax or any other taxes in any state in the United States. *Id.* at ¶ 7. Epean does not have any personal property, inventory, assets, bank

accounts, or any other items located in the United States. *Id.* at ¶ 8. None of the 117 units of the accused product sold by Epean Defendants were shipped to Texas *Id.* at ¶ 10. Similarly, the Li Defendants are owned and/or operated by Shanghai Yinqiang E-Commerce Co., Ltd. ("YQ") which is a Chinese company. *See* Decl. Xiaodong Li at ¶ 1. YQ does not own or lease any real property within the United States. *Id.* at ¶ 4. YQ does not have any employees or agents within the United States. *Id.* at ¶ 5. YQ is not and never has been incorporated in, registered to do business in, or otherwise licensed or qualified to do business in any state in the United States. *Id.* at ¶ 6. YQ has never been required to pay any sales tax or any other taxes in any state in the United States. *Id.* at ¶ 7. YQ does not have any personal property, inventory, assets, bank accounts, or any other items located in the United States. *Id.* at ¶ 8. As such, neither the Epean nor Li Defendants are subject to general jurisdiction within the state of Texas.

### d. Plaintiff's Request for Limited Expedited Discovery Should be Denied.

This Court should not grant Plaintiff a fishing license when it is clear that personal jurisdiction does not exist over Defendants. *Stone Metals Am. v. Eubank*, No. 3:20-cv-253-K, 2020 U.S. Dist. LEXIS 220143, at *16 (N.D. Tex. Nov. 5, 2020) ("the Court need not allow a plaintiff to conduct a jurisdictional 'fishing expedition' seeking facts to support a claim of personal jurisdiction."). The decision not to permit depositions on a motion to dismiss for lack of personal jurisdiction is specifically one for the trial court's discretion, and "such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Associated Metals & Minerals Corp. v. S. S. Geert Howaldt*, 5 Cir. 1965, 348 F.2d 457, 459; *see also Lehigh Valley Industries, Inc. v. Birenbaum*, 2d Cir. [*284] 1975, 527 F.2d 87, 93-95. However, "[i]t is not error to deny discovery when there is no issue of material fact." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). "Discovery on matters of personal jurisdiction, therefore, need not be

9

permitted unless the motion to dismiss raises issues of fact." *Id.* "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.*

Here, the facts clearly establish that Defendants are Chinese companies with no U.S. offices or employees. *Supra* at 8-9. Furthermore, the only evidence related to jurisdiction submitted by Plaintiff are either screenshots of Defendant stores' mere offering to ship to Texas or sales that Plaintiff created in attempt impermissibly manufacture jurisdiction. The possibility of shipping to Texas or manufactured sales cannot form the basis of personal jurisdiction. *See Fabricators*, 2016 U.S. Dist. LEXIS 80963, 2016 WL 3418974 at *2. As such, there is no factual basis behind Plaintiff's claims related to this Court's jurisdiction over Defendants and this Court should rejected Plaintiff's attempt to go fishing.

### III.   CONCLUSION

As shown above, personal jurisdiction is lacking over Defendants in this matter. The mere possibility of shipping to Texas or sales manufactured by Plaintiff or its agents on behalf of Plaintiff cannot form the basis of personal jurisdiction over Defendants. Furthermore, Defendants are Chinese entities who own or lease no property and have no office, locations, or employees within the United States. As such, they are not subject to this Court's jurisdiction either under specific or general jurisdiction. Furthermore, Plaintiff has failed to offer any evidence which would justify its requested limited discovery. Such blatant fishing attempts when the evidence clearly establishes that there is no basis for personal jurisdiction over Defendants, must be denied.

DATED June 23, 2021.                Respectfully submitted,

                                    By: */s/ Neal G. Massand*
                                    Timothy T. Wang
                                    Texas Bar No. 24067927
                                    twang@nilawfirm.com
                                    Neal G Massand
                                    Texas Bar No. 24039038
                                    nmassand@nilawfirm.com

                                    **NI, WANG & MASSAND, PLLC**
                                    8140 Walnut Hill Ln., Ste. 500
                                    Dallas, TX 75251
                                    Tel: (972) 331-4600
                                    Fax: (972) 314-0900

                                    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                    */s/ Neal G. Massand*
                                    Neal G. Massand

11