## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| THE NAUGHTYS LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:21-cv-00492 |
| v. | ) | |
| | ) | Judge Reed C. O'Connor |
| DOES 1-580, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME
## and BRIEF INCORPORATED

**NOW COME** the Shan Defendants[1] ("Defendants") to respectfully move this Court to extend the time allowed to respond to *Plaintiff's Supplemental Brief Supporting Personal Jurisdiction*.

The Shan Defendants seek a 14-day extension from the June 23rd deadline, as discussed below.

---

[1] Following this Court's identification in [Dkt. 81]: 560 yingli520, 561 yangsuiqwe, 575 aishengheji, 576 LiusaIuy, 532 Bakheng, 526 bismarck, 533 adriaticgo, 538 ashur80, 527 montgomery, 302 Shimigy, 220 COL beans, 232 milkcha, 342 PIKAqiu33, 256 cocounut, 285 Ikevan, 333 SurgicaL, 201 Clearance&100%quality,NyaKLI, 225 Fhci-HR, 355 who-canside 😎 90% Discount Fast Delivery😎, 313 much MUCHYOU 💀 90% Discount Cyber Monday💀Direct, 226 Vdaye, 218 GJK-SION, 348 OFMWBN, 244 douk-Quite, 238 Chenjbo (Halloween clearance&Christm as clearance ), 221 Mariee, 189 Shan-s, 206 Debouor, 249 S5E5X, 250 xatos, 307 TBKOMH （🛒2021 Golden Moment: Up to 80% off🛒), 335 ZEFOTIM Big Promotion!!!, 367 GREFER, 412 easyshopping66, 391 AtlantaMart2005, 511 xxzfalcon849, 411 e1xytrep, 402 CincinatiStore, 423 globalfashion2010, 505 wishmart2014, 396 bodhi1998, 433 hongyinlon0, 413 eridu905, 390 Atlanta1816, 414 eriophoroidesxx, 474 rockfoilcrabbh, 486 SZbhkei12, 516 yupaxxs, 460 Nannouth, 443 KansasDeal, 426 GreatSpringfield, 501 watch_deal, 422 gilroy2012, 434 hotdeal320, 515 yishengmall2014, 395 bigbigshow2012, 406 Denver0806, 437 hutrsate51, 466 ppktjfa8612, 228 CO CO-US, 248 YHCWJZP, and 301 Hilyo.

1

1.     On June 18, 2021, Plaintiff filed its *Plaintiff's Supplemental Brief Supporting Personal Jurisdiction* ("Plaintiff's Brief") [Dkt. 93].

2.     The Court previously identified that "Defendants must respond [to such brief] no later than June 23, 2021." [Dkt. 81].

3.     Defendants are diligently struggling to draft a thorough response to Plaintiff's Brief. The preparation and compilation of declarations and other evidentiary matters for a large number of defendants is requiring significant time.

4.     Defendants need a short additional time to prepare their response, and could not complete it by June 23, 2021.

REQUEST TO EXTEND UNDER RULE 6(b)(1)(A):

5.     This Court may, for good cause, extend the time by which Defendant's response is due "if a request is made, before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A); "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden."  McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *see*, Casey v. Quality Restaurants & Concepts, No. 1:10CV309-NBB-DAS, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012) ("If a request is made before the expiration of a deadline, this court grants additional time almost as a matter of course.").

REQUEST TO EXTEND UNDER RULE 6(b)(1)(B):

6.      Because this Motion is technically filed about three hours after the deadline,

Defendants also assert that the extension is also supported by Rule 6(b)(1)(B),

which uses an "excusable neglect" standard. Shan Defendants assert that five days

to respond to the Plaintiffs' arguments properly on behalf of such a number of

parties requires more than five days and a failure to respond within that time is

excusable when such work is in progress and this request is made just after the

technical deadline.

7.      Additionally, as the Court is aware, many of the Shan Defendants are not

local, and while technically can overcome distance issues, the sheer number of

defendants and size of the task is substantial.

8.      Lastly, Defendants note for the Court that the Plaintiff's Brief was filed with

a considerable appendix of nearly three thousands of pages of evidence.

9.      Courts have wide latitude regarding excusable neglect, and decisions are

reviewed under an "abuse of discretion" standard. The Supreme Court has taught:

> "excusable neglect" may extend to inadvertent delays. Though
> inadvertence, ignorance of the rules, or mistakes construing the rules
> do not usually constitute "excusable neglect, it is clear that "excusable
> neglect" under Rule 6(b) is a somewhat elastic concept and is not
> limited strictly to omissions caused by circumstances beyond the
> control of the movant."

Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993).

10.     The undersigned exchanged emails with opposing counsel on this request on June 23, 2021. Mr. Wallace stated that he did not have authority to state that Plaintiff was unopposed to the requested relief.

11.     Defendants respectfully request this Court extend the date on which Defendants are to have filed a response to Plaintiff's Brief to July 7, 2021.

12.     This Motion has been filed in good faith and in the interest of judicial economy and is not interposed for purposes of delay. This response is supported by the post-signature Declaration of Warren V. Norred.

13.     This is the first opposed motion for an extension filed by Defendants.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order extending the date on which Defendants' response(s) to Plaintiff's Brief / Memo [Dkt. 93] is due to July 7, 2021.

Respectfully submitted this June 24, 2021.

/s/Warren V. Norred, P.E.          Adam E. Urbanczyk
Warren V. Norred, P.E.             Au LLC
NORRED LAW, PLLC                    564 W. Randolph St. 2nd Fl.
515 East Border Street             Chicago, IL 60661
Arlington, Texas 76010             adamu@au-llc.com
817.704.3984 office                312. 715.7312
817.524.6686 fax                   ARDC: No. 6301067
                                   Pro hac vice pending

*Counsel for Shan Defendants*

DECLARATION OF WARREN V. NORRED - "My name is Warren V. Norred and my date of birth is February 21, 1963. My work address is 515 E. Border, Arlington, TX 76010. I have familiarized myself with the facts stated in the above Plaintiff's Motion To Extend Date To Serve Response Nunc Pro Tunc and I have personal knowledge of the relevant facts stated within it. I declare under penalty of perjury that the above statements are true and correct."

Pursuant to 28 U.S.C.§ 1746, I, Warren V. Norred, hereby declare as follows:
1. I am over the age of 21 years, am suffering from no mental disability, and am legally competent to make this Declaration.
2. I am personally aware of the facts alleged in this motion and can attest to their veracity if asked.

I am aware that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the application or submission or any registration resulting therefrom, I declare under penalty of perjury that the foregoing statements made of my own knowledge are true and correct.

Executed in Tarrant County, State of Texas on June 24, 2021.

Warren Norred, SBN 24045094

CERTIFICATE OF SERVICE - This is to certify that I served the foregoing to opposing counsel and all others seeking service through the Court's ECF system on the morning of June 24, 2021.

Warren Norred, SBN 24045094

CERTIFICATE OF CONFORMANCE – I certify that I conferred with Charles Wallace, attorney for Plaintiff, who informed me by return email on June 23, 2021, that had no authority to agree to the requested relief.

Warren Norred, SBN 24045094