## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| **THE NAUGHTYS, LLC.** | § | |
| *Plaintiff,* | § | |
| | § | **Case No. 4:21-cv-00492** |
| v. | § | |
| | § | |
| **DOES 1-580,** | § | |
| *Defendants.* | § | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION AND LIFT ASSET RESTRAINT

**NOW COME** the Shan Defendants ("Defendants", defined *infra*), by and through their undersigned counsel, and respectfully move this Court to dissolve the preliminary injunction (ECF No. 81) or at least modify the asset restraint according to the principles of equity and based of documentation submitted herewith.

In particular, contrary to the assertions of opposing counsel during the recent hearing on application for preliminary injunction, the Shan Defendants have done nothing to show intent to deliberately drain their bank accounts or move assets to escape any enforcement action by this Court.

Additionally, Plaintiff has not yet served Defendants with process, and each of the Shan Defendants has ceased selling the allegedly-infringing products.

The injunction should be dissolved or reasonably amended.

## Table of Contents

I. Introduction..........................................................................................................1

II. Procedural History and Background Facts...........................................................1

III. Argument ...........................................................................................................2

   a.   The Preliminary Injunction should be dissolved because the Shan Defendants have not yet been served with process ................................................2

   b.   Irreparable harm is no longer established........................................................4

   c.   The asset restraint should be limited to the amount that may possibly be recovered as profits through and equitable accounting .........................................5

   d.   At a minimum, this Court should increase the bond supporting the injunction. ..................................................................................................9

IV. Conclusion .......................................................................................................10

# Tables of Authorities

## Cases

*3M Co. v. Christian Invs. LLC*, No. 1:11CV627, 2011 WL 3678144, at *2 (E.D. Va. Aug. 19, 2011) ....... 2

*AB Electrolux v. Bermil Indus. Corp.,* 481 F. Supp. 2d 325, 337 (S.D.N.Y. 2007)................................... 10

*Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.,* 878 F.2d 806, 809 (5th Cir. 1989)............................................ 5

*Am. Hosp. Supply Corp. v. Hosp. Prods., Ltd.,* 780 F.2d 589, 594 (7th Cir. 1986)................................... 9

*Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 708 (5th Cir. 2007)................................... 6

*Blumenthal v. Merril Lynch, Pierce, Fenner & Smith, Inc.,* 910 F.2d 1049, 1055 (2d Cir. 1990) .............. 9

*Burch v. Freedom Mortg. Corp.,* No. 3:18-CV-2731-M-BH, 2019 WL 3208803, at *6 (N.D. Tex. June 27, 2019) .............................................................................................................................................................. 2

*Carter v. Archdale Police Dep't,* No. 1:13CV613, 2013 WL 4505394, at *1 (M.D.N.C. Aug. 22, 2013) .. 3

*Carty v. Rhode Island Dep't of Corr.,* 198 F.R.D. 18, 20 (D.R.I. 2000) ........................................................ 3

*Cengage Learning, Inc. v. Doe 1*, No. 18-CV-403 (RJS), 2018 WL 2244461, at *3 (S.D.N.Y. Jan. 17, 2018) .............................................................................................................................................................. 6

*CJ Prod. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 163 (E.D.N.Y. 2011) ................................ 10

*Commerce Tankers Corp. v. Nat'l Mar. Union of Am., AFL-CIO*, 553 F.2d 793, 800 (2d Cir. 1977)......... 9

*Continuum Co. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir.1989)................................................................. 3

*Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 569 F.2d 300 (5th Cir.1978)................................................ 3

*CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002)................................................................... 8

*Datatech Enterprises LLC v. FF Magnat Ltd.,* No. C 12-04500 CRB, 2012 WL 4068624, at *5 (N.D. Cal. Sept. 14, 2012) ............................................................................................................................................ 6

*Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) ...................................................................... 6

*Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289-91 (1940) ............................................................ 6

*DFW Metro Line Servs. v. Southwestern Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir.) ............................... 4

*Easterling v. Rice*, No. CV 2:19-469-JMH, 2019 WL 1338712, at *1 (S.D. Ohio Mar. 25, 2019).............. 3

*Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985) .......... 2

*GDS Int'l, LLC v. CalgaRIG Corp.*, No. CV H-17-0162, 2017 WL 5127221, at *1 (S.D. Tex. Jan. 26, 2017) ........................................................................................................................................................... 2

*Grupo Mexicano de Dessarrolo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999) ...................................... 5

*Hightower v. Thompson*, No. 0:15-93-HRW, 2016 WL 5422061, at *7 (E.D. Ky. Sept. 27, 2016) ............ 3

In re *2920 ER, L.L.C.*, 607 F. App'x 349, 355 (5th Cir. 2015)........................................................................ 4

*Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-CV-1651-L, 2016 WL 4944370, at *12 (N.D. Tex. Sept. 16, 2016).............................................................................................................................. 4

*Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-CV-6283 (AJN), 2012 WL 4901407, at *2 (S.D.N.Y. Oct. 11, 2012) ................................................................................................................................................ 8

*Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995).................................... 6

*Lions Gate Films Inc. v. Does*, No. 14-cv-06033 (MMM), 2014 WL 3895240, at *7 (C.D. Cal. Aug. 8, 2014) ................................................................................................................................................................ 6

*Luxottica USA LLC v. The Partnerships & Unincorporated Associations Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *3 (N.D. Ill. June 18, 2015)...................................................................... 9

*Matter of J. D. Jewell, Inc.*, 571 F.2d 928, 931 (5th Cir. 1978)..................................................................... 4

*Mead Johnson & Co. v. Abbot Labs.*, 201 F.3d 883, 888 (7th Cir.), *opinion amended on denial of reh'g*, 209 F.3d 1032 (7th Cir. 2000).................................................................................................................... 10

*Monster Energy*, 136 F. Supp. 3d 897, 910 (N.D. Ill 2015) .................................................................. 8

*N. Face Apparel Corp. v. TC Fashions, Inc.*, No. 05 CIV. 9083 (RMB), 2006 WL 838993, at *3
(S.D.N.Y. Mar. 30, 2006) ................................................................................................................ 6

*Nat'l Football League Properties v. Playoff Corp.*, 808 F. Supp. 1288, 1295 (N.D. Tex. 1992)................ 5

*O Centro Espirita Beneficiente v. Ashcroft*, 389 F.3d 973, 1017 (10th Cir. 2004)..................................... 9

*Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990) ..................................................... 3

*Plains Cotton Co-op. Ass'n of Lubbock, Texas v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1261
(5th Cir. 1987)................................................................................................................................... 4

R.*M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir.1999) .............................................................. 3

*Scanvec Amiable Ltd. v. Chang*, No. CIV.A. 02-6950, 2002 WL 32341772, at *3 (E.D. Pa. Nov. 1, 2002)
.............................................................................................................................................................. 10

*Schuh v. Michigan Dep't of Corr.*, No. 1:09-CV-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26,
2010) ................................................................................................................................................... 3

*Singer v. Balzorah El*, No. 3:18-CV-02937-M, 2018 WL 6737676, at *1 (N.D. Tex. Nov. 16, 2018)........ 2

*Smc Corp., Ltd. v. Lockjaw, LLC*, 481 F.Supp.2d 918, 930 (N.D. Ill., 2007)............................................. 10

*W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 770 n.14 (1983) .................................................... 10

*White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)............................................................................. 4

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ................................................ 2

**Statutes**

17 U.S.C. § 504(b) ...................................................................................................................................... 6

**Treatises**

11 C. Wright & A. Miller, Federal Practice and Procedure § 2954 at 524 (2d ed. 1982) .............. 3

13 Moore's Federal Practice (3d. ed.1997) at 65-94.1 ................................................................. 9

## I.    INTRODUCTION

1.      Shan Defendants[1] respectfully requests that this Court dissolve the preliminary injunction as to the Shan Defendants, if not all defendants in the case who are similarly situated.  Plaintiff has not effected sufficient service of process pursuant to the Hague Convention, or even attempted service by any means, and this Court therefore does not maintain proper jurisdiction over the Shan Defendants (or other defendants) to enter and enforce the Preliminary Injunction, including by virtue of no security having been posted by Plaintiff. The existing unlimited asset restraint is overbroad and should be reduced in accordance with principles of equity and the Shan Defendants' attached documentation and declarations.

## II.    PROCEDURAL HISTORY AND BACKGROUND

2.      Plaintiff initiated this action against the Schedule A Defendants on April 2, 2021, for the alleged infringement of the Naughty Santa products covered by U.S. Copyright Reg. Nos. VA 2-058-421, VA 2-058-14, VA 2-237-338, and VA 2-237-579 ("Accused Products"). ECF No. 1. Plaintiff filed an *ex parte* Motion for entry of a Temporary Restraining Order, seeking in addition, an asset restraint, expedited discovery, and other relief. ECF No. 6. The Court granted the TRO and its companion motions on April 2, 2021. ECF No. 9. The Court extended the TRO

---

[1] Following this Court's identification in . 81]: 560 yingli520, 561 yangsuiqwe, 575 aishengheji, 576 LiusaIuy, 532 Bakheng, 526 bismarck, 533 adriaticgo, 538 ashur80, 527 montgomery, 302 Shimigy, 220 COL beans, 232 milkcha, 342 PIKAqiu33, 256 cocounut, 285 Ikevan, 333 SurgicaL, 201 Clearance&100%quality,NyaKLI, 225 Fhci-HR, 355 who-canside ☃ 90% Discount Fast Delivery☃, 313 much MUCHYOU ☀ 90% Discount Cyber Monday☀Direct, 226 Vdaye, 218 GJK-SION, 348 OFMWBN, 244 douk-Quite, 238 Chenjbo (Halloween clearance&Christm as clearance ), 221 Mariee, 189 Shan-s, 206 Debouor, 249 S5E5X, 250 xatos, 307 TBKOMH （♛2021 Golden Moment: Up to 80% off♛), 335 ZEFOTIM Big Promotion!!!, 367 GREFER, 412 easyshopping66, 391 AtlantaMart2005, 511 xxzfalcon849, 411 e1xytrep, 402 CincinatiStore, 423 globalfashion2010, 505 wishmart2014, 396 bodhi1998, 433 hongyinlon0, 413 eridu905, 390 Atlanta1816, 414 eriophoroidesxx, 474 rockfoilcrabbh, 486 SZbhkei12, 516 yupaxxs, 460 Nannouth, 443 KansasDeal, 426 GreatSpringfield, 501 watch_deal, 422 gilroy2012, 434 hotdeal320, 515 yishengmall2014, 395 bigbigshow2012, 406 Denver0806, 437 hutrsate51, 466 ppktjfa8612, 228 CO CO-US, 248 YHCWJZP, and 301 Hilyo.

on April 13, 2021, which expired on May 1, 2021. ECF No. 13. The Court applied a preliminary injunction against the Shan Defendants on June 9, 2021. ECF No. 81. Defendants have not been served with process.

## III.   ARGUMENTS AND AUTHORITIES

### a.  The Preliminary Injunction should be dissolved because the Shan Defendants have not yet been served with process.

3.      Despite summonses being issued May 19-20 of  2021 (ECF Nos. 49-62), and Plaintiff having leave to serve all defendants with process via email (ECF No. 9, ¶ 6) since April 2, 2021, Plaintiff has not yet served Defendants with process. It is well settled that without service of process, this Court has no jurisdiction over the named defendants. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (holding that an injunction was improper because the defendant had not been served with process).

4.      Because controlling case law from the Fifth Circuit Court of Appeals teaches that a "district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction," Plaintiff's motion for preliminary injunction should be denied. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985). *See also Burch v. Freedom Mortg. Corp.*, No. 3:18-CV-2731-M-BH, 2019 WL 3208803, at *6 (N.D. Tex. June 27, 2019), *report and recommendation adopted*, No. 3:18-CV-2731-M-BH, 2019 WL 3206077 (N.D. Tex. July 16, 2019*); Singer v. Balzorah El*, No. 3:18-CV-02937-M, 2018 WL 6737676, at *1 (N.D. Tex. Nov. 16, 2018) (denying temporary restraining order absent valid jurisdiction); *GDS Int'l, LLC v. CalgaRIG Corp.*, No. CV H-17-0162, 2017

2

WL 5127221, at *1 (S.D. Tex. Jan. 26, 2017) (denying preliminary injunction where foreign defendant had not been served with process).[2]

### b. Irreparable harm was wrongfully established for the Shan Defendants.

5.      During the June 2nd, 2021 hearing on the Plaintiff's application for preliminary injunction, Plaintiff's counsel indicated during his oral argument and in his pleadings that the Shan Defendants had threatened to drain their accounts if the suit continued forward. The undersigned had just come onto the Defendants' legal team and was unaware of the truth of that assertion. Today, having caught up, Shan Defendants can state with assurance that no Shan Defendant ever threatened to drain its account or any such threat. Plaintiff includes a comment on its spreadsheet that is partially redacted that states, "our record shows frozen account at $30,000 and reducing," without any context.

---

[2] In addition to the Fifth Circuit's controlling case law, substantial other persuasive case law from around the country militates against injunctions issued against parties over which jurisdiction has not been established. *3M Co. v. Christian Invs. LLC*, No. 1:11CV627, 2011 WL 3678144, at *2 (E.D. Va. Aug. 19, 2011) ("it is premature to convert the temporary restraining order into a preliminary injunction against all defendants because 3M has not completed service of process on all non-domain-name defendants"); *Schuh v. Michigan Dep't of Corr.*, No. 1:09-CV-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010), *report and recommendation adopted*, No. 1:09-CV-982, 2010 WL 3655654 (W.D. Mich. Sept. 16, 2010) ("When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required."); *Carty v. Rhode Island Dep't of Corr.*, 198 F.R.D. 18, 20 (D.R.I. 2000) ("When an injunction is sought, service of the summons and the complaint is required. It is well settled that without service of process, this Court has no jurisdiction over the named defendants. Personal jurisdiction is established either by proper service of process, or by the defendant's waiver of any defect in the service of process."); *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir.1999) (service of process is a prerequisite to the issuance of an enforceable preliminary injunction); *Easterling v. Rice*, No. CV 2:19-469-JMH, 2019 WL 1338712, at *1 (S.D. Ohio Mar. 25, 2019); *Hightower v. Thompson*, No. 0:15-93-HRW, 2016 WL 5422061, at *7 (E.D. Ky. Sept. 27, 2016); *Carter v. Archdale Police Dep't*, No. 1:13CV613, 2013 WL 4505394, at *1 (M.D.N.C. Aug. 22, 2013), report and recommendation adopted, No. 1:13CV613, 2013 WL 4832251 (M.D.N.C. Sept. 10, 2013); *Cf.. Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300 (5th Cir.1978) (interpleader injunction does not require service of process.)

6.     Plaintiff abused his position by arguing that more than 60 defendants should have their assets frozen based on: a) a comment by a presumed attorney "Jesun", who represents none of the Shan Defendants; and b) an unsupported comment that shows no deliberate effort to drain a bank account, with either specifics or intent.

7.     Like the Li Defendants, each of the Shan Defendants has ceased selling the allegedly-infringing products and has declared to continue the business; the irreparable harm element necessary to support the preliminary injunction no longer exists. *See* Paragraphs 4, 7 to each of the Declarations of Yingli Li, Zhao Dan, Xie Huichang, Yali Niu, Luo Ningbo, Wu Rong, Xie Tong, Zhou Shixiong, Tan Long, Jiang Weijun, Xiaochao Liu, Fan Yang, Donge Jia, Xiaofeng Cheng, Huizhang Wang, Wu Shuqi, and Yanfang Zeng. Moreover, some of the Shan Defendants have never sold an infringing product as alleged. *See* Declarations of Yingli Li, Donge Jia, and Xiaofeng Cheng, filed concurrently.

8.     In the Fifth Circuit, there is no presumption of irreparable harm even where - and assuming - a likelihood of success on the merits is established. *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-CV-1651-L, 2016 WL 4944370, at *12 (N.D. Tex. Sept. 16, 2016), *citing*, *Plains Cotton Co-op. Ass'n of Lubbock, Texas v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1261 (5th Cir. 1987).

9.     As this Court has previously observed, in light of the defendants' cessation of sales of allegedly-infringing goods, the absence of sales, and assertions that defendants' businesses will continue to operate and assets will not be drained, an adequate remedy at law exists for Plaintiffs. ECF No. 81, p. 6.] This precludes a showing of irreparable injury. *DFW Metro Line Servs. v. Southwestern Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir.) (per curiam)("There can be no irreparable injury where money damages would adequately compensate a plaintiff."), *cert*

4

*denied*, 498 U.S. 985, 111 S.Ct. 519, 112 L.Ed.2d 530 (1990).  Absent irreparable injury, no injunction may issue. *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

10.     For these same reasons, the balancing test weighs in favor of the Shan Defendants. Continuing to apply the injunction in the absence of any infringing activity would only harm the Shan Defendants and not benefit Plaintiff. The Shan Defendants are no longer selling the allegedly infringing products and otherwise intend to continue their businesses - the preliminary injunction however handicaps those businesses by restraining substantial assets. *See Nat'l Football League Properties v. Playoff Corp.*, 808 F. Supp. 1288, 1295 (N.D. Tex. 1992) ("Where the defendant's likely harm if the injunction is granted is equal to or greater than any injury threatened by defendant's conduct, injunctive relief is generally denied"). The public will likewise be harmed more by the numerous Shan Defendants - all 62 of them - being prevented for utilizing their frozen assets to conduct their businesses and serving the public's commercial needs. Plaintiff cannot clearly carry its burden on all four preliminary injunction perquisites. *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). The preliminary injunction (ECF No. 81, pgs. 8-11) should be dissolved entirely.

### c.  The asset restraint should be limited to the amount that may possibly be recovered as profits through and equitable accounting.

11.     In the alternative to a complete dissolution of the preliminary injunction and lifting of the asset restraint as to the Shan Defendants, this Court should limit the asset restraint to the amount that may possibly be recovered as profits through an equitable accounting. The Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a plaintiff's claim for money damages." *Grupo Mexicano de Dessarrolo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999). Prejudgment asset restraints, therefore, are limited to cases seeking equitable

5

relief, where they are narrowly drawn "to sequester only those funds necessary to satisfy the potential judgment." *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 708 (5th Cir. 2007), *quoting*, *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289-91 (1940).

12.     Applying these principles, any prejudgment asset freeze should be limited to amounts that the plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits in this case. 17 U.S.C. § 504(b*); Cengage Learning, Inc. v. Doe 1*, No. 18-CV-403 (RJS), 2018 WL 2244461, at *3 (S.D.N.Y. Jan. 17, 2018*); Lions Gate Films Inc. v. Does*, No. 14-cv-06033 (MMM), 2014 WL 3895240, at *7 (C.D. Cal. Aug. 8, 2014); *see also Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013), which explained the issue succinctly:

> "[W]here equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief. For example, where (as here) a litigant seeks the equitable remedy of an accounting of profits, then if the amount of the profits is known, then the asset freeze should apply on to that specific amount, and no more . . . In other words, the asset-restraint order must be limited only to the extent that is needed to secure the equitable remedy; the scope of the exception (to the general ban on prejudgment restraint) is limited by the scope of the exception's rationale."

13.     To exempt assets from an asset freeze, the burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities. *N. Face Apparel Corp. v. TC Fashions, Inc.*, No. 05 CIV. 9083 (RMB), 2006 WL 838993, at *3 (S.D.N.Y. Mar. 30, 2006), *citing*, *Levi Strauss; Datatech Enterprises LLC v. FF Magnat Ltd.*, No. C 12-04500 CRB, 2012 WL 4068624, at *5 (N.D. Cal. Sept. 14, 2012).

14.     In the exhibits filed concurrently, the Shan Defendants provide such documentary proof, including sales records of the allegedly-infringing products supported by the Declarations of Yingli Li, Zhao Dan, Xie Huichang, Yali Niu, Luo Ningbo, Wu Rong, Xie Tong, Zhou Shixiong,

Tan Long, Jiang Weijun, Xiaochao Liu, Fan Yang, Donge Jia, Xiaofeng Cheng, Huizhang Wang,

Wu Shuqi, and Yanfang Zeng. That data is collected in the following table:

| Defendant Stores | Sales | Revenue | Declarant |
|---|---|---|---|
| 560 yingli520 | 0 | $ 0.00 | Yingli Li App'x 203 - 223 |
| 561 yangsuiqwe | 0 | $ 0.00 | |
| 575 aishengheji | 0 | $ 0.00 | |
| 576 LiusaIuy | 0 | $ 0.00 | |
| 532 Bakheng | 0 | $ 0.00 | |
| 526 bismarck | 0 | $ 0.00 | |
| 533 adriaticgo | 0 | $ 0.00 | |
| 538 ashur80 | 0 | $ 0.00 | |
| 527 montgomery | 0 | $ 0.00 | |
| 302 Shimigy | 8 | $ 95.11 | Zhao Dan App'x 117 - 133 |
| 220 COL beans | 16 | $ 263.87 | |
| 232 milkcha | 12 | $ 142.79 | |
| 342 PIKAqiu33 | 45 | $ 422.06 | |
| 256 cocounut | 1 | $ 11.66 | |
| 285 Ikevan | 0 | $ 0.00 | Xie Huichang App'x 092 - 107 |
| 333 SurgicaL | 1 | $ 12.63 | |
| 201 Clearance&100%qualityNyaKLI | 4 | $ 39.96 | Yali Niu App'x 002 - 032 |
| 225 Fhci-HR | 12 | $ 82.81 | |
| 355 who-canside ☺ 90% Discount Fast Delivery☺ | 22 | $175.56 | |
| 218 GJK-SION | 6 | $ 83.94 | |
| 244 douk-Quite | 1 | $ 14.88 | |
| 313 much MUCHYOU ☀ 90% Discount Cyber Monday☀Direct | 4 | $ 50.00 | |
| 226 Vdaye | 1 | $ 5.30 | |
| 348 OFMWBN | 1 | $ 9.99 | |
| 238 Chenjbo (Halloween clearance&Christm as clearance ) | 2 | $ 10.74 | Luo Ningbo App'x 067 - 076 |
| 221 Mariee | 1 | $ 12.69 | |
| 189 Shan-s | 3 | $ 54.38 | |
| 206 Debouor | 29 | $ 329.70 | Wu Rong App'x 033 - 046 |
| 249 S5E5X | 6 | $ 46.18 | |
| 250 xatos | 2 | $ 10.96 | Xie Tong App'x 085 - 091 |
| 307 TBKOMH （♛2021 Golden Moment: Up to 80% off♛) | 440 | $ 3,482.00 | Zhou Shixiong App'x 134 - 148 |
| 335 ZEFOTIM Big Promotion!!! | 6 | $ 110.75 | Tan Long App'x 149 - 158 |
| 367 GREFER | 1 | $ 3.99 | Jiang Weijun App'x 159 - 165 |

| 412 easyshopping66 | 2 | $ 11.81 | Xiaochao Liu App'x 199 - 202 |
|---|---|---|---|
| 391 AtlantaMart2005 | 10 | $ 88.08 | Fan Yang App'x 181 - 185 |
| 511 xxzfalcon849 | 1 | $ 4.34 | |
| 411 e1xytrep | 3 | $ 12.23 | |
| 390 Atlanta1816 | 0 | $ 0.00 | Donge Jia App'x 166 - 180 |
| 402 CincinatiStore | 0 | $ 0.00 | |
| 423 globalfashion2010 | 0 | $ 0.00 | |
| 505 wishmart2014 | 0 | $ 0.00 | |
| 396 bodhi1998 | 0 | $ 0.00 | |
| 433 hongyinlon0 | 0 | $ 0.00 | |
| 414 eriophoroidesxx | 0 | $ 0.00 | |
| 474 rockfoilcrabbh | 0 | $ 0.00 | |
| 486 SZbhkei12 | 0 | $ 0.00 | |
| 516 yupaxxs | 0 | $ 0.00 | |
| 413 eridu905 | 0 | $ 0.00 | |
| 460 Nannouth | 0 | $ 0.00 | |
| 395 bigbigshow2012 | 0 | $ 0.00 | Xiaofeng Cheng App'x 186 - 198 |
| 443 KansasDeal | 0 | $ 0.00 | |
| 426 GreatSpringfield | 0 | $ 0.00 | |
| 501 watch_deal | 0 | $ 0.00 | |
| 422 gilroy2012 | 0 | $ 0.00 | |
| 434 hotdeal320 | 0 | $ 0.00 | |
| 515 yishengmall2014 | 0 | $ 0.00 | |
| 406 Denver0806 | 0 | $ 0.00 | |
| 437 hutrsate51 | 0 | $ 0.00 | |
| 466 ppktjfa8612 | 0 | $ 0.00 | |
| 228 CO CO-US | 51 | $ 805.80 | Huizhang Wang App'x 047 - 066 |
| 248 YHCWJZP | 3 | $ 22.11 | Wu Shuqi App'x 077 - 084 |
| 301 Hilyo | 9 | $ 99.55 | Yanfang Zeng App'x 108 - 116 |

15.     There is no basis for including amounts in these Shan Defendants' Amazon, eBay, or PayPal accounts beyond the respective dollar amounts. *See e.g. CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-CV-6283 (AJN), 2012 WL 4901407, at *2 (S.D.N.Y. Oct. 11, 2012) (reducing asset freeze upon defendants to $1,000 from $2,000,000 after defendants' documentary showing of profits earned from allegedly infringing goods); *Cf.*, *Monster Energy*, 136 F. Supp. 3d 897, 910 (N.D. Ill 2015) (declining to modify injunction where defendants had not "submitted any evidence regarding their PayPal account transactions to show that these funds are not the proceeds of counterfeiting

activities."); *Cf.*, *Luxottica USA LLC v. The Partnerships & Unincorporated Associations Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *3 (N.D. Ill. June 18, 2015) (declining to lift freezes on five of seven accounts based on defendants' spreadsheets that were unsupported by a declaration). Accordingly, the amount of any asset restraint on the Shan Defendants' accounts should be reduced to, at most, the revenue from the Shan Defendants' account's respective sales of allegedly-infringing products, as this Court required for the "Li Defendants".  See ECF Nos. 65-1, 81.

**d.   At a minimum, this Court should increase the bond supporting the injunction.**

16.     On June 9, 2021, this Court allowed the Plaintiff to post a mere $1,000 bond to support the Preliminary Injunction. ECF No. 81, p. 11. "The purpose of requiring security prior to issuance of an injunction or a temporary restraining order is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained."  13 Moore's Federal Practice (3d. ed.1997) at 65-94.1. Further, it is well established that the amount of the bond puts a limit on damages which are recoverable for a wrongfully issued injunction, absent malicious prosecution.  *Commerce Tankers Corp. v. Nat'l Mar. Union of Am., AFL-CIO*, 553 F.2d 793, 800 (2d Cir. 1977). Courts have observed that:

> "Plaintiffs have incentives to seek injunctions not only to avert irreparable harm
> to themselves, but also to impose costs on the other party. This, too, may be done
> out of spite, or because the higher costs to the defendant in complying, the more
> pressure he will feel to "bargain desperately to buy his way out of the injunction."

*O Centro Espirita Beneficiente v. Ashcroft*, 389 F.3d 973, 1017 (10th Cir. 2004), *quoting*, *Am. Hosp. Supply Corp. v. Hosp. Prods., Ltd.*, 780 F.2d 589, 594 (7th Cir. 1986). Since the TRO has been affected against the Shan Defendants' Amazon and eBay stores, nearly $1.3 million has been withheld and prevented from being utilized by Defendants for any purpose: continuing the businesses, investment, or otherwise. Defendants are entitled to a bond sufficient to make them

whole upon an ultimate finding that the injunction was improperly imposed. *Blumenthal v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1055 (2d Cir. 1990), *citing*, *Commerce Tankers*. Defendants in intellectual property infringement cases of this type have enjoyed the surety of bonds much larger than $10,000. *See e.g.*, *CJ Prod. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 163 (E.D.N.Y. 2011) ($100,000 bond supporting injunction in copyright and trademark infringement case "fitting"); *AB Electrolux v. Bermil Indus. Corp.*, 481 F. Supp. 2d 325, 337 (S.D.N.Y. 2007) ($350,000 bond set in trademark infringement case with low likelihood of success); *Smc Corp., Ltd. v. Lockjaw, LLC*, 481 F.Supp.2d 918, 930 (N.D. Ill., 2007) ("We find an injunction bond of $500,000 warranted to cover Lockjaw's potential lost profits and other damages in the event it is subsequently determined that Lockjaw was wrongfully enjoined."). While this Court set $1,000 as the initial bond applicable to all defendants in the case - which again has yet to be posted - given the sheer number of Defendants in the case and the total amount frozen, $1,000 is woefully disproportionate.

17.     Even where appropriate figures supporting a particular bond are unclear, district courts should err on the high side. *Mead Johnson & Co. v. Abbot Labs.*, 201 F.3d 883, 888 (7th Cir.), *opinion amended on denial of reh'g*, 209 F.3d 1032 (7th Cir. 2000); *Scanvec Amiable Ltd. v. Chang*, No. CIV.A. 02-6950, 2002 WL 32341772, at *3 (E.D. Pa. Nov. 1, 2002), *aff'd*, 80 F. App'x 171 (3rd Cir. 2003) (same). This is because while an error in setting the bond too high is not serious, setting it too low produces irreparable injury to the wrongfully enjoined. *W.R. Grace & Co. v. Rubber Workers,* 461 U.S. 757, 770 n.14 (1983). The Court, if it elects to maintain any aspect of the preliminary injunction, should require that Plaintiff post as a bond the total amount of $5,000,000 in order to provide each of the hundreds of defendants a fair opportunity to recoup the financial harm inflicted by Plaintiff's injunction.

## IV.  CONCLUSION

The Court does not have sufficient jurisdiction over the Shan Defendants to impose and enforce the preliminary injunction, and thus it should be dissolved. At a minimum, the Court should reduce the scope of the now-unlimited asset restraint - seizing nearly $1.3 million dollars of the Shan Defendants' money - to reflect only to what Plaintiff may be entitled from each Shan Defendant under principles of equity.

Dated this June 24, 2021.

/s/Warren V. Norred, P.E.            Adam E. Urbanczyk
Warren V. Norred, P.E.              Au LLC
NORRED LAW, PLLC             564 W. Randolph St. 2nd Fl.
515 East Border Street              Chicago, IL 60661
Arlington, Texas 76010            adamu@au-llc.com
817.704.3984 office                 312. 715.7312
817.524.6686 fax                   ARDC: No. 6301067
                                  Pro hac vice pending

*Counsel for Shan Defendants*

DECLARATION OF WARREN V. NORRED -  Pursuant to 28 U.S.C.§ 1746, I, Warren V. Norred, hereby declare as follows:

     1. I am over the age of 21 years, am suffering from no mental disability, and am legally competent to make this Declaration.

     2. I am personally aware of the facts alleged in this motion and can attest to their veracity if asked.

Executed in Tarrant County, State of Texas on June 24, 2021.

Warren Norred, SBN 24045094

CERTIFICATE OF SERVICE - This is to certify that I served the foregoing to opposing counsel and all others seeking service through the Court's ECF system on the morning of June 24, 2021.

Warren Norred, SBN 24045094

11