IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| THE NAUGHTYS, LLC. § | |
| *Plaintiff,* § | |
| § | **Case No. 4:21-cv-00492** |
| v. § | |
| § | |
| DOES 1-580, § | |
| *Defendants.* § | |

### SHAN DEFENDANTS' RESPONSE TO PLAINTIFF'S
### SUPPLEMENTAL BRIEF ON PERSONAL JURISDICTION

**COME NOW** the Shan Defendants[1] and respectfully submit this memorandum of law in response to Plaintiff's Supplemental Brief Supporting Personal Jurisdiction (ECF No. 92).

---

[1] Following this Court's identification in ECF No. 81, the Shan Defendants comprise the following: 560 yingli520, 561 yangsuiqwe, 575 aishengheji, 576 LiusaIuy, 532 Bakheng, 526 bismarck, 533 adriaticgo, 538 ashur80, 527 montgomery, 302 Shimigy, 220 COL beans, 232 milkcha, 342 PIKAqiu33, 256 cocounut, 285 Ikevan, 333 SurgicaL, 201 Clearance&100%quality,NyaKLI, 225 Fhci-HR, 355 who-canside 😎 90% Discount Fast Delivery😄, 313 much MUCHYOU ✖ 90% Discount Cyber Monday✖Direct, 226 Vdaye, 218 GJK-SION, 348 OFMWBN, 244 douk-Quite, 238 Chenjbo (Halloween clearance&Christmas clearance ), 221 Mariee, 189 Shan-s, 206 Debouor, 249 S5E5X, 250 xatos, 335 ZEFOTIM Big Promotion!!!, 367 GREFER, 412 easyshopping66, 391 AtlantaMart2005, 511 xxzfalcon849, 411 e1xytrep, 402 CincinatiStore, 423 globalfashion2010, 505 wishmart2014, 396 bodhi1998, 433 hongyinlon0, 413 eridu905, 390 Atlanta1816, 414 eriophoroidesxx, 474 rockfoilcrabbh, 486 SZbhkei12, 516 yupaxxs, 460 Nannouth, 443 KansasDeal, 426 GreatSpringfield, 501 watch_deal, 422 gilroy2012, 434 hotdeal320, 515 yishengmall2014, 395 bigbigshow2012, 406 Denver0806, 437 hutrsate51, 466 ppktjfa8612, 228 CO CO-US, 248 YHCWJZP, and 301 Hilyo.

## Table of Contents

I. Introduction ................................................................................................................................1

II. Procedural History and Background Facts..................................................................................1

III. Shan Defendants' Activity.........................................................................................................2

IV. Argument ...................................................................................................................................2

a. Legal Standard ............................................................................................................................2

b. Shan Defendants do not have sufficient minimum contacts to justify this Court's personal jurisdiction ......................................................................................................................................5

c. Exercising jurisdiction over the Shan Defendants would be unfair and substantially unjust....9

d. The Court should deny Plaintiff's request for jurisdictional discovery...................................12

V. Conclusion ................................................................................................................................13

**Table of Authorities**

**Cases**

*Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) .................................. 3, 9, 12
*Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 715 (N.D. Tex. 2012) ............................ 8
*Applied Food Scis., Inc. v. New Star 21, Inc.*,
   2009 WL 9120113, at *4 (W.D. Tex. Jan. 23, 2009) ............................................................. 5, 6
*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 112 (1987) 4, 11
*Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) .................................... 3, 7, 11
*Benton v. Cameco Corp.*, 375 F.3d 1070, 1079-80 (10th Cir. 2004) ............................................ 10
*Bristol-Myers Squibb Co. v. Superior Ct. of Cali., San Francisco Cty.*,
   137 S. Ct. 1773, 1783 (2017) ................................................................................................ 5, 12
*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985) ..................................................... 5, 12
*Captain Manjit Sangha v. Navig8 ShipManagement Private Ltd.*,
   882 F.3d 96, 101 (5th Cir. 2018) ................................................................................................ 2
*CMC Steel Fabricators, Inc. v. Franklin Inv. Corp.*,
   2016 WL 3418974, at *1 (N.D. Tex. June 22, 2016) .................................................................. 8
*Daimler AG v. Bauman,* 134 S. Ct. 746, 754 (2016) ..................................................................... 3
*Ellicott Machine Corp. v. John Holland Party Ltd.,* 995 F.2d 474, 475-76 (4th Cir. 1993) .......... 9
*First Fitness Int'l, Inc. v. Thomas,* 533 F. Supp. 2d 651, 659 (N.D. Tex. 2008) ............................ 7
*Gatte v. Ready 4 A Change, LLC,* 2013 WL 123613, at *13 (W.D. La. Jan. 9, 2013) ................ 10
*GNL Ridglea, LLC v. Guang Dong Hailea Grp. Co.*,
   2018 WL 5259657, at *4 (N.D. Tex. Oct. 5, 2018) .................................................................. 11
*Guidecraft, Inc. v. OJCommerce, LLC,* 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019) ....... 7
*Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys.,* L.L.C.,
   717 F. App'x 394, 399 (5th Cir. 2017) ..................................................................................... 13
*Gulf Consol. Servs., Inc. v. Corinth Pipeworks, S.A.,* 898 F.2d 1071, 1083 (5th Cir. 1990) .......... 9
*Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) ........................................................... 3, 9
*ITL Int'l, Inc. v. Constenla,* S.A., 669 F.3d 493, 498 (5th Cir. 2012) ......................................... 4, 8
*Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008) ................................ 3, 9
*Karstetter v. Voss,* 184 S.W.3d 396, 405 (Tex. App. 2006) ........................................................... 8
*Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000) ........................ 11, 12
*Maverick Whiskey, LLC v. Brewery on Half Moon Bay, Inc.*,
   2019 WL 5927591, at *7 (W.D. Tex. Nov. 12, 2019) ................................................................ 6
*Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629, 2012 U.S. Dist. LEXIS 4192,
   2012 WL 104980, at *7 (N.D. Tex Jan. 11, 2012) ................................................................... 12
*Mink v. AAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) ............................................. 4, 5, 9, 12
*Moncrief Oil Int'l, Inc. v. OAO Gasprom*, 481 F.3d 309, 311 (5th Cir. 2007) ............................... 8
*Monistere v. Losauro,* 2013 WL 6383886, at *7 (E.D. La. Dec. 4, 2013) ...................................... 7
*Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 868-69 (5th Cir. 2001) 4, 9
*People Sols., Inc. v. People Sols., Inc.,* 2000 WL 1030619, at *3 (N.D. Tex. July 25, 2000) .... 6, 7
*QR Spex, Inc. v. Motorola, Inc.,* 507 F.Supp.2d 650, 661 (E.D. Tex. 2007) .................................. 7
*Quick Techs., Inc. v. Sage Grp. PLC,* 313 F.3d 338, 345 (5th Cir. 2002) ...................................... 6

*RA Glob. Servs., Inc. v. Apps,* 2007 WL 4292780, at *7 (N.D. Tex. Dec. 6, 2007) ...................... 11
*Revell v. Lidov,* 317 F.3d 467, 476 (5th Cir. 2002) ................................................................... 5, 9
*Riviera Operating Corp. v. Dawson,* 29 S.W.3d 905, 911 (Tex. App. 2000) ............................... 6
*Rush v. Savchuk,* 444 U.S. 320, 331-32 (1980) ............................................................................ 5
*Shamsuddin v. Vitamin Research Prods.,* 346 F.Supp.2d 804, 810, 813 (D. Md. 2004) ............... 7
*Stone Metals Am., LLC v. Eubank,* 2020 WL 6877704, at *4 (N.D. Tex. Nov. 5, 2020) ............. 13
*Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc.*, 2003 WL 22014581 (D.R.I. Aug. 25, 2003) ... 6
*Thornton v. Syny Logistics, Inc.,* 2020 WL 2850989, at *3 (N.D. Tex. June 1, 2020) ................. 13
*Viahart, LLC v. Arkview LLC,* 2020 WL 4905542, at *5 (E.D. Tex. Aug. 20, 2020) .................... 7
*Walden v. Fiore,* 571 U.S. 277, 283 (2014) .............................................................................. 3, 4
*Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir. 1994) ........................................................................ 3
*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980) ....................................... 4
*Zippo Manufacturing Co. v. Zippo Dot Com*, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997) ............... 4

## I.   INTRODUCTION

1.      Plaintiff has sued 580 individual defendants, each of whom are unrelated in any way, except that they are independent e-commerce stores and are all allegedly infringing Plaintiff's copyright interests. Not surprisingly, Plaintiff has chosen to sue all 580 defendants in Plaintiff's backyard all at once though most of the defendants are foreign and have no connection to this jurisdiction. The Shan Defendants, a subset of the defendants represented by the undersigned, have little to nothing to do with this forum. Some are e-commerce storefronts which do not operate on U.S.-based sites and do not sell into the U.S. Others have a single sale into Texas only as a result of Plaintiff's investigation or, rather, attempt to manufacture jurisdiction.

2.      The declarations and exhibits attached hereto demonstrate that Plaintiff cannot establish the Shan Defendants' minimum contacts with the forum necessary to hale them before this Court, much less continue to support the preliminary injunction.

## II.   PROCEDURAL BACKGROUND

3.      Plaintiff initiated this action against the Schedule A Defendants on April 2, 2021, for the alleged infringement of the Naughty Santa products covered by U.S. Copyright Reg. Nos. VA 2-058-421, VA 2-058-14, VA 2-237-338, and VA 2-237-579.

4.      Plaintiff filed an *ex parte* Motion for entry of a Temporary Restraining Order, also seeking an asset restraint, expedited discovery, and other relief. (ECF No. 6.) The Court granted the TRO and its companion motions on April 2, 2021 and then extended it on April 13, 2021. (ECF Nos. 9, 13, respectively.) The Court applied a preliminary injunction against the Shan Defendants on June 9, 2021. (ECF No. 81.) Defendants have not been served with process.

## III.   DEFENDANTS' ACTIVITIES

5. The sales activity, or absence thereof, of the Shan Defendants is shown in Exhibit 1, supported by the Declarations of Yingli Li, Zhao Dan, Xic Huichang, Yali Niu, Luo Ningbo, Wu Rong, Xie Tong, Tan Long, Jiang Weijun, Xiaochao Liu, Fan Yang, Donge Jia, Xiaofeng Cheng, Huizhang Wang, Wu Shuqi, and Yanfang Zeng (the "Declarations").

6. Generally, the Shan Defendants may be subdivided into three (3) groups:

   - Group A: defendants that made no sales into Texas.[2]

   - Group B: defendants that made one sale into Texas, to Plaintiff's investigator.[3]

   - Group C: defendants that made a single sale into Texas to Plaintiff's investigator and other sales.[4]

## IV.   ARGUMENT

### A. Legal Standard

7. This Court may exercise personal jurisdiction over a non-resident defendant only if an applicable state long-arm statute confers jurisdiction, and the assertion of that jurisdiction is consistent with the demands of the Fourteenth Amendment's due process clause. *Captain Manjit Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). "The Due

---

[2] 348 OFMWBN, 335 ZEFOTIM Big Promotion!!!, 302 Shimigy, 285 Ikevan, 412 easyshopping66, 391 AtlantaMart2005, 511 xxzfalcon849, 411 e1xytrep, 390 Atlanta1816, 402 CincinatiStore, 423 globalfashion2010, 505 wishmart2014, 396 bodhi1998, 433 hongyinlon0, 413 eridu905, 414 eriophoroidesxx, 474 rockfoilcrabbh, 486 SZbhkei12, 516 yupaxxs, 460 Nannouth, 395 bigbigshow2012, 443 KansasDeal, 426 GreatSpringfield 501 watch_deal, 422 gilroy2012, 434 hotdeal320, 515 yishengmall2014, 406 Denver0806, 437 hutrsate51, 466 ppktjfa8612, 560 yingli520, 561 yangsuiqwe, 575 aishengheji, 576 LiusaIuy, 532 Bakheng, 526 bismarck, 533 adriaticgo, 538 ashur80, 527 montgomery.

[3] 250 xatos, 248 YHCWJZP, 355 who-canside 😎 90% Discount Fast Delivery😎, 313 much MUCHYOU 👹 90% Discount Cyber Monday👹Direct, 226 Vdaye, 238 Chenjbo (Halloween clearance&Christm as clearance ), 221 Mariee, 189 Shan-s, 206 Debouor, 249 S5E5X, 220 COL beans, 232 milkcha, 256 cocounut, 333 SurgicaL, 301 Hilyo, 367 GREFER

[4] 201 Clearance&100%quality,NyaKLI, 225 Fhci-HR, 342 PIKAqiu33, 218 GJK-SION, 244 douk-Quite, 228 CO CO-US

2

Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

8. Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one: whether the exercise of personal jurisdiction over a defendant comports with constitutional due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Constitutional due process requires the court to determine whether the defendant has sufficient "minimum contacts" with Texas such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

9. The law recognizes two types of personal jurisdiction. General jurisdiction requires that the defendant have "affiliations with the [forum] State [that] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2016) (internal quotation marks omitted). Plaintiff does not argue that the Shan Defendants or other defendants are subject to general personal jurisdiction, which is appropriate as the Shan Defendants are Chinese operations which have no physical, operational, or financial ties to the forum. See, each Declaration, ¶ 3.

10. Where a product is sold or manufactured by a foreign defendant, the Fifth Circuit applies a "stream of commerce" approach to specific personal jurisdiction. *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013). Under this approach, the initial "minimum contacts" requirement is only met where the defendant "delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (emphasis added). Such

contacts, however, "must be more than random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012). "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 112 (1987); World-*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State."). Moreover, Plaintiff cannot be the only link between a defendant and the forum, *Walden v. Fiore*, 571 U.S. at 286, and Plaintiff's purported injury in the form alone does not substitute for sufficient minimum contacts. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001)

11.  Separately, in considering whether maintaining a website creates sufficient minimum contacts, the Fifth Circuit follows the sliding-scale test outlined in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) wherein what contacts are sufficient depends upon the level of commercial activity that the defendant conducts through the website. *Mink v. AAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). "At one end of the scale, passive websites on which the owner merely posts information do not support a finding of minimum contacts, while at the other end websites through which an owner does business or enters into contracts with forum residents do support such a finding." *Id*. Under *Mink*, personal jurisdiction over a website operator requires that website operator "doing business over the Internet or [having] sufficient interactivity with residents of the forum." *Id*., at 337. More-recent analysis, however, confirms that the "ultimate inquiry is rooted in the limits imposed on states by the Due Process Clause…[i]t is fairness judged by the reasonableness of Texas exercising its power over

4

residents of [other states]." *Applied Food Scis., Inc. v. New Star 21, Inc*., 2009 WL 9120113, at *4 (W.D. Tex. Jan. 23, 2009), quoting *Revell v. Lidov*, 317 F.3d 467, 476 (5th Cir. 2002).

12. Lastly, the "exercise of jurisdiction" must not "offend traditional notions of fair play and substantial justice." Id. In examining whether the exercise of personal jurisdiction would be unfair, the Court will look at (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). "[I]t is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it 'reasonably anticipate being haled into court there." *Id*. at 474. Moreover, the plaintiff must establish that the due process requirements for jurisdiction are met as to each defendant individually. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1783 (2017), and it is not permissible to base personal jurisdiction on the defending parties' aggregate forum contacts. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).

**B. The Shan Defendants do not have sufficient minimum contacts to justify this Court's personal jurisdiction.**

13. The Group A Shan Defendants, being Amazon, eBay, and Wish storefronts available on the internet to whomever may solicit products *from them* and who did not have control over who might visit their webpages, are under *Mink* and related case law passive advertisements: they did not facilitate any transaction or contractual relationship, nor did (nor is it alleged that) they repeatedly transmit computer files over the internet to Texas residents. As *Mink* acknowledges, mere advertising on a website is insufficient to establish personal jurisdiction. *Id*., 190 F.3d at 336; *See also*, *Maverick Whiskey, LLC v. Brewery on Half Moon Bay, Inc.,* 2019 WL 5927591,

at *7 (W.D. Tex. Nov. 12, 2019), report and recommendation adopted, No. SA-19-CV-0136-JKP, 2020 WL 10056148 (W.D. Tex. Mar. 27, 2020), citing, *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 345 (5th Cir. 2002).

14. Without sales, then, there is no specific personal jurisdiction. See, *People Sols., Inc. v. People Sols., Inc.,* 2000 WL 1030619, at *3 (N.D. Tex. July 25, 2000) ("Personal jurisdiction should not be premised on the mere possibility, with nothing more, that Defendant may be able to do business with Texans over its web site."); *Applied Food Scis., Inc*. ("where such websites were allegedly operated by [defendants], but where those corporations are not alleged to have conducted electronic commerce with anyone in Texas, not alleged to have directed any of their advertising or Internet activities specifically towards Texas, and not alleged to have sold any infringing products to individuals in Texas, the maintenance of personal jurisdiction over Defendants would be unreasonable."); *Riviera Operating Corp. v. Dawson*, 29 S.W.3d 905, 911 (Tex. App. 2000) (declining to assert personal jurisdiction over website operators where "no evidence that [defendant] engaged in business transactions or entered into contracts over the internet with Texas residents"); *Maverick Whiskey, LLC*, 2019 WL 5927591, at *5 (finding no personal jurisdiction where Spanish website was written in Spanish, fields indicating residence did not accommodate U.S. addresses, only minimal email contact occurred between forum state customers and defendant, and the only sales to forum state were orchestrated by plaintiffs); *See also, Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc.*, 2003 WL 22014581, at *7 (D.R.I. Aug. 25, 2003) (declining personal jurisdiction over defendant website operator where there was no evidence of actual sales or emails, noting "In the case at bar, the only contact is the availability of a commercially active web site.").

6

15.     The Group A Defendants, by listing the products on an e-commerce platform simply to "profit from the wide geographic reach of the internet," is not enough to subject them to personal jurisdiction in any state where the internet may reach. *Viahart, LLC v. Arkview LLC*, 2020 WL 4905542, at *5 (E.D. Tex. Aug. 20, 2020), quoting, *Guidecraft, Inc. v. OJCommerce, LLC*, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019).

16.     Each of the Group B Shan Defendants made a single sale in the State of Texas. Exhibit 1; Decl. Xie Tong; Decl. Wu Shuqi; Decl. Yali Niu; Decl. Luo Ningbo; Decl Wu Rong; Decl. Zhao Dan; Decl. Xis Huichang; Decl. Yanfang Zeng; Decl. Jiang Weijun. However, this sale was evidently to Plaintiff's investigator which, alone, is inadequate to establish this Court's jurisdiction. *Bearry*, 818 F.2d at 375; *QR Spex, Inc. v. Motorola, Inc.,* 507 F.Supp.2d 650, 661 (E.D. Tex. 2007) (refusing to consider sales that were initiated by plaintiff's investigator).

17.     Disregarding each Group B defendant's one (1) sale to Plaintiff's investigator, we are left again with mere advertising and insufficient bases for the Court to assert personal jurisdiction. *People Sols., Inc.*; See, e.g., *Monistere v. Losauro*, 2013 WL 6383886, at *7 (E.D. La. Dec. 4, 2013) ("Defendants have only made one sale through the website to a Louisiana resident-Plaintiff. For this one contact with Louisiana to constitute purposeful availment of this forum by Defendants, the contact must result from Defendants' purposeful conduct, not merely from the unilateral activity of Plaintiff."); *First Fitness Int'l, Inc. v. Thomas*, 533 F. Supp. 2d 651, 659 (N.D. Tex. 2008) (same); *Shamsuddin v. Vitamin Research Prods.*, 346 F.Supp.2d 804, 810, 813 (D. Md. 2004) (concluding that two sales to forum state manufactured by plaintiff's acquaintances were insufficient for personal jurisdiction).

18.     The Group C Shan Defendants, collectively, sold nine (9) allegedly-infringing products into Texas beyond those sales to Plaintiff's investigator. Exhibit 1; Decl. Yali Niu; Decl. Zhao

7

Dan; Decl. Huizhang Wang. Defendant 201 Clearance&100%quality,NyaKLI, 225 Fhci-HR, 218 GJK-SION, 244 douk-Quite, and 228 CO CO-US each sold one (1) item. Exhibit 1. Defendant 342 PIKAqiu33 sold four (4) items. *Id*. Being mere online storefronts accessible to anyone in the world with a web browser and having no control over who would visit their site or attempt to order products, the Group C defendants fall into the middle of the *Zippo* scale. See, e.g., *Karstetter v. Voss*, 184 S.W.3d 396, 405 (Tex. App. 2006) (determining eBay store defendants would fall into the middle of *Zippo* sliding scale).

19.     This paltry sales activity does not demonstrate specific *targeting* of the State of Texas and, moreover, the few isolated and random sales transactions are not sufficient to establish requisite minimum contact. *ITL Int'l, Inc.; Moncrief Oil Int'l, Inc. v. OAO Gasprom*, 481 F.3d 309, 311 (5th Cir. 2007); *CMC Steel Fabricators, Inc. v. Franklin Inv. Corp.,* 2016 WL 3418974, at *1 (N.D. Tex. June 22, 2016) (holding plaintiff failed to make prima facie showing where defendants "The sum of [defendant's] contacts are that it operates a website that Texans might access to buy infringing products, has made two sales to [plaintiff's] counsel through this website, and has made one sale to a Texas resident unrelated to the website.").

20.     Indeed, this Court has determined that internet activity far beyond the sales of one or four novelty ornaments over a website to Texas residents was insufficient to establish personal jurisdiction. *See, e.g., Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 715 (N.D. Tex. 2012) (determining that neither general nor specific jurisdiction present where it was undisputed that defendant's website was "interactive" under *Mink*, defendants advertised and directly sold products to Texas residents over its website, defendant solicited students over the internet and allowed prospective students to submit their applications online, and defendant solicited monetary donations on its website and provided for the payment of those donations through its

website.). None of the Group A, B, or C Shan Defendants has the requisite minimum contacts under *Ainsworth* or *Mink*, and Plaintiff has not made *prima facie* showing otherwise.

### C. Exercising jurisdiction over the Shan Defendants would be unfair and substantially unjust.

21. As the Shan Defendants have already established, they lack minimum contacts with the forum sufficient to support personal jurisdiction, and thus the Court need not examine whether exercising specific jurisdiction over Appellee comports with "fair play and substantial justice." *Panda Brandywine Corp.,* 253 F.3d at 870; *Int'l Shoe Co.* However, such analysis further confirms the impropriety of exercising personal jurisdiction over the Shan Defendants. *Revell*.

#### i. The Shan Defendants are substantially burdened with having to litigating in this forum.

22. All Shan Defendants are located in various parts of the People's Republic of China approximately 8,000 miles away from this Court.[5] Exhibit 1; Declarations. Their principals, witnesses, records, and evidence would necessarily be located there, and no Shan Defendant has any presence in Texas. *Id*. The burden upon the Shan Defendants in having to litigate in a foreign Court thousands of miles away, produce discovery, attend depositions and potentially trial, is substantial and this factor weigh heavily in favor of the Shan Defendants. See, e.g., *Johnston*, 523 F.3d at 617 (5th Cir. 2008) ("[A] severe burden would be placed on MDS Canada if it is forced to defend itself in Texas. In addition to the regular burdens of defending oneself in a foreign legal system, MDS Canada would not have compulsory access to many of the witnesses and evidence necessary to defend itself."); *Gulf Consol. Servs., Inc. v. Corinth Pipeworks, S.A.,* 898 F.2d 1071, 1083 (5th Cir. 1990) (Greek corporation bore heavy burden litigating in Texas); *Ellicott Machine Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 475-76 (4th Cir. 1993) (heavy burden imposed on Australian defendant litigating in Maryland, where plaintiff was located).

---

[5] *See, e.g.*, https://www.airmilescalculator.com/distance/dfw-to-szx/

9

Compounding this transcontinental burden is the fact that Plaintiff has succeeded in freezing the Shan Defendants' financial accounts pursuant to the preliminary injunction. (ECF No. 81).

### *ii. Texas and the Plaintiff's interest in litigating in this form is negligible.*

23. Texas, of course, has an interest in adjudicating the action insofar as it seeks to ensure the economic health of its citizens and the fair resolution of their disputes. Likewise, Plaintiff, a Texas enterprise, is predictably interested in the convenience of litigating locally, with its local Texas counsel. However, these factors do not weight heavily in either party's favor because Texas law does not govern the parties' dispute over Plaintiff's rights under the U.S. Copyright Act. See, e.g., *Benton v. Cameco Corp.,* 375 F.3d 1070, 1079-80 (10th Cir. 2004) (even where defendant's minimum contacts present, due process offended by personal jurisdiction where Canadian defendants were brought before Colorado court interpreting Canadian law).

24. Plaintiff has not shown that Texas is the only forum in which it could pursue the defendants, and for a majority of the Shan Defendants the sales into Texas represent a small fraction of total sales. Exhibit 1. Further, the total offense suffered by Plaintiff in Texas is slight: among the 61 defendants, a total of nine (9) products were sold to Texas residents who weren't Plaintiff's investigator(s). Exhibit 1; Declarations.

### *iii. The present case is not the most efficient administration of justice.*

25. Considering the central, or perhaps nearly all, defendants in this case, including the Shan Defendants, are foreign, their remote and involvement in this forum makes adjudication of the controversy less than efficient. See, *Gatte v. Ready 4 A Change, LLC,* 2013 WL 123613, at *13 (W.D. La. Jan. 9, 2013), aff'd in part, rev'd in part on other grounds and remanded sub nom. *Gatte v. Dohm*, 574 F. App'x 327 (5th Cir. 2014); *Benton*. The Shan Defendants' witnesses and records are on the other side of the planet and litigation here is necessarily piecemeal and some

of the Shan Defendants are non-U.S. eBay storefronts which simply do not sell into the U.S. *RA Glob. Servs., Inc. v. Apps*, 2007 WL 4292780, at *7 (N.D. Tex. Dec. 6, 2007); Decl. Fan Yang[6]; Decl. Donge Jia[7]; *See also*, *Bearry*, 818 F.2d at 377 (Kansas had a stronger interest in the dispute than Texas as the defendant was located in Kansas and had an interest in the manner in which defendant conducted its general affairs). This factor weighs in favor of the Shan Defendants.

> iv. *The state's shared interest of further social policies does not warrant personal jurisdiction.*

26. Particularly where defendants are foreign nationals, the Court should be unwilling "to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum state." *Asahi*, 480 U.S. 112-13. As set forth above, the burdens upon the Shan Defendants litigating in this forum are substantial and serious whereas the interests of Texas and Plaintiff are minimal. Plaintiff's convenience in litigating in this forum should not be confused with whether such activity is an efficient adjudication of the dispute. On balance, the Burger King factors weigh against a showing that exercising personal jurisdiction over the Shan Defendants is either fair or just, and the Shan Defendants should be dismissed.

**D. The Court should deny Plaintiff's request for jurisdictional discovery.**

27. As set forth above Plaintiff has not made *prima facie* showing that personal jurisdiction is proper. "[W]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000); *GNL Ridglea, LLC v. Guang Dong Hailea Grp. Co.,* 2018 WL 5259657, at *4 (N.D. Tex. Oct. 5, 2018), report and recommendation adopted, No. 4:18-CV-00286-O-BP, 2018 WL 5256492 (N.D. Tex. Oct. 22, 2018).

---

[6] 391 AtlantaMart2005, 511 xxzfalcon849, 411 e1xytrep
[7] 390 Atlanta1816, 402 CincinatiStore, 423 globalfashion2010, 505 wishmart2014, 396 bodhi1998, 433 hongyinlon0, 413 eridu905, 414 eriophoroidesxx, 474 rockfoilcrabbh, 486 SZbhkei12, 516 yupaxxs, 460 Nannouth

11

28. The facts clearly establish that the Shan Defendants are all Chinese with no presence in the forum. Exhibit 1; Declarations. The Shan Defendants have already herein produced discovery concerning their sales of allegedly infringing goods. *Id*. The mere possibility for shipping products to Texas residents or doing so to Plaintiff's investigators cannot form the basis for personal jurisdiction over Shan Defendant Groups A or B. *Viahart*; *QR Spex*. Group C similarly does not have sufficient minimum contacts under *Ainsworth* or *Mink*, and under *Burger King* the Court's exercise of personal jurisdiction over any Shan Defendant would be unfair and unjust.

29. Parties seeking jurisdictional discovery must "identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629, 2012 U.S. Dist. LEXIS 4192, 2012 WL 104980, at *7 (N.D. Tex Jan. 11, 2012) (citing *Kelly*, 213 F.3d 841, 855 (5th Cir. 2000)). . However, Plaintiff requests, if the Court determines that personal jurisdiction does not exist with respect to any defendants, that the Court order the Marketplaces to "provide Plaintiff with (1) copies of all documents and records in each Marketplace's possession or control relating to Defendants' sales of any products to Texas, and with (2) copies of all documents and records in each Marketplace's possession or control relating to Defendants' sales of the Infringing Products to Texas." (ECF No. 93, p. 9.) For the latter request, the Shan Defendants have already provided this material. See, e.g., Exhibit 1; Declarations. For the former, the Shan Defendants' sales of products which do not concern the rights Plaintiff's is attempting to enforce in this case are irrelevant. *Bristol-Myers Squibb Co.,* 137 S. Ct. at 1781 (2017) (noting that "unconnected activities" in a state does not justify specific jurisdiction over a claim unrelated to that conduct); *Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys.,* L.L.C., 717 F. App'x 394, 399 (5th Cir.

2017); *Thornton v. Syny Logistics, Inc.,* 2020 WL 2850989, at *3 (N.D. Tex. June 1, 2020) (distinguishing defendant's activity in Texas and basis of plaintiff's claim).

30. Plaintiff's request - essentially, to conduct a "fishing expedition" - in light of the facts and material already produced by the Shan Defendants should be denied. *Stone Metals Am., LLC v. Eubank*, 2020 WL 6877704, at *4 (N.D. Tex. Nov. 5, 2020), report and recommendation adopted, No. 3:20-CV-253-K, 2020 WL 6873602 (N.D. Tex. Nov. 23, 2020).

## V.  CONCLUSION

Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over the Shan Defendants and burdensome intercontinental jurisdictional discovery is unwarranted. The Shan Defendants should be dismissed from the case.

Respectfully submitted this June 28, 2021.

| | |
|---|---|
| /s/Warren V. Norred, P.E. | Adam E. Urbanczyk |
| Warren V. Norred, P.E. | Au LLC |
| NORRED LAW, PLLC | 564 W. Randolph St. 2nd Fl. |
| 515 East Border Street | Chicago, IL 60661 |
| Arlington, Texas 76010 | adamu@au-llc.com |
| 817.704.3984 office | 312. 715.7312 |
| 817.524.6686 fax | ARDC: No. 6301067 |
| | Pro hac vice pending |

*Counsel for Shan Defendants*

CERTIFICATE OF SERVICE - This is to certify that I served the foregoing to opposing counsel and all others seeking service through the Court's ECF system on June 28, 2021.

/s/Warren V. Norred/
Warren Norred, SBN 24045094

13