IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| THE NAUGHTYS, LLC. | § | |
| *Plaintiff,* | § | |
| | § | Case No. 4:21-cv-00492 |
| v. | § | |
| | § | |
| DOES 1-580, | § | |
| *Defendants.* | § | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION TO DISSOLVE PRELIMINARY INJUNCTION AND LIFT
### ASSET RESTRAINT

**NOW COME** the Shan Defendants [1] ("Defendants"), to file this reply memorandum in support of their Motion to Dissolve Preliminary Injunction and Lift the Asset Restraint. In summary, the Shan Defendants would show the Court as follows:

Plaintiff has not properly effected service and is additionally under no threat of imminent harm which could warrant the injunction at issue. The Shan Defendants, in contrast, *are* harmed by having their assets frozen under an injunction that is both overbroad and secured by an inadequate bond.

---

[1] Following this Court's identification in Doc. No. 81: 560 yingli520, 561 yangsuiqwe, 575 aishengheji, 576 LiusaIuy, 532 Bakheng, 526 bismarck, 533 adriaticgo, 538 ashur80, 527 montgomery, 302 Shimigy, 220 COL beans, 232 milkcha, 342 PIKAqiu33, 256 cocounut, 285 Ikevan, 333 SurgicaL, 201 Clearance&100%quality,NyaKLI, 225 Fhci-HR, 355 who-canside 😎 90% Discount Fast Delivery😋, 313 much MUCHYOU ※ 90% Discount Cyber Monday※Direct, 226 Vdaye, 218 GJK-SION, 348 OFMWBN, 244 douk-Quite, 238 Chenjbo (Halloween clearance&Christm as clearance ), 221 Mariee, 189 Shan-s, 206 Debouor, 249 S5E5X, 250 xatos, 307 TBKOMH（👑2021 Golden Moment: Up to 80% off👑), 335 ZEFOTIM Big Promotion!!!, 367 GREFER, 412 easyshopping66, 391 AtlantaMart2005, 511 xxzfalcon849, 411 e1xytrep, 402 CincinatiStore, 423 globalfashion2010, 505 wishmart2014, 396 bodhi1998, 433 hongyinlon0, 413 eridu905, 390 Atlanta1816, 414 eriophoroidesxx, 474 rockfoilcrabbh, 486 SZbhkei12, 516 yupaxxs, 460 Nannouth, 443 KansasDeal, 426 GreatSpringfield, 501 watch_deal, 422 gilroy2012, 434 hotdeal320, 515 yishengmall2014, 395 bigbigshow2012, 406 Denver0806, 437 hutrsate51, 466 ppktjfa8612, 228 CO CO-US, 248 YHCWJZP, and 301 Hilyo.

### I. Plaintiff has not effectuated proper service of process.

1. "In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant". *Adv. Tech. Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), *citing*, *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007). However, a court cannot exercise jurisdiction over a defendant that is not properly served. *McGuire v. Sigma Coatings, Inc.,* 48 F.3d 902, 906-07 (5th Cir. 1995); *Enters. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985) ("A district Court has no power to grant an interlocutory or final injunction against a party it has not acquired valid jurisdiction").

2. Plaintiff's response fails to address the simple fact that the Shan Defendants have not been served with process via methods authorized by the Hague Convention or pursuant to this Court's Order issued July 2, 2021. *Prem Sales, LLC v. Guangdong Chigo Heating and Ventilation Equip. Co., Ltd.,* 494 F. Supp. 3d 404, 414 (N.D. Tex. 2020); Doc. No. 114. Plaintiff attempts to obfuscate this issue by simply claiming that they have emailed the Defendants via the email addresses provided by the online ecommerce marketplaces. Doc. No. 119 at 2. This action does not constitute proper service of process per this Court's Order, and service of process is a prerequisite to an enforceable preliminary injunction. Doc. No. 114 at 4; *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir. 1999); *Sangui Biotech*

*Intern., Inc. v. Kappes*, 179 F. Supp. 2d 1240, 1241 (D. Colo. 2002) (holding that district court did not have jurisdiction to enter preliminary injunction against foreign defendant because he had not yet been served with process under the provisions of the Hague Convention); see also the ruling in Minute Entry, Doc. 71 of *Pink Floyd (1987) Ltd. v. The P.Ships, et. al.*, No. 20-cv-07082 (N.D. Ill. 2021).

3. Plaintiff's response scantly states that "Plaintiff is now **attempting** to physically serve each of the Defendants per the Court's instruction." Doc. No. 119 at 2 (emphasis added). An "attempt" to serve with process is not serving with process. This Court indicated, in its July 2, 2021, Order, that "the Hague Convention requires that a plaintiff put forth reasonable diligence in attempting to discover defendant's address before they can circumvent the prescribed methods for service of process." Doc. No. 114 at 4; *Opella v. Rullan*, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011) (finding service of process improper as Plaintiff made no reasonably diligent effort to serve the defendant at their physical address).

4. Plaintiff's response has not detailed any of the "reasonably diligent" efforts it has undertaken to serve the Shan Defendants with process. Doc. No. 119. Accordingly, Plaintiff has failed to establish this Court's jurisdiction over the Shan Defendants rendering the preliminary injunction improper. *McGuire*, 48 F.3d at 906-07.

5. Serving the Shan Defendants with process is Plaintiff's burden. *Prem Sales*, 494 F. Supp. at 418-19. Rather than explain its efforts (or lack thereof) to conform to this Court's July 2, 2021, Order, Plaintiff ineffectively claims the Defendants have not provided the information requested by the Court in its Order granting the preliminary injunction. Doc. No. 119 at 3; Doc. No. 81 at 10. This is false. The Shan Defendants provided Plaintiff with the names of the Defendant storefronts owners/chief operators, Doc. No. 104-3, the list of accounts owned/operated, Doc. No. 104-3, and complete financial accounts of the defendant stores that were associated with the alleged infringing product. Doc. No. 104-3.

6. Plaintiff has also obtained the Shan Defendants physical addresses from the associated ecommerce marketplace platforms. Doc. No. 75-1. The Shan Defendants have all articulated clearly throughout the declarations of their respective store owners/operators[2] that these actions have been taken and the Shan Defendants efforts to conform to the Preliminary Injunction Order. Doc. No. 104-3; Doc. No. 81. Plaintiff has all the information it needs to affect proper service of process but has yet to actually do so.

---

[2] See Paragraphs 4, 7 to each of the Declarations of Yingli Li, Zhao Dan, Xic Huichang, Yali Niu, Luo Ningbo, Wu Rong, Xie Tong, Zhou Shixiong, Tan Long, Jiang Weijun, Xiaochao Liu, Fan Yang, Donge Jia, Xiaofeng Cheng, Huizhang Wang, Wu Shuqi, and Yanfang Zeng. Dkt. 114-3.

## II. Plaintiff has not faced any actual harm, but the Shan Defendants' funds remain frozen.

7. Plaintiff conclusorily reiterates that it is threatened with irreparable harm but ignores the substantive evidence the Shan Defendants have put forward indicating the contrary. The Shan Defendants have clearly demonstrated to Plaintiff and the Court that they have ceased selling or offering for sale the allegedly infringing products. Doc. No. 104-1 at ¶ 7; 104-3 at ¶¶ 4, 7.

8. The Shan Defendants acquiescence to cease selling the products at issue alleviates any prospective harm Plaintiff could possibly allege. Plaintiff's response asserts that these past actions have caused it irreparable harm but that is not the same as a **prospect** of irreparable harm that would warrant continuation of the preliminary injunction. *Optimus Steel, LLC v. U.S. Army Corps of Engineers*, 492 F. Supp. 3d 701, 725 (E.D. Tex. 2020), *citing*, *Aransas Project v. Shaw*, 775 F.3d 641, 664 (5th Cir. 2014) ("Injunctions are forward looking remedies that may be issued "only if future injury is certainly impending."). The irreparable harm required to support this Court's Preliminary Injunction no longer exists, and thus dissolution of the injunction is warranted. *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

9. Absent the actual prospect of irreparable harm, money damages would be available to satisfy Plaintiff should it prevail on the merits. *DFW Metro Line Servs. v. Southwestern Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) (per curiam)

("There can be no irreparable injury where money damages would adequately compensate a plaintiff."); see also *Daniel v. Power*, 2005 WL 8173719, at *2 (C.D. Ill. April 22, 2005) (same). Plaintiff argues that it would "be further irreparably harmed and unable to recover if the accounts used to profit from the sale of the alleged Infringing Products (the "Accounts") are not frozen pending final judgment." Doc. No. 119 at 4. This is false.

10. First, many of the Shan Defendants never sold a single unit of the alleged infringing product that Plaintiff is asserting copyright ownership. Doc. No. 104-3, Declarations of Yingli Li, Donge Jia, and Xiaofeng Cheng. The "profits" the Shan Defendants have collected from the alleged sales is proportionally minuscule to the total funds now frozen in the Defendants accounts. 104-1 at ¶ 14. Second, as this Court observed previously, Plaintiff has an adequate remedy of money damages available to it if it were to hypothetically prevail on the merits of this case. Doc. No. 81 at 6; <u>DFW</u>, 901 F.2d at 1269. The Shan Defendants have agreed to cease selling or offering for sale the alleged infringing products and they have assured that their respective assets will not be drained. Doc. No. 104-3.

11. Unable to negate this reality, Plaintiff relies on two irrelevant and/or inconsequential arguments to manufacture some prospect of potential irreparable harm. First, Plaintiff distractingly cites a statement made by a presumed attorney "Jesun" - who does not represent the Shan Defendants - that one of the Shan

Defendants online storefront assets was "reducing". Doc. No. 119 at 4; Doc. No. 75-5. This is incorrect as the actual owner of the online storefront, Jiang Weijun, has expressly testified that he has not attempted or threated to reduce assets contained within the storefront. Doc. No. 104-3, p. 160 at ¶ 8.

12. For context, the storefront operated by Jiang Weijun that Plaintiff has referenced sold only one (1) of the allegedly infringing products for $3.99. Doc. No. 104-3 at p. 159 at ¶ 5. Second, Plaintiff references four Defendants[3] in this case - none of which are affiliated with the Shan Defendants - alleging that they have "drained" their online eBay accounts in defiance of the TRO. Doc. No. 120-2 at ¶ 5. This is wholly irrelevant as it does nothing to negate the representations made by the Shan Defendants that they will preserve their assets. Doc. No. 104-3.

13. Based on this specious representation of a rogue "attorney" and alleged actions of unrelated defendants, Plaintiff sweepingly declares it shall suffer irreparable harm necessitating a preliminary injunction and asset restraint as to all Shan Defendants. Doc. No. 119 at 5.

14. These speculative fears are insufficient to establish an actual prospect of irreparable harm. *PaineWebber Inc. v. Can Am Fin. Grp., Ltd.,* 1987 WL 16012, *1-2 (N.D. Ill. Aug. 19, 1987) (denying plaintiff's request for injunctive relief arguing plaintiff's "fear" that the defendants would liquidate assets prior to final

---

[3] Does 388, 389, 476, and 477, none of which are the Shan Defendants.

judgement is insufficient); see also, 11 C. Wright & A. Miller, Federal Practice & Procedure § 2952 (1973). ("Plaintiff must demonstrate that there is a real danger that the act complained of actually will take place. There must be more than a mere possibility or fear that the injury will occur.").

15. Plaintiff's assumption is clearly overbroad. In reality, Plaintiff faces little to no prospect of irreparable harm and it should not be allowed to impose an injunction on all of the Shan Defendants (restraining $1.3 million worth of assets) based on questionable representations from unreliable sources and mere speculation as to the behavior of unrelated defendants.

16. As stated in their opening brief, the balance of harms strongly favors the Shan Defendants and dissolving the preliminary injunction. *Nat'l Football League Properties v. Playoff Corp.,* 808 F. Supp. 1288, 1295 (N.D. Tex. 1992) ("Where the defendant's likely harm if the injunction is granted is equal to or greater than any injury threatened by defendant's conduct, injunctive relief is generally denied"). The restraint on the Shan Defendants collective assets continues to cripple their ability to conduct business, invest in new economic ventures, or generate additional revenue/profits. Declarations at Doc. No. 104-3 at ¶ 6.

17. The continuation of the preliminary injunction severely harms the Shan Defendants whereas the Plaintiff, as discussed *supra*, faces no actual prospect of irreparable harm. Plaintiff cannot rely on mere speculation to justify the

continuation of the injunction. *Daniels Health Sciences, LLC v. Vascular Health Servs., LLC*, 710 F.3d 579, 585 (5th Cir. 2013) ("speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."), quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).

18. If Plaintiff cannot establish the prospect of irreparable harm, injunctive relief should be denied regardless of the public interest. *Mississippi Power & Light Co. v. Union Gas Pipe Line Co.*, 760 F.2d 618, 632-33 (5th Cir. 1985). Plaintiff argues that "there is a public interest in preserving rights provided by federal copyright law, as the public expects laws passed by Congress to be enforced". Doc. No. 119 at 5.

19. While true, the fact that the Shan Defendants have agreed to cease offering the alleged infringing product negates any concern of protecting the public from any allegedly infringing products/material as well as any prospect of irreparable harm. *Mississippi Power*, 760 F.2d at 632 ("Absent adequate showing of irreparable injury to plaintiffs, a "finding of irreparable injury to the community" does not suffice to sustain a preliminary injunction."), citing, *Holly Sugar Corp. v. Goshen County Co-op. Beet Growers Ass'n*, 725 F.2d 564 (10th Cir. 1984). The injunction should be dissolved as it no longer protects Plaintiff from any reasonable prospect of irreparable harm and any marginal benefit to the public

interest is insufficient to warrant the extraordinary relief of a preliminary injunction. *Mississippi Power*, 760 F.2d at 632.

### III. The asset restraint is unquestionably overbroad.

20. Plaintiff's response fails to justify the unquestionable reality that the asset restraint imposed on the Shan Defendants per the preliminary injunction is overbroad. Prejudgment asset restraints are limited to cases seeking equitable relief, where they are narrowly drawn "to sequester only those funds necessary to satisfy the potential judgment." *Animale Grp. Inc. v. Sunny's Perfume Inc.,* 256 F. App'x 707, 708 (5th Cir. 2007), quoting, *Deckert v. Independence Shares, Corp.,* 311, U.S. 282, 289-91 (1940).

21. Plaintiff primarily argues that it is seeking statutory damages under 17 U.S.C. 504(c)(1)-(2) that would theoretically entitle it to damages in the maximum amount of $30,000 for each work. Doc. No. 119 at 7. However, Plaintiff's request for statutory damages is not an equitable remedy but instead a claim for money damages.

22. This Court cannot freeze or restrain the Shan Defendants' assets or hold them in abeyance for an award of statutory monetary damages under 17 U.S.C. § 504(c). *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) ("Because such a remedy was historically unavailable from a court of equity, we hold that the District Court had no authority to issue a preliminary

injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages."; see also, *Tiffany (NJ) LLC v. QI Andrew*, 2015 WL 3701602, at *11 (S.D.N.Y. June 15, 2015), citing, *Klipsch Grp., Inc. v. Big Box Store, Ltd.*, 2012 WL 4901407, at *2 (S.D.N.Y. Oct. 11, 2012) ("Courts in this district have focused on freezing assets to preserve the equitable remedies of a return of lost profits and an accounting, not statutory damages.").

23. Statutory damages are not equitable in nature, and no asset restraint may issue to guarantee a prospective statutory damages award. *Csc Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (indicating that an asset restraint is improper because statutory money damages are not equitable relief). Accordingly, any prejudgment asset freeze should be limited to amounts that the Plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits. Doc. No. 104-1 at ¶ 12; *Cengage Learning, Inc. v. Doe 1*, 2018 WL 2244461, at *3 (S.D.N.Y. Jan. 17, 2018).

24. The Shan Defendants have approximately $1.3 million worth of assets currently frozen whereas they have only generated approximately $6,505.13 in revenue from sales of the alleged infringing products. Doc. No. 104-3 ¶ 5. The amount of any asset restraint on the Shan Defendants' accounts should be reduced to, at most, the revenue from the Shan Defendants' account's respective sales of

allegedly infringing products, as this Court required for the "Li Defendants". Doc. No. 65-1; Doc. No. 81. This amount would properly provide an adequate equitable remedy for the Plaintiff should it be found to prevail on the merits of this case.

### IV. At a minimum, the bond should be increased.

25.  "The purpose of requiring security prior to issuance of an injunction or a temporary restraining order is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained." 13 Moore's Federal Practice (3d. ed.1997) at 65-94.1. Plaintiff cannot reasonably argue that the $1,000 bond is adequate security for the Shan Defendants, who personally have approximately $1.3 million in assets frozen as a result of Plaintiff's injunction.

26.  Plaintiff's response lazily concludes that the $1,000 bond is appropriate because "none of the Defendants were, or will ever be found to have been, wrongfully enjoined." Doc. No. 119 at 9. This is woefully conclusory and circular as Plaintiff cannot simply declare himself victorious on the merits of the case to justify avoiding posting a bond that is adequate. *O Centro Espirita Beneficiente v. Ashcroft*, 389 F.3d 973, 1017 (10th Cir. 2004) ("plaintiffs have incentives to seek injunctions not only to avert irreparable harm to themselves, but also to impose costs on the other party."); see also *Petro Franchise Sys., LLC v. All Am. Properties, Inc.,* 607 F. Supp. 2d 781, 802 (W.D. Tex. 2009) (ordering the plaintiff

to post a bond of $25,000 even though it believed plaintiff to have a high likelihood of success on the merits).

27. Plaintiff falsely states that the Shan Defendants have not "denied" infringement of the Plaintiff's Registrations and that, therefore, the injunctive relief cannot ever be deemed "wrongful". Doc. No. 119 at 9. The Shan Defendants have not made this admission in any of their declarations or filings. Doc. No. 104-3.

28. The Shan Defendants expressly contend that this injunction is improper and reserves all rights and remedies to insist that they have been wrongfully enjoined or restrained by the injunctive relief secured by Plaintiff. "The bond "is the limit of the damages the defendant can obtain for a wrongful injunction…provided the plaintiff was acting in good faith."" *Continuum Co., Inc. v. Incepts, Inc.,* 873 F.2d 801, 803 (5th Cir. 1989).

29. Accordingly, the Shan Defendants are entitled to a bond that is proportionate to the damages incurred as a result of Plaintiff's injunction. *Commerce Tankers Corp. v. Nat'l Mar. Union of Am., AFL-CIO,* 553 F.2d 793, 800 (2d Cir. 1977).

30. The Shan Defendants request a bond in the amount of $5,000,000 on the basis that a prolonged preliminary injunction would cause hundreds of online ecommerce storefronts to forego revenue and profit generation for months, potentially years, as the parties await an eventual resolution on the merits of this case at either summary disposition or trial. *SMC Corp., Ltd. v. Lockjaw, LLC*, 481

F.Supp.2d 918, 930 (N.D. Ill., 2007) (setting the bond at defendants reasonably expected lost profits in the event the injunction is determined to have been entered wrongfully).

## Conclusion

The Court does not have sufficient jurisdiction over the Shan Defendants to impose and enforce the preliminary injunction, and thus it should be dissolved. At a minimum, the Court should reduce the scope of the now-unlimited asset restraint - seizing nearly $1.3 million dollars of the Shan Defendants' money - to reflect only to what Plaintiff may be entitled from each Shan Defendant under principles of equity.

Dated this July 29, 2021.

Respectfully Submitted,

/s/Warren V. Norred, P.E.
Warren V. Norred, P.E.
NORRED LAW, PLLC
515 East Border Street
Arlington, Texas 76010
817.704.3984 office
817.524.6686 fax
*Counsel for Shan Defendants*

**CERTIFICATE OF SERVICE -** I certify that a copy of the attached document was served upon Plaintiff's counsel via the court's e-file system on July 29, 2021.

<u>/s/ Warren V. Norred</u>
Warren V. Norred