IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE NAUGHTYS, LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:21-cv-00492-O |
| DOE 242 ("Wu Lian Yun"), d/b/a KUERQI | § § § | |
| Defendant. | § § § § § | |

**<u>ORDER</u>**

Before the Court are the Defendant's Motion to Dismiss (ECF No. 17), filed April 28, 2021; Plaintiff's Response (ECF No. 47), filed May 19, 2021; and Defendant's Reply (ECF No. 66), filed May 24, 2021.

Defendant Kuerqi alleges that it is not subject to personal jurisdiction in Texas. Mot. 2, ECF No. 17. It argues that "even if the [P]laintiff had placed the order and received involved goods, it is still not enough to establish [] personal jurisdiction . . . ." *Id.* at 2–3. In other words, there is insufficient evidence that Defendant "targeted" Texas consumers. *Id.*

On November 19, 2021, the United States Court of Appeals for the Fifth Circuit published an opinion in *Admar International v. Eastrock, LLC*. *See* No. 21-30098 (5th Cir. Nov. 19. 2021). The court concluded that "[m]erely running a website that is accessible in the forum state does not constitute purposeful availment." *Id.* at 7. Likewise, shipping one accused product to the state in question was insufficient to establish minimum contacts with the forum. *Id.* at 3.

In light of this decision, the Court requires additional briefing to rule on Defendants' motion and hereby **ORDERS** the parties to address whether Defendant's activities satisfy the "minimum contacts" requirement. Plaintiff must file no later than **December 1, 2021**, and Defendant must respond no later than **December 6, 2021.**

**SO ORDERED on this 22nd day of November, 2021.**

                                           _____
                                           Reed O'Connor
                                           UNITED STATES DISTRICT JUDGE