IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THE NAUGHTYS LLC § | |
| § | |
| V. § | CIVIL ACTION NO. 4:21-CV-492-O |
| § | |
| DOES 1-580 § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Pending before the Court is Plaintiff's Motion for Default Judgment and Permanent Injunction ("Motion for Default Judgment") [doc. 197], filed May 31, 2022. Having carefully considered the motion, relevant documents, the evidence presented at the hearing on August 25, 2022, and the information presented thereafter, the Court recommends that Plaintiff's motion be **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

In the Motion for Default Judgment, Plaintiff moves for an order of default judgment against the remaining 263 Defendants (which did not include Does 30 and 72 because they had recently filed motions to dismiss) listed in Exhibit 1, which is attached to the motion [doc. 197-2]. (Plaintiff's Motion for Default Judgment ("Pl.'s Mot.") at 1.) Plaintiff requests an award of the maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) against each defaulting Defendant in the amount of $300,000 and a finding that each Defendant acted willfully. (Pl.'s Mot. at 16-21.) Plaintiff also requests an award of its reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505. (*Id.* at 21.) Between the filing of the motion and August 25, 2022, Plaintiffs dismissed Does 29, 30, 50, 55, 72, 120, and 149 from the case, leaving 258 Defendants in this case. In response to a Court order dated July 14, 2022, Plaintiff, on August 22, 2022, filed a Report on Defaulting Defendant Categories ("Report") [doc. 204]. In the Report, Plaintiff set forth the following five categories of Defendants:

1

- Category 1: Defendants who promoted, advertised, marketed, and offered for sale the Infringing Products on an Infringing Webstore; and any reported sales and shipments of which Plaintiff is aware were procured by Plaintiff or an investigator hired by Plaintiff (43 Defendants in total).[1]

- Category 2: Defendants who actually sold and shipped one or more Infringing Products to one or more buyers in Texas who were not Plaintiff or an investigator fired by Plaintiff (2 Defendants in total).

- Category 3: Defendants who actually sold and shipped one or more Infringing Products to one or more buyers outside of Texas that were not Plaintiff or an investigator hired by Plaintiff (20 Defendants in total).

- Category 4: Defendants whose sale and shipment information regarding the infringing Products is yet unknown to Plaintiff, notwithstanding repeated requests and subpoenas served on the Marketplaces (187 Defendants in total).

- Category 5: Defendants who signed a confidential settlement agreement with Plaintiff, yet have not paid the agreed settlement amount and therefore have yet to be dismissed from this action (6 Defendants in total).

Attached to the Report is an Exhibit containing a chart that lists all Defendants in each category and other relevant information ("Exhibit 1 to Report") [doc. 204-2].

The Court held a hearing on Plaintiff's motion on August 25, 2022. At the conclusion of the hearing, the Court ordered Plaintiff to file a supplement to address and clarify four areas in which the Court needed additional information based on information presented in the motion or at the hearing. Thereafter, on September 2, 2022, Plaintiff filed a Supplement to Default Judgment Hearing ("Supplement") [doc. 206], setting forth the following: (1) as to Defendants in Category 2, information showing that Doe 477 sold one Infringing Product to a buyer in San Antonio, Texas on November 30, 2022 and that Doe 567 sold three products in 2021 to buyers in Texas; (2) as to Defendants in Category 3, a chart [doc. 206-1] setting forth the twenty Defendants listed in such category and the exact number of Infringing Products that were sold to

---

[1] With the dismissal of Doe 495 on September 13, 2022, the total number of Defendants in this category is now 42.

2

one or more buyers outside of Texas that were not Plaintiff or an investigator hired by Plaintiff, the physical address of such buyers, and other relevant information so as to satisfy personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 4(k)(2);[2] (3) as to Defendants in Category 5, information showing what Category each Defendant that signed a confidential settlement agreement with Plaintiff but has failed to pay would have fallen under but for the existence of each Defendant's signed settlement agreement; and (4) clarification that a total of 258 Defendants remain in this matter and that Exhibit 1 to Report is an accurate listing of such Defendants.[3] In addition, Plaintiff "provide[d] an accounting of Plaintiff's attorneys' fees and costs expended to-date to prosecute this case" and a declaration of Plaintiff's attorney, James H. Creedon, requesting an award of attorney's fees in the amount of $169,296 and costs of $4,732.15 from Defendants, jointly and severally. (Pl.'s Supplement at 4 [doc. 206].) Also, Plaintiff requested that "the Court authorize the return of its $1,000 bond payment in this matter." (*Id.*)

The Court notes that it has an "affirmative duty to look into its jurisdiction both over the subject matter and the parties" before granting a motion for a default judgment, because "a judgment entered without personal jurisdiction is void." *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 2d. 784, 791 (E.D. La. 2013) (internal quotations and citations omitted); *see Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir.2001) ("[A] district court has a duty to assure that it has the power to enter a valid default judgment" and "commit[s] no error in raising the issue of personal jurisdiction *sua sponte*.") In the

---

[2] According to the chart to the Supplement [doc. 206-1], each of the twenty Defendants in Category 3 sold between one and seventeen Infringing Products to buyers outside of Texas (but located in the United States) that were not Plaintiff or an investigator hired by Plaintiff.

[3] The Court notes that Doe 495 was dismissed on September 13, 2022; thus, 257 Defendants now remain in this matter.

3

Findings, Conclusions, and Recommendation Regarding Defendant Doe 242's Motion to Dismiss Plaintiff's Complaint issued by the undersigned on March 3, 2022,[4] the Court carefully analyzed the issue of whether it had personal jurisdiction over Doe 242. In finding that it did not have personal jurisdiction over Doe 242, the Court noted that the following evidence presented by Plaintiff was NOT enough to give the Court specific personal jurisdiction over Doe 242: (1) evidence that "Defendant Doe 242 promoted, advertised, marketed, and offered for sale allegedly Infringing Products on Amazon.com, which indicated, presumably because the potential buyer was located in Texas, that such products could be shipped to Texas;" (2) evidence that "Plaintiff authorized, through itself or some sort of investigator or agent, the purchase of an Infringing Product from Doe 242;" and (3) evidence that "Doe 242 did, in fact, ship an Infringing Product to Texas and that product was delivered to an address in Texas." The Court further stated, "Doe 242 stands in stark contrast to a seller that is located in a foreign country and actually sold and shipped one or more allegedly Infringing Products on any of the Marketplaces to one or more buyers in Texas that were not Plaintiff or Plaintiff's investigator." The Court also set forth why it did not have jurisdiction over Doe 242 pursuant to Rule 4(k)(2), noting that the evidence "failed to establish any ties that Doe 242 has with any other state beyond the one sale of the allegedly infringing product to Plaintiff or Plaintiff's investigator."

Based on this analysis, the Court finds and concludes that, with regard to Plaintiff's Motion for Default Judgment and Permanent Injunction, it does have personal jurisdiction over the following Defendants listed in Exhibit 1 to Report [doc. 204-2]: (1) the two Defendants set forth in Category 2; (2) the twenty Defendants in Category 3 pursuant to Rule 4(k)(2); (3) the 187 Defendants listed in Category 4 as the evidence indicates Plaintiff served such Defendants in

---

[4] The Court incorporates by reference its March 3, 2022 Findings, Conclusions, and Recommendation Regarding Doe 242's Motion to Dismiss Plaintiff's Complaint [doc. 185], which was adopted by the District Court Judge in an order dated March 17, 2022 [doc. 188].

4

accordance with the Court's Order granting Plaintiff's Renewed Motion for Alternative Service via email and website publication and none of the Defendants filed a responsive pleading;[5] (3) and the six Defendants in Category 5 (as they all appeared, signed a confidential settlement agreement, and did not contest personal jurisdiction). The Court also finds and concludes that it does not have personal jurisdiction over the forty-two Defendants listed in Category 1. (*See* Exhibit 1 to Report [doc. 204-2].) As a result, the Court recommends that Plaintiff's Motion for Default Judgment and Permanent Injunction be **GRANTED** as to Defendant Does listed in Categories 2, 3, 4, and 5 as set forth in Exhibit 1 to Report. The Court further recommends that Plaintiff's Motion for Default Judgment and Permanent Injunction be **DENIED** as to Defendant Does listed in Category 1 as set forth in Exhibit 1 to Report [doc. 204-2].

Furthermore, pursuant to 17 U.S.C. § 504(c)(2) and based on the information presented in Plaintiff's motion and at the hearing regarding the two copyrights at issue, the Court finds, concludes, and recommends that Plaintiff should be awarded statutory damages from each defaulting Defendant in the amount of $300,000.00 ($150,000 per copyright violation) for willfully using, displaying, distributing, offering for sale, and selling the Infringing Products through the Infringing Webstores. In addition, the Court, based on the declaration of James Creedon, Plaintiff's attorney, and the attached invoices [doc. 206-2], finds, concludes, and recommends that Plaintiff's request for an award of attorneys' fees in the amount of $169,296.00 and costs of $4732.15 against the Defendants, jointly and severally, should be granted. Furthermore, the Court finds, concludes, and recommends that Plaintiff's bond payment under Federal Rule of Civil Procedure 65 in the amount of $1,000 be returned to Plaintiff.

---

[5] Plaintiffs made multiple attempts to obtain information from the Marketplaces regarding all sales information relating to the Infringing Products. However, with the exception of eBay, it appears that the "Marketplaces failed to meaningfully comply with the ordered discovery." (Plaintiff's Supplement at 2-3.)

## RECOMMENDATION

It is recommended that the Plaintiff's Motion and Default Judgment and Permanent Injunction [doc. 97] be **PARTIALLY DENIED** and **PARTIALLY GRANTED** as set forth above.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections by 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 28, 2022**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections

are filed and the opposing party chooses to file a response, the response shall be file within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket for the United States District Judge.

SIGNED September 14, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE